Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfim.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CLEVELAND CONSTANTINE
BROWNE, an individual; ANIKA
JOHNSON as personal representative of
the Estate of WYCLIFFE JOHNSON,
deceased; and STEELY & CLEVIE
PRODUCTIONS LTD.,

Plaintiffs,

v.

RODNEY SEBASTIAN CLARK
DONALDS, *et al.*

Defendants.

Case No.: 2:21-cv-02840-AB-AFM
*Hon. André Birotte Jr. Presiding*

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO
CONSOLIDATE THE FOLLOWING
DISTRICT OF CALIFORNIA
ACTIONS:**

**(i)   CLEVELAND CONSTANTINE
BROWNE ET AL. V. RODNEY
SEBASTIAN CLARK DONALDS ET
AL., CASE NO. 2:21-cv-02840-AB-
AFM
(ii)   CLEVELAND CONSTANTINE
BROWNE ET AL. V. LUIS
ALFONSO RODRIGUEZ LOPEZ-
CEPERO ET AL., CASE NO. 2:21-cv-
08295-AB-AFM
(iii)   CLEVELAND CONSTANTINE
BROWNE ET AL. V. RAMON LUIS
AYALA RODRIGUEZ ET AL., CASE
NO. 2:22-cv-03827-AB-AFM**

Date: July 15, 2022
Time: 10:00 a.m.
Courtroom: 7B

# **TABLE OF CONTENTS**

I.    INTRODUCTION………………………………………………………..1

II.   FACTUAL BACKGROUND AND PROCEDURAL

      HISTORY……………………………………………………………..…1

      A. Browne et al. v. Rodney Sebastian Clark Donalds et al……………...1

      B. Browne et al. v. Rodriguez Lopez-Cepero et al…………………………2

      C. Browne et al. v. Ayala Rodriguez et al…………………………………2

III.  LEGAL ARGUMENT……………………………………………………3

      A. Legal Standard……………………………………………………..…3

      B. The motion should be denied because it is brought to

         late and seeks to strip Plaintiffs of their right to decide

         the manner in which to pursue their claims……………………………4

      C. Consolidation would delay the El Chombo and Luis

         Fonsi Matters…………………………………………………………5

      D. Consolidation would lead to confusion, burden and

         prejudice………………………………………………………………6

      E. Consolidation would lead to little conservation of

         resources……………………………………………………………10

      F. The common issues are not central to the resolution

         of the cases………………………………………………………..11

IV.   CONSOLIDATION SHOULD NOT EXTEND TO TRIAL…………………13

V.    CONCLUSION……………………………………………………13

# <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Adobe Sys. Inc. v. A & S Elecs., Inc.*,
 2016 WL 9105173 (N.D. Cal. Oct. 13, 2016)......................................................6, 12

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
 2007 WL 2669531 (S.D. Cal. Sept. 7, 2007) ...........................................................6

*Chlopek v. Federal Ins. Co.*,
 499 F.3d 692 (7th Cir. 2007)......................................................................................6

*Collins v. City & Cnty. of S.F.*,
 2014 WL 5322177 (N.D. Cal. Oct. 24, 2014) ........................................................10

*Evraz Inv. N.A. v. Travelers Indem. Co.*,
 2013 WL 6241984 (D. Or. Dec. 3, 2013) ...............................................................11

*Flintkote Co. v. Allis-Chalmers Corp.*,
 73 F.R.D. 463 (S.D.N.Y. 1977) .................................................................................7

*Glass v. Intel Corp.*,
 2007 WL 2265663 (D.Ariz. Aug. 6, 2007) ..............................................................5

*Grocers Baking Co. v. Sigler*,
 132 F.2d 498 (6th Cir. 1942) ....................................................................................4

*Huene v. United States*,
 743 F.2d 703 (9th Cir.1984).....................................................................................10

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
 877 F.2d 777 (9th Cir.1989).................................................................................3, 4

*Klauber Bros., Inc. v. Forever 21 Retail, Inc.*,
 2015 WL 12720307 (C.D. Cal. Apr. 9, 2015)..................................................4, 9, 12

*Lewis v. City of Fresno*,
 2009 WL 1948918 (E.D. Cal. July 6, 2009) ............................................................5

*Malcolm v. National Gypsum Co.*,
 995 F.2d 346 (2nd Cir. 1993)....................................................................................6

