**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, an individual; ANIKA JOHNSON, as personal representative of the estate of Wycliffe Johnson, deceased; AND STEELY & CLEVIE PRODUCTIONS, LTD.<br><br>Plaintiffs,<br><br>v.<br><br>RODNEY SEBASTIAN CLARK, an individual, *ET AL*.<br><br>Defendants. | Case No.: 2:21-cv-02840-AB-AFM<br><br>**ORDER GRANTING STIPULATION RE: CASE ADMINISTRATION** |

# ORDER

Based upon the stipulation of Plaintiffs Cleveland Constantine Browne, Anika Johnson (as personal representative of the Estate of Wycliffe Johnson, deceased), and Steely & Clevie Productions, Ltd. (collectively "Plaintiffs") and certain defendants who have been served and/or appeared in this action (collectively "Defendants"), for good cause shown, the Court orders as follows:

Plaintiffs shall have until April 14, 2023 to either (i) effectuate service, either personally, by waiver, or in compliance with applicable law and rules, upon the named defendants who have not yet been served or otherwise appeared in the action, or (ii) dismiss without prejudice any such defendant not yet served.

All defendants (including those who already have been served or appeared) shall have until June 15, 2023 to respond to Plaintiffs' First Consolidated Amended Complaint filed on September 23, 2022 ("FCAC") or any superseding Second Consolidated Amended Complaint ("SCAC"), provided that any such SCAC must be filed by April 21, 2023 and shall not include defendants that have not been served by April 14, 2023 and the works alleged to be associated with such defendants. While Plaintiffs may utilize the SCAC to clarify and/or elaborate on the allegations contained in the FCAC as to served defendants and the works associated therewith, Plaintiffs may not add any new defendants or any new works in the SCAC without a stipulation of all appearing parties in the Action.

Plaintiffs shall have twenty-eight (28) days to file any opposition to any motion(s) made by any defendant(s) by June 15, 2023 in response to the FCAC or SCAC, and any moving defendant(s) shall have fourteen (14) days to file any reply in connection with such motion(s). No discovery or other case activities shall proceed pending the full adjudication of any and all such motions.

Within fourteen (14) days of the aforesaid adjudication, if the Court has not dismissed the totality of the FCAC or SCAC, the remaining parties shall submit a joint report to the Court with proposed cutoff and briefing dates for (a) limited fact

and expert discovery concerning whether Plaintiffs' claimed works and/or portions thereof possess sufficient originality of authorship and are otherwise protectable under copyright law, and (b) limited summary judgment motions solely on these issues. No additional discovery or other case activities shall proceed pending the full adjudication of any and all such limited summary judgment motions.

Within sixty (60) days of the aforesaid full adjudication, if the Court has not dismissed the totality of the FCAC or SCAC, it shall hold a Scheduling Conference with the remaining parties to discuss further phasing (*e.g.*, standing/chain-of-title, access, substantial similarity, affirmative defenses, and damages phases), *inter alia*, and thereafter issue a Scheduling Order setting, *inter alia*, discovery and motion deadlines on a phase-by-phase basis. Prior to the Scheduling Conference, the parties shall meet and confer and submit a proposed discovery plan (including, but not limited to, a proposed case administration plan addressing further phasing) according to the timeframes (keyed off the date of the Scheduling Conference) and other requirements of Fed. R. Civ. P. 26(f), Local Rule 26, and the Court's (Standing) Order Setting Scheduling Conference.

IT IS SO ORDERED.

Dated: January 11, 2023

                                          Hon. André Birotte Jr.
                                          United States District Judge