James G. Sammataro (State Bar No. 204882)
*jsammataro@pryorcashman.com*
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 683-6900
Fax: (310) 943-3397

*Attorney for Defendants*
Rodney Sebastian Clark Donalds, Armando Christian Perez, Sony Music Entertainment, Universal Music Publishing, Inc., BMG Rights Management, LLC, Warner Chappell Music, Ultra Records, LLC, Energy Music Corp, Luis Alfonso Rodriguez Lopez-Cepero, Mauricio Rengifo, Andres Torres, Juan Carlos Ozuna Rosado, Erika Maria Ender Simoes, Nick Rivera Caminero, Raul Alejandro Ocasio Ruiz, Justin Bieber, and UMG Recordings Inc.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, an individual; ANIKA JOHNSON, as personal representative of the estate of Wycliffe Johnson, deceased; AND STEELY & CLEVIE PRODUCTIONS, LTD.<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RODNEY SEBASTIAN CLARK, an individual, *ET AL.*<br><br>　　　　Defendants. | Case No.: 2:21-cv-02840-AB-AFM<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE** |

## I.  INTRODUCTION

Plaintiffs' motion for an order authorizing alternative service on the eight Domestic Defendants[1] is procedurally defective because Plaintiffs have not exhausted the available methods of standard service authorized under the California Code of Civil Procedure ("CCP"), which Plaintiffs are <u>required</u> to do before the Court may consider Plaintiffs' request to serve the Domestic Defendants by email under CCP Section 413.30. And, in any event, as in their previous two motions for alternative service (one of which has already been denied and one of which remains pending) Plaintiffs have done virtually nothing to ensure or demonstrate that their proposed email service would give actual notice of this lawsuit to the Domestic Defendants and otherwise comport with the requirements of Constitutional due process. Defendants[2] respectfully request that this Court deny Plaintiffs' motion.

## II.  ARGUMENT

Plaintiffs fail to demonstrate that service by email on the Domestic Defendants is permitted where: (i) Plaintiffs have only attempted personal service; (ii) Plaintiffs have not exhausted the other traditional methods available to effect service; and (iii) Plaintiffs have not made a sufficient showing that email service is reasonably calculated to provide the Domestic Defendants with actual notice of this litigation.

---

[1] "Domestic Defendants" is used herein to mean Llandel Veguilla Malave p/k/a Yandel, Justin Raphael Quiles Rivera p/k/a Justin Quiles or J Quiles, Andy Clay Cruz p/k/a Andy Clay, Ricardo Andres Reglero Rodriguez p/k/a Ricky, Jorge Valdes Vasquez p/k/a Dimelo Flow, Nelson Diaz Martinez p/k/a DJ Nelson, Daniel Oviedo p/k/a Ovy on the Drums, Carlos Alberto Vives Restrepo p/k/a Carlos Vives.

[2] "Defendants" is used herein to mean Rodney Sebastian Clark Donalds, Armando Christian Perez, Sony Music Entertainment, Universal Music Publishing, Inc., BMG Rights Management, LLC, Warner Chappell Music, Ultra Records, LLC, Energy Music Corp, Luis Alfonso, Rodriguez Lopez-Cepero, Mauricio Rengifo, Andres Torres, Juan Carlos Ozuna Rosado, Erika Maria Ender Simoes, Nick Rivera Caminero, Raul Alejandro Ocasio Ruiz, Justin Bieber, and UMG Recordings Inc.

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 4(e) allows service by any means permitted by the law of the state in which the case is pending. California law authorizes multiple methods of service other than personal delivery, including delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"), service by mail with acknowledgment of receipt, and service by publication. *See, e.g.*, Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.50. Only when none of these "usual methods of service [are] available, the trial court has the discretion to authorize service by another means." *Crane v. Dolihite*, 70 Cal. App. 5th 772, 786 (2021); *see also* Cal. Civ. Proc. Code § 413.30 ("Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons to be served in a manner which is reasonably calculated to give actual notice to the party to be served."); *see also* Rutter Group Practice Guide: Fed. Civ. P. Before Trial, Ch. 4-D, § 4:285 (2022) (explaining that courts have construed section 413.30 "as authorizing alternative methods of service of a summons when traditional methods have proved <u>ineffective</u>.").

### B. Plaintiffs' Request for Alternative Service is Premature

Plaintiffs have <u>only</u> attempted personal service[3] on the Domestic Defendants, and even setting aside the many defects in Plaintiffs' attempts at personal service,[4] Plaintiffs'

---

[3] Process servers attempted to serve the following Domestic Defendants <u>only a single time</u>: (1) Llandel Veguilla Malave p/k/a Yandel, (Dkt. 192-4 at 14); (2) Ricardo Andres Reglero Rodriguez p/k/a Ricky, (*id.* at 5); (3) Jorge Valdes Vasquez p/k/a Dimelo Flow, (*id.* at 9); (4) Nelson Diaz Martinez p/k/a DJ Nelson, (*id.* at 3); (5) Carlos Alberto Vives Restrepo p/k/a Carlos Vives, (*id.* at 2).