*Mills v. Beech Aircraft Corp.*,
 886 F.2d 758 (5th Cir. 1989) ....................................................................................4

*Molever v. Levenson*,
 539 F.2d 996 (4th Cir. 1976)....................................................................................11

*Newmark v. Turner Broadcasting Network*,
 226 F. Supp. 2d 1215 (C.D. Cal. 2002)...................................................................13

*Olaplex LLC v. Groupon, Inc.*,
 2019 WL 9042542 (C.D. Cal. Apr. 19, 2019)......................................................7, 12

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
 572 U.S. 663, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014) .......................................4

*Shump v. Balka*,
  574 F.2d 1341(10th Cir. 1978) ............................................................................ 11

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
  495 F. Supp. 2d 1052 (S.D. Cal. 2007) ................................................................ 5

*Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*,
  647 F.2d 200 (D.C. Cir. 1981) ............................................................................... 4

*Takeda v. Turbodyne Techs., Inc.*,
  67 F.Supp.2d 1129 (C.D.Cal.1999) ...................................................................... 3

*Three Boys Music Corp. v. Bolton*,
  212 F.3d 477 (9th Cir. 2000) .................................................................................. 7

*U.S. Rubber Recycling, Inc. v. Encore Intern., Inc.*,
  2011 WL 311014 (C.D. Cal. 2011) ........................................................................ 5

*Wells v. Universal Pictures Co.*,
  166 F.2d 690 (2d Cir. 1948) ................................................................................... 4

Rules

Fed. R. Civ. P. 42(a) ................................................................................................ 3
Fed. R. Civ. P. 42(b) .............................................................................................. 13

Other Authorities

9 C. Wright & A. Miller, Federal Practice and Procedure § 2383 (1971) ............. 3
Federal Civil Procedure Before Trial, Ch. 16-C (2015) ......................................... 4

## I.   __INTRODUCTION__

This motion should be denied because consolidation, as urged by movants, will prejudice Plaintiffs, delay these proceedings, and result in an undue burden on the court and jury. Defendants Sony Music Entertainment, Universal Music Publishing, Inc. and Warner Chappell Music, Inc. (collectively "Movants") waited too long to move to consolidate and now fail to meet their burden of establishing that the benefits of judicial economy and convenience warrant consolidation of the related cases. To the contrary, consolidation would significantly prejudice Plaintiffs and delay this proceeding, which was filed over a year prior to the most recent case within the purview of this motion. Denial is appropriate here.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.   *Browne et al. v. Rodney Sebastian Clark Donalds et al.*

Plaintiffs Cleveland Constantine Browne, p/k/a "Clevie," Anika Johnson on behalf of the Estate of Wycliffe Anthony Johnson, p/k/a "Steely", and Steely and Clevie Productions Ltd. filed this action and others to protect and enforce their copyright in their original work *Fish Market* which has been infringed by a large number of artists primarily in the Reggaeton music genre. Their first effort to enforce their rights in court occurred on April 1, 2021 when Plaintiffs filed the instant lawsuit against the artist Rodney Sebastian Clark p/k/a El Chombo whose hit song *Dame tu Cosita* and its accompanying remix is substantially similar to and a copy of *Fish Market* (the "El Chombo Matter")*.* This case, captioned *Cleveland Constantine Browne et al. v. Rodney Sebastian Clark Donalds et al.* Case No. 2:21-cv-02840-AB-AFM, named 15 defendants for their involvement in the creation and exploitation of the infringing song *Dame tu Cosita* and its accompanying remix. Of these defendants, six are individuals who wrote, performed on, produced, or were featured on *Dame tu Cosita* and its Remix. The remaining entity defendants are record labels and music publishers involved in the distribution and exploitation of the infringing song.

B.    *Browne et al. v. Rodriguez Lopez-Cepero et al.*

On October 18, 2021, six months after the initiation of the El Chombo Matter, Plaintiffs filed a second lawsuit to enforce their rights in *Fish Market,* this time naming the artist Luis Fonsi (the "Luis Fonsi Matter") for his unlawful exploitation and reproduction of *Fish Market* in 10 separate songs. This case, captioned *Cleveland Constantine Browne et al. v. Rodriguez Lopez-Cepero* Case No. 2:21-cv-08295-AB-AFM, named a total of 24 defendants. The Luis Fonsi Matter involves 16 new individual defendants none of whom were named in the El Chombo Matter and eight entity defendants only three of whom were named in the El Chombo Matter. The remaining defendants are record labels and music publishers involved in the exploitation of the infringing songs. Only three of the defendants named in the El Chombo Matter are also named in the Luis Fonsi Matter.