[4] The evidence submitted by Plaintiffs suggests that the addresses where personal service was attempted are improper, and not associated with the Domestic Defendants. (*See* Dkt. 192-4.) For example, the process server informed Plaintiffs that the address where they attempted to serve Llandel Veguilla Malave p/k/a Yandel was unaffiliated with the individual, specifically the "[s]ecurity guard named Karen Lozada stated that [Yandel]

2

<u>motion fails because there are still several other methods of service that Plaintiffs must attempt before the trial court has discretion to authorize service by email.</u> *See, e.g.*, *Crane*, 70 Cal. App. 5th at 786; *accord Universal Dyeing & Printing, Inc. v. Extra Magni Wall*, No. 22-CV-04966-RGK-AFMX, 2022 WL 17371066, at *1 (C.D. Cal. Oct. 24, 2022).

For example, in a recent decision from this district, a similar premature request to serve a defendant by email under section 413.30 was denied where the plaintiff was even more diligent in its attempts at personal service, but failed to exhaust the other methods of service available:

> Plaintiff argues that the Court should allow Plaintiff to use email to serve Extra Magni. Plaintiff presented the Court with evidence that it attempted to serve Extra Magni through personal service before filing the instant motion: Plaintiff attempted service at two separate physical addresses listed as Extra Magni's place of business, on seven occasions, and was unsuccessful each time. However, Plaintiff has not yet attempted service by mail, as authorized by California Civil Procedure Code § 415.40. Plaintiff avers that service by mail is likely to be ineffective because Extra Magni is evading service; however, Plaintiff's speculation does not justify alternative service, particularly when <u>Plaintiff has not yet exhausted all available methods of service. Thus, because Plaintiff has at least one available method of service, Plaintiff's request for alternative service is premature.</u>

---

doesn't reside there since [sic] about 7 months." (Dkt 192-4 at 14.) Plaintiffs were also informed that they had the wrong addresses for Ricardo Andres Reglero Rodriguez (*id.* at 5), Carlos Alberto Vives Restrepo (*id.* at 2); and Daniel Oviedo, who "possibly resides in New York," (*id.* at 8).

*Universal Dyeing & Printing, Inc. v. Extra Magni Wall*, No. 22-CV-04966-RGK-AFMX, 2022 WL 17371066, at *1 (C.D. Cal. Oct. 24, 2022) (internal citation omitted and emphasis added).

Similarly, Plaintiffs have not demonstrated that they have exhausted the remaining traditional methods of service (*i.e.*, substitute service, service by mail, etc.), or that those methods of service were ineffective, and thus Plaintiffs are not permitted to serve the Domestic Defendants by email under Code of Civil Procedure section 413.30. Plaintiffs' motion is premature and defective and must be denied.

### C. Plaintiffs Fail to Demonstrate That Email Service is Reasonably Calculated to Provide Actual Notice to the Domestic Defendants

In addition to the deficiencies outline above, Plaintiffs have not demonstrated that service on the unverified email addresses listed in their motion is reasonably calculated to provide the Domestic Defendants with actual notice of this litigation to satisfy Constitutional due process requirements.[5]

Courts have found that email service comports with due process only where the plaintiff has put forth <u>evidence</u> that the defendant owns, operates, and routinely uses the email address where the plaintiff seeks to effect service. *See, e.g.*, *Sec. & Exch. Commc'n v. Pithapurwala*, 2022 WL 2199939, at *3 (C.D. Cal. Mar. 11, 2022) (email service was found to be reasonably calculated to advise the defendant of the action only where the plaintiff put forth evidence in the form of <u>testimony</u> from a co-defendant that the proffered email address was owned and operated by the defendant and the defendant had used that same email address to communicate with a third party).

Plaintiffs have not made a sufficient showing that the unverified email addresses are owned, operated, and routinely used by the Domestic Defendants. For this additional reason, the Court should deny Plaintiffs' motion.

---

[5] To be clear: <u>there is no case cited in Plaintiffs' Motion which supports the notion that due process is satisfied by serving the Domestic Defendants at unverified email addresses acquired from unverified online social media platforms</u>.

4

## III.  CONCLUSION

For the foregoing reasons Defendants respectfully request that the Court deny Plaintiffs' motion and grant Defendants and/or other affected parties such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: March 17, 2023  By:  */s/ Benjamin S. Akley*

James G. Sammataro
Benjamin S. Akley
*Attorney for Defendants*
Rodney Sebastian Clark Donalds, Armando Christian Perez, Sony Music Entertainment, Universal Music Publishing, Inc., BMG Rights Management, LLC, Warner Chappell Music, Ultra Records, LLC, Energy Music Corp, Luis Alfonso Rodriguez Lopez-Cepero, Mauricio Rengifo, Andres Torres, Juan Carlos Ozuna Rosado, Erika Maria, Ender Simoes, Nick Rivera Caminero, Raul Alejandro Ocasio Ruiz, Justin Bieber, and UMG Recordings Inc.

5