C.    *Browne et al. v. Ayala Rodriguez et al.*

Most recently, on May 16, 2022 over a year after the initiation of the El Chombo Matter, Plaintiffs filed a third lawsuit primarily against Ramon Luis Ayala Rodiguez p/k/a Daddy Yankee (the "Daddy Yankee Matter") for his use and reproduction of *Fish Market* in 44 different works. The Daddy Yankee Matter, captioned *Cleveland Constantine Browne et al. v. Ayala Rodriguez* Case No. 2:22-cv-03827-AB-AFM, named a total of 28 defendants. The Daddy Yankee Matter names 15 new individual defendants from the Luis Fonsi Matter and 18 distinct individual defendants from the El Chombo Matter. Meaning only three individual defendants are shared between the Luis Fonsi Matter and the Daddy Yankee Matter and none are shared with the El Chombo Matter. The Daddy Yankee Matter also names 10 entity defendants of which only three are shared between all three matters and six are shared between only the Daddy Yankee Matter and Luis Fonsi Matter. Only three of this large number of defendants are named in all three cases.

1  Each case addresses a particular category of infringement. While there may be
2  a small overlap in parties, there are significant distinctions between the actions, each
3  of which address entirely different songs created and distributed by different artists.
4  Movants attempt to make light of the major distinctions between these cases, but the
5  differences will impact the trajectory of the litigation and eventual trial should the
6  cases be consolidated. Movants state that the sole distinction between the matters is
7  the list of works and the corresponding inclusion of additional defendants as though
8  those are not the most crucial and significant aspects of any litigation. Movant's
9  Motion at 3:25-28. In reality, the only common elements of the three cases are the
10  named Plaintiffs and *Fish Market*, the work at issue.

11  **III.    LEGAL ARGUMENT**

12  **A.    Legal standard**

13  Pursuant to Federal Rule of Civil Procedure 42(a), a district court may
14  consolidate actions that involve common questions of law and fact. *Investors*
15  *Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th
16  Cir.1989). However, "the mere fact that a common question is present, and
17  consolidation therefore is permissible under Rule 42(a), does not mean that the trial
18  court judge must order consolidation." 9 C. Wright & A. Miller, Federal Practice and
19  Procedure § 2383 (1971). Consolidation under FRCP 42(a) therefore is discretionary,
20  and courts may and regularly do decide not to consolidate cases for a variety of
21  reasons. Id. Such reasons include if the common issue is not central to resolution of
22  each of the cases, if consolidation would delay any of the cases, or if consolidation
23  would lead to confusion or prejudice in the management or trial of any of the cases.
24  Id.; see also *Takeda v. Turbodyne Techs., Inc.,* 67 F.Supp.2d 1129, 1132
25  (C.D.Cal.1999) ("[I]n deciding whether to consolidate actions under Rule 42(a), a
26  court must balance the savings of time and effort consolidation will produce against
27  any inconvenience, delay, confusion, or prejudice that may result.")

28

**B.    The motion should be denied because it is brought to late and seeks to strip Plaintiffs of their right to decide the manner in which to pursue their claims**

Movants waited *eight months* after Plaintiffs filed the second case related to *Fish Market* to file this motion, which is alone sufficient to deny the relief sought. "Delay in seeking consolidation is a common ground for denial." *Klauber Bros., Inc. v. Forever 21 Retail, Inc.*, No. CV 14-2148 DMG (JCX), 2015 WL 12720307, at *2 (C.D. Cal. Apr. 9, 2015), citing Cal. Prac. Guide, Federal Civil Procedure Before Trial, Ch. 16-C (2015). Further, the three cases are in radically different stages of development and consolidation may be denied where the cases involved are at different stages of preparedness for trial. *Id*. citing *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 762 (5th Cir. 1989). Consolidation is thus improper.

Moreover, a copyright plaintiff has the right to select which infringers to sue in a particular action and may decide to include (or not include) particular infringers and acts of infringement in a particular action. See *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 682, 134 S. Ct. 1962, 1976, 188 L. Ed. 2d 979 (2014)(it is "hardly incumbent on copyright owners, however, to challenge each and every actionable infringement.") Indeed, courts "have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor. *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.*, 647 F.2d 200, 207 (D.C. Cir. 1981), citing *Wells v. Universal Pictures Co*., 166 F.2d 690, 692 (2d Cir. 1948); *Grocers Baking Co. v. Sigler*, 132 F.2d 498, 502 (6th Cir. 1942). Here, Plaintiffs have elected to enforce their rights against each group of tortfeasor Defendants in separate actions relating to discrete songs. Lumping those songs together into one large omnibus action, as urged by Movants, would run afoul of Plaintiffs' right to select their tortfeasors and elect how to enforce their rights.

### C.   Consolidation would delay the El Chombo and Luis Fonsi Matters

The cases should not be consolidated because consolidation would unreasonably delay at least two of the three cases at issue. A motion for consolidation may be denied "if consolidation will cause delay in the processing of one or more of the individual cases" or "when one of the actions has proceeded further in the discovery process than the other." *Glass v. Intel Corp.*, No. CV06–671, 2007 WL 2265663, at *5 (D.Ariz. Aug. 6, 2007). Delay in the processing of a case warrants denial of consolidation. See *U.S. Rubber Recycling, Inc. v. Encore Intern., Inc.*, 2011 WL 311014 (C.D. Cal. 2011); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007)("differing trial dates or stages of discovery usually weigh against consolidation)"; *Lewis v. City of Fresno*, No. CV-F-08-1062 OWW/GSA, 2009 WL 1948918, at *1 (E.D. Cal. July 6, 2009).

The three matters Movants seek to consolidate all concern entirely different tranches of infringing songs and are at different stages in the litigation process. As such, consolidation will offer little benefit and will undoubtedly delay the El Chombo and Luis Fonsi Matters. The El Chombo Matter was filed over a year ago on April 1, 2021 and is well into discovery as both sides have propounded and responded to initial written discovery. The El Chombo Matter has a trial date on schedule for April 18, 2023. Dkt. 83. The Luis Fonsi Matter was filed on October 19, 2022 and many defendants have appeared and answered in that matter, the parties who have appeared have met and conferred regarding a litigation schedule pursuant to Rule 26(f) and filed a Joint Report on May 20, 2022 which requested a trial date on November 7, 2023[1]. Fonsi Dkt. No. 59. Meanwhile, the Daddy Yankee case was filed one month

---

[1] The Luis Fonsi Matter was reassigned to judge Terry J. Hatter on May 24, 2022 just days after the parties filed their Joint Report and as a result Judge Birotte did not conduct a scheduling conference or issue a scheduling order based on the report. On May 24, 2022, Judge Hatter set a pre-trial conference for September 12, 2022. The September 12, 2022 pre-trial conference date was then vacated by Judge Birotte

1  ago, on May 16, 2022, and transferred to the California Central District just this
2  month. No defendants have answered or otherwise appeared in the Daddy Yankee
3  Matter.

4      Consolidation will result in the necessary continuation of the trial date in the El
5  Chombo Matter in order to allow the parties sufficient time to conduct discovery on
6  all of the additional claims in the Luis Fonsi Matter and particularly the Daddy
7  Yankee Matter. The Luis Fonsi Matter will also be delayed as the parties work
8  towards a trial at the end of next year while the Daddy Yankee Matter will likely not
9  be ready for trial until well into 2024. As discussed in more detail below, the
10 litigation will be exponentially more complicated should the cases be consolidated
11 requiring more time for the parties to conduct discovery, prepare expert reports,
12 prepare dispositive motions, and conduct trial. Consolidation would thus result in the
13 delay of both the El Chombo Matter and the Luis Fonsi Matter and is therefore
14 unwarranted.

15      **D.    Consolidation would lead to confusion, burden, and prejudice**

16      The cases should not be consolidated because consolidation would cause
17 confusion of the issues in each case and prejudice Plaintiffs. Courts do not
18 consolidate cases when doing so would confuse the issues or prejudice a party to any
19 of the cases. See *Chlopek v. Federal Ins. Co.*, 499 F.3d 692 (7th Cir. 2007), *Malcolm*
20 *v. National Gypsum Co.*, 995 F.2d 346 (2nd Cir. 1993); *Antoninetti v. Chipotle*
21 *Mexican Grill, Inc.,* No. 06CV2671-J WMC, 2007 WL 2669531, at *2 (S.D. Cal.
22 Sept. 7, 2007). Where, as here, there "is minor overlap between the parties, but the
23 two actions lack commonality in terms of the defendant actors and the underlying
24 transactions[,]" consolidation is improper. *Adobe Sys. Inc. v. A & S Elecs., Inc.*, No.

25
26 ————————————
27 when the case was transferred back to this court on June 17, 2022 and a scheduling
conference is set for July 22, 2022. But for the reassignment from and then back to
28 this court the Luis Fonsi Matter would also have a set trial date.

1    C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) (rejecting

2    consolidation of cases with different infringing items being distributed by different

3    parties at different times).

4        So owing, consolidation is often rejected even in cases "where claims are

5    identical" if "distinct underlying facts may give rise to different defenses and legal

6    issues[.]" *Olaplex LLC v. Groupon, Inc*., No. CV 18-8641 PA (RAOX), 2019 WL

7    9042542, at *1 (C.D. Cal. Apr. 19, 2019), citing *Flintkote Co. v. Allis-Chalmers*

8    *Corp*., 73 F.R.D. 463, 465 (S.D.N.Y. 1977) ("[T]he mere fact that two cases assert

9    similar theories of recovery does not constitute a common question of law so as to

10   warrant consolidation.")(remaining citations omitted). Such is the case here – the

11   defenses raised by the infringers in the El Chombo Matter may be, and likely are,

12   going to be entirely different from the defenses raised in the other matters,

13   particularly as they relate to how each of the songs in a particular suite was

14   conceived, recorded, distributed, and monetized. As those defenses will be markedly

15   different in each case, consolidation is improper.

16       To be sure, consolidation will result in a significantly more complicated trial

17   which is likely to confuse the jury and prejudice Plaintiffs. The El Chombo Matter

18   involves two infringing works and six individual defendants involved in the creation

19   of those works. The trial of the El Chombo Matter will become much more

20   complicated if over 20 additional individual defendants, six additional entity

21   defendants, and 54 more infringing works are added to the case.

22       To satisfy the elements of their copyright claims, Plaintiffs must prove, among

23   other things, that Defendants had access to *Fish Market* and that the infringing works

24   are substantially similar to *Fish Market.* See *Three Boys Music Corp. v. Bolton,* 212

25   F.3d 477, 486 (9th Cir. 2000). These elements must be proven for every defendant

26   and every infringing song. The analysis and evidence is unique for every defendant

27   and every infringing work. A jury will undoubtably become confused when

28

PLAINTIFF'S OPPOSITION TO DEFNDANT'S MOTION TO CONSOLIDATE

attempting to review evidence and facts related to how the Defendants in each case accessed *Fish Market* and copied the work should the cases be consolidated. A jury will be faced with evidence related to access and copying for over 40 individual defendants involved in the creation of the infringing works as opposed to reviewing evidence related to access and copying for only six individual defendants involved in the creation of the infringing works in the El Chombo Matter, sixteen individual defendants in the Luis Fonsi Matter, and eighteen individual defendants in the Daddy Yankee Matter. Further, the evidence will be similar in each distinct case because in the El Chombo Matter all of the infringing works were written and performed by El Chombo. The Luis Fonsi Matter involves all infringing works written and performed by Luis Fonsi. This is the same in the Daddy Yankee Matter. However, if combined due to consolidation a jury will be faced with evidence for certain defendants that is wholly unrelated to the evidence for other defendants.

The analysis required to show substantial similarity of each infringing work is unique and distinct for every infringing work. Defendants gloss over this crucial point in their motion instead focusing on how the defendants in all the cases will have similar defenses regarding the protectability of the copied elements of *Fish Market* and the evidence and analysis will overlap. However, once Plaintiffs establish that *Fish Market* is sufficiently original and copyrightable, they will have to present distinct musicological evidence comparing *Fish Market* to each and every infringing work. A jury will be able to understand and evaluate this evidence much better when faced with two, ten, and 44 infringing works respectively for each matter than they will when presented with evidence for fifty-six infringing works all in one trial. Prejudice will also flow from the jury's determinations as to the merits of each suite of claims. For example, if the jury finds the suite of songs at issue in the El Chombo Matter infringing, that may influence their review of the totally different and discrete suite of songs at issue in the Daddy Yankee Matter. Each suite of songs should be

considered on its own merits and without the undue influence of being grouped with multiple other suites of songs.

Consolidation will also result in severe "strength-in-numbers" prejudice to Plaintiffs. There is little doubt that a jury, upon seeing dozens of defendants lined up at the defense table at trial, will compare that group with the relatively small number of plaintiffs and draw improper conclusions. And the jury may be prejudiced by the large number of infringing songs that would be before the court in a consolidated trial. For that reason, consolidation is often denied even where there are "common issues of law and fact, with overlap in the parties, the nature of the claims, the subject matter, and the bases of liability" if there are a large number of infringing works that emanated from various, disparate infringers. *Klauber Bros., Inc.*, 2015 WL 12720307, at *2 (denying consolidation in a copyright case involving "the sales of distinct garments to and by different retailers.").

Further, the overlapping legal issues to be presented by the defendants in each matter regarding the protectability of *Fish Market* will be adjudicated first in the El Chombo Matter which is also the simplest of the three cases. The resolution of those issues once will then consequently simplify the issues to be tried in the subsequent cases and lead to less confusion and prejudice as the other cases proceed.

The confusion resulting from the additional complexities of consolidation will prejudice Plaintiffs in meeting their burden of proof, which becomes exponentially greater with the consolidation and addition of each new defendant and infringing work. And the Court and jury will be forced to grapple with a massive number of individuals and fact patterns, which will make adjudication of the disputes unmanageable. The jury's increasing confusion and burden will prejudice the parties in trying this dispute.

/ / /

**E.    Consolidation would lead to little conservation of resources**

The conservation of resources is a significant factor in a court's consideration to consolidate cases. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.1984). Here, the cases should not be consolidated because consolidation would lead to little conservation of the Court's or the parties' resources.

Consolidation will not conserve resources because it will create inefficiencies due to the differing procedural posture of each case and severe differences in the facts and evidence related to each group of Defendants' access to Plaintiffs' work, copying of that work, and distribution and monetization of the infringing works. *See Collins v. City & Cnty. of S.F.,* 2014 WL 5322177 (N.D. Cal. Oct. 24, 2014)("consolidating the cases for pretrial proceedings or otherwise is neither more efficient nor more effective than simply maintaining the cases on separate, yet similar, litigation tracks"). The cases are all at different stages of litigation and rather than allow for Plaintiffs to adjudicate their claims swiftly consolidation will result in significant delay and is not the most efficient way to adjudicate Plaintiffs' claims.

Because the El Chombo Matter is the simplest and the first to be adjudicated and efficiently dispose of many of the issues that will also be raised later in the Luis Fonsi and Daddy Yankee Matters. This is particularly true of the Defendants' defenses regarding the copyrightability of Plaintiffs' work, which, as Movants point out, has the chance to be dispositive and, should the court find in Defendants' favor, may eliminate the need to adjudicate either the Luis Fonsi or Daddy Yankee Matters. Conversely, if this issue is adjudicated in Plaintiffs' favor then those defenses will not need to be re-adjudicated in the later cases. This is more efficient than conducting significant discovery on all claims and defenses and waiting for these issues to be litigated all at once during a more complicated trial that has the potential to confuse the jury and culminate in a prejudicial result.

1    Defendants contend consolidation will spare significant litigation costs by

2    reducing the number of motions and result in a single round of summary judgment

3    and *Daubert* motions. Movannt's Motion at 8:1-3. However, as discussed in *Evraz*

4    *Inc.*, because these cases are all before the same judge, this factor weighs against

5    complete consolidation. *Evraz Inv. N.A. v. Travelers Indem. Co.,* 2013 WL 6241984

6    *2 (D. Or. Dec. 3, 2013). To the extent that judicial economy is served by

7    consolidation, the court may selectively join the matters for individual motions and

8    hearings. *Id.* Further, there is no risk of inconsistent results. "When a judge manages

9    two related cases that judge will be aware of the rulings in each case and can ensure

10   that inconsistent rulings on similar issues are avoided." *Id.* All three matters are

11   assigned to this court, and therefore, to the extent possible inefficiencies in the

12   litigation process can be handled on an *ad hoc* bases without the need for complete

13   consolidation which as discussed would result in delay, inefficiencies, confusion, and

14   prejudice to Plaintiffs. Movants' motion therefore must be denied.

15        **F.    The common issues are not central to the resolution of the cases**

16        The Court should not consolidate the cases because the common issues are not

17   central to the resolution of the cases. A court should not consolidate cases when the

18   common issues between them are not central to the resolution to each case. See

19   *Shump v. Balka*, 574 F.2d 1341(10th Cir. 1978); *Molever v. Levenson*, 539 F.2d 996

20   (4th Cir. 1976), cert. denied 97 S.Ct. 643, 429 U.S. 1024.

21        While there are some common issues between all three cases, those issues are

22   not central to the resolution of the cases and are largely undisputed. For example,

23   there is only a minimal dispute, if any, as to whether Plaintiffs created the music at

24   issue and hold the copyrights and registrations for those works. There is no evidence

25   whatsoever in the case that any party other than Plaintiff's created and owned *Fish*

26   *Market*. This is the primary "common element" among the cases and is not subject to

27   much dispute.

28

1    The crux of the dispute is how each Defendant accessed and copied *Fish*

2  *Market* and then distributed the separate songs incorporating unlawful reproductions

3  of *Fish Market.* This issue formed a significant portion of the basis for Plaintiffs'

4  grouping of Defendants when it was filing the actions as it will be entirely different

5  for each separate group of Defendants. Combining each of those disparate sets of

6  facts will overly complicate the matter and cause jury confusion.

7    And central to the adjudication of Plaintiffs' claims is showing substantial

8  similarity between *Fish Market* and each of the infringing works. The analysis

9  involved to adjudicate that issue is unique for each infringing work and consolidation

10  cannot and will not simplify the adjudication of this central issue. Likewise,

11  consolidation cannot simplify the central element of access to *Fish Market* which

12  Plaintiff must prove for each of the named Defendants in each matter. These central

13  issues are **not** common to each of the cases, and the issues that are common to all

14  cases are not central to the adjudication of Plaintiffs' claims.

15    Here, the sole basis for consolidation is that Plaintiffs are seeking to enforce

16  their rights in the same song in each action. But, the fact that multiple actions seek to

17  enforce the same intellectual property rights is insufficient as grounds to consolidate.

18  *Olaplex LLC*, 2019 WL 9042542, at *2, citing *Adobe Sys. Inc*., 2016 WL 9105173, at

19  *3 ("Here, there is minor overlap between the parties, but the two actions lack

20  commonality in terms of the defendant actors and the underlying transactions. While

21  both cases generally involve claims regarding the unauthorized sale of Adobe

22  software, each involves different software products which appear to have been sold at

23  different times."); *Klauber Bros., Inc.*, 2015 WL 12720307, at *2 (denying motion

24  for consolidation of separate copyright actions in part because "each case deals with

25  the sales of distinct garments to and by different retailers").

26  ///

27

28

PLAINTIFF'S OPPOSITION TO DEFNDANT'S MOTION TO CONSOLIDATE

## IV.    <u>CONSOLIDATION SHOULD NOT EXTEND TO TRIAL</u>

If the court determines consolidation is appropriate, the court should consolidate these actions for pre-trial purposes only. See, e.g., *Newmark v. Turner Broadcasting Network*, 226 F. Supp. 2d 1215, 1223 n. 8 (C.D. Cal. 2002) (ordering consolidation of cases for discovery and pretrial purposes but reserving "for another day the issue of whether these actions should be consolidated for trial"). This court may, for "convenience, to avoid prejudice, or to expedite and economize," order that the claims be consolidated for purposes other than trial. Fed. R. Civ. P. 42(b). As stated in detail above, the consolidation of the three matters will result in an extremely complicated trial involving over 40 witnesses, including experts, and 56 different infringing works. It will also conflate three different suites of songs and a variety of disparate fact patterns that have little to no relation to one another. A trial of that size and complexity is unnecessary and will likely lead to a prejudicial result. Therefore, consolidation, if granted, should be for pre-trial purposes only.

## V.    <u>CONCLUSION</u>

Movants seek to delay the resolution of this matter and ultimately cause confusion, burden, and prejudice at trial. The Court should exercise its discretion and deny this motion. In the alternative, the Court should consolidate the cases for purposes other than trial. This will best serve the interests of justice and further the intent of the Copyright Act.

Respectfully submitted,


Dated: June 24, 2022            By:        */s/ Scott Alan Burroughs*
                                            Scott Alan Burroughs, Esq.
                                            Frank R. Trechsel, Esq.
                                            DONIGER / BURROUGHS
                                            Attorneys for Plaintiffs