James G. Sammataro (State Bar No. 204882)
*jsammataro@pryorcashman.com*
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 683-6900

Donald S. Zakarin (admitted *pro hac vice*)
*dzakarin@pryorcashman.com*
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036
Tel: (212) 421-4100
*Attorneys for Defendants*
Rodney Sebastian Clark Donalds, Armando Christian Perez, Sony Music
Entertainment, Universal Music Publishing, Inc., BMG Rights Management, LLC,
Warner Chappell Music, Ultra Records, LLC, Energy Music Corp, Luis Alfonso
Rodriguez Lopez-Cepero, Mauricio Rengifo, Andres Torres, Juan Carlos Ozuna
Rosado, Erika Maria Ender Simoes, Nick Rivera Caminero, Raul Alejandro Ocasio
Ruiz, Justin Bieber, and UMG Recordings Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, an individual; ANIKA JOHNSON, as personal representative of the estate of Wycliffe Johnson, deceased; AND STEELY & CLEVIE PRODUCTIONS, LTD.<br><br>        Plaintiffs,<br><br>    v.<br><br>RODNEY SEBASTIAN CLARK, an individual, *ET AL.*<br><br>        Defendants. | Case No.: 2:21-cv-02840-AB-AFM<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE** |

## I.   INTRODUCTION

This motion is Plaintiffs' <u>fourth separate attempt</u> in less than a month to circumvent Constitutional due process as part of a last-minute scramble to serve the unserved defendants in this action before the impending April 14, 2023 deadline. However, both the patent baselessness of Plaintiffs' motion and the false sense of urgency that Plaintiffs attempt to impose on the Court are Plaintiffs' own doing—Plaintiffs sat idle and waited for months before doing anything about service, and then, even when Plaintiffs actually undertook efforts to serve, those efforts were lazy, superficial, and facile.

To be specific: Plaintiffs have had six months to locate and serve the over-100 defendants who were first added in this action when Plaintiffs filed the First Consolidated Amended Complaint ("FCAC") on September 23, 2022 (the summons on the FCAC was issued on September 26, 2022).  (Dkt. 116, 118.)  Nevertheless, and despite agreeing in December 2022 to a service deadline of April 15, 2023 (which the Court Ordered on January 11, 2023), Plaintiffs did nothing and waited until February 2023 to do much of anything regarding service on those defendants. Presumably, and somehow, it was only at that point that Plaintiffs realized the obvious difficulty of serving such a large number of foreign and domestic mostly-individual defendants.  However, rather than either (i) doing the hard work of accomplishing proper service, or (ii) dismissing the dozens of defendants on whom proper service would be virtually impossible (and over whom this Court's personal jurisdiction will be largely nonexistent), on February 15, 2023, Plaintiffs began their motion-filing spree with a facially defective *ex parte* application to serve 77 foreign and domestic defendants by email ("EPA").  (Dkt. 160.)

On February 21, 2023, the Court denied Plaintiffs' EPA for, among other reasons, failure to comply with the local rules.  (Dkt. 170 ("EPA Order") (finding Plaintiffs "made no effort to show that *ex parte* relief is warranted.").)  Since then Plaintiffs have filed three separate noticed motions requesting to serve foreign and domestic defendants by

1

email, notwithstanding that there is zero legal or factual support for Plaintiffs' position that alternative service is permitted where Plaintiffs have failed to engage in any meaningful efforts to serve the defendants through standard means.

Not only that, Plaintiffs' motions have egregiously wasted the parties' and, worse, the Court's, limited time and resources. Following the Court's denial of Plaintiffs' improper EPA, Plaintiffs filed—without any reasonable explanation—three separate and consecutive, but duplicative and overlapping, motions, which necessitated three separate oppositions.[1] Moreover, during the pendency of Plaintiffs' motions, Plaintiffs have apparently accomplished allegedly-proper service upon a number of the defendants who are the subject thereof. In other words, Plaintiffs' motions, at least in part, have admittedly been premature and unnecessary.

As for this present fourth motion in particular (which seeks permission to serve forty-nine different Domestic Defendants[2] by email), it is just as premature, vexatious,

---

[1] Additionally, before the Court *sua sponte* consolidated Plaintiffs' motions, Plaintiffs' filings required three separate hearings.

[2] "Domestic Defendants" is used herein to mean Pablo Arevalo Llano ("Llano"), Llandel Veguilla Malave p/k/a Yandel ("Yandel"), Juan Carlos Salinas Jr. p/k/a Play ("Play"), Oscar Edward Salinas p/k/a Skillz ("Skillz"), Rafael Antonio Pina Nieves p/k/a Raphy Pina ("Raphy Pina"), Juan Luis Morera Luna p/k/a Wisin ("Wisin"), Abraham Mateo Chamorro p/k/a Abraham Mateo ("Mateo"), Alexander Delgado Hernandez p/k/a Gente de Zona ("Hernandez"), Randy Malcom Martinez p/k/a Gente de Zona ("Randy Malcolm"), Rafael Castillo Torres p/k/a De La Ghetto (Rafael Castillo"), Jesus Manuel Nieves Cortez p/k/a Jhayco or Jhay Cortez ("Jhay Cortez"), Jonathan Leone p/k/a JonTheProducer ("JonTheProducer"), Xavier Semper, part of Mambo Kingz ("Xavier"), Luian Malave p/k/a DJ Luian ("DJ Luian"), Edgar Rosa Cintron p/k/a Fino Como El Haze ("Haze"), Gabriel Pizarro p/k/a Lennox ("Lennox"), Miguel Andres Martinez Perea p/k/a Slow Mike ("Slow Mike"), Orlando Javier Valle Vega p/k/a Chencho Corleone, part of Plan B ("Chencho"), Rebecca Marie Gomez p/k/a Becky G ("Becky G"), Juan Luis Londono Arias p/k/a Maluma ("Maluma"), Natalia Amapola Alexandra Gutierrez Batista p/k/a Natti Natasha ("Natti"), Pedro David Daleccio Tores p/k/a Dalex ("Dalex"), Jesus Alberto Navarro, part of Reik ("Eguia") , Marcos Ramirez, part of Los Legendarios ("Marcos Ramirez"), Victor R. Torres, part of Los Legendarios ("Victor Torres"), Julio Alberto Cruz Garcia p/k/a Casper Magico ("Casper Magico"), Richard

and procedurally and substantively defective as the prior motions because, once again, there is no evidence Plaintiffs have attempted proper personal service. And, in any event, Plaintiffs have not exhausted the available methods of standard service authorized under the California Code of Civil Procedure ("CCP"), which Plaintiffs are required to do before the Court may consider Plaintiffs' request to serve the Domestic Defendants by email under CCP Section 413.30. In addition, as with the other three motions for alternative service, Plaintiffs have not submitted any evidence demonstrating that their proposed email service would give actual notice of this lawsuit to the Domestic Defendants and would otherwise comport with the requirements of Constitutional due process. Defendants[3] respectfully request that this Court deny Plaintiffs' motion, sanction Plaintiffs under 28 U.S.C. § 1927 for the wasteful, improper, and ineffective

---

Camacho, part of CNCO ("Camacho"), Erick Brian Colon, part of CNCO ("Colon"), Zabdiel De Jesus, part of CNCO ("De Jesus"), Daniel Alejandro Morales Reyes p/k/a ("Danny Ocean"), Marcos D. Perez p/k/a Sharo Towers or Sharo Torres ("Sharo Towers"), Jason Joel Desrouleaux p/k/a ("Jason Derulo"), Giencarlos Rivera p/k/a Yan Madmusick, part of Madmusick ("Yan"), Jonathan Rivera p/k/a Yon Madmusick, part of Madmusick ("Yon"), Kevin Mauricio Jimenez Londono p/k/a Kevin ADG, part of The Rude Boyz ("Kevin ADG"), Bryan Lezcano Chaverra p/k/a Chan El Genio, part of The Rude Boyz ("Chan El Genio"), Ernesto Fidel Padilla p/k/a Nesty ("Nesty"), Jose Aponte Santi p/k/a Hi Music Hi Flow ("Hi Music"), Jose Angel Lopez Martinez p/k/a Jay Wheeler ("Jay Wheeler"), Luis Antonio Quinones Garcia p/k/a Nio Garcia ("Nio Garcia"), Manuel Enrique Cortes Cleghorn p/k/a Rike Music ("Rike Music"), Gasolina Publishing ("Gasolina"), Luis Angel O'Neil Laureano p/k/a O'Neil ("O'Neil"), Martha Ivelisse Pesante Rodriguez p/k/a Ivy Queen ("Ivy Queen"), Geoffrey Royce Rojas p/k/a Prince Royce ("Prince Royce"), Freddy Montalvo Jr. p/k/a Freddy El Synthethyzer ("Freddy"), Edwin Vasquez Vega p/k/a Maldy, part of Plan B ("Maldy"), Glad Empire Live, LLC ("Glad Empire"), Eric Perez Rovira p/k/a Eric Duars ("Eric Duars").

[3] "Defendants" is used herein to mean Rodney Sebastian Clark Donalds, Armando Christian Perez, Sony Music Entertainment, Universal Music Publishing, Inc., BMG Rights Management, LLC, Warner Chappell Music, Ultra Records, LLC, Energy Music Corp, Luis Alfonso, Rodriguez Lopez-Cepero, Mauricio Rengifo, Andres Torres, Juan Carlos Ozuna Rosado, Erika Maria Ender Simoes, Nick Rivera Caminero, Raul Alejandro Ocasio Ruiz, Justin Bieber, and UMG Recordings Inc.

manner in which they have handled the issue of service in this matter, and award Defendants their reasonable attorneys' fees incurred opposing these seriatim motions.

## II.   ARGUMENT

Plaintiffs fail to demonstrate that service by email on the Domestic Defendants is permitted where they have not (i) submitted any evidence supporting their attempts at personal service; (ii) exhausted the other traditional methods available to effect service; or (iii) made a sufficient showing that email service is reasonably calculated to provide the Domestic Defendants with actual notice of this litigation.

### A.   Legal Standard

Federal Rule of Civil Procedure ("Rule") 4(e) allows service by any means permitted by the law of the state in which the case is pending.  California law generally requires personal service on individuals, but authorizes multiple methods of service other than personal delivery, including delivery to someone else at the party's usual residence or place of business with mailing (known as "substitute service"), service by mail with acknowledgment of receipt, and service by publication. *See, e.g.*, Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.50.  Only when none of these "usual methods of service [are] available, the trial court has the discretion to authorize service by another means."  *Crane v. Dolihite*, 70 Cal. App. 5th 772, 786 (2021); *see also* Cal. Civ. Proc. Code § 413.30 ("Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons to be served in a manner which is reasonably calculated to give actual notice to the party to be served."); *see also* Rutter Group Practice Guide: Fed. Civ. P. Before Trial, Ch. 4-D, § 4:285 (2022) (explaining that courts have construed § 413.30 "as authorizing alternative methods of service of a summons when traditional methods have proved ineffective.").

### B.   Plaintiffs' Request for Alternative Service is Premature

Plaintiffs purport to have <u>only</u> attempted personal service on the Domestic

Defendants.[4]   Thus, <u>Plaintiffs' motion fails because there are still several other</u> <u>traditional methods of service that Plaintiffs must attempt before the trial court has</u> <u>discretion to authorize service by email</u>.  *See, e.g.*, *Universal Dyeing & Printing, Inc. v.* *Extra Magni Wall*, No. 22-CV-04966-RGK-AFMX, 2022 WL 17371066, at *1 (C.D Cal. Oct. 24, 2022) ("Plaintiff has not yet exhausted all available methods of service.  Thus, because Plaintiff has at least one available method of service, Plaintiff's request for alternative service is premature."); *Splash News & Picture Agency, LLC v. Benson*, No. CV 20-10864-PSG (MRWx), 2021 WL 3598736, at *2 (C.D. Cal. May 19, 2021) (finding that a plaintiff was not permitted to serve a defendant under CCP § 413.30 without first attempting service under CCP § 415.20).

Plaintiffs have not submitted any evidence demonstrating they have attempted personal service on the Domestic Defendants.   Even setting aside that defect, Plaintiffs have not demonstrated that they have exhausted the remaining traditional methods of service (*i.e.*, substitute service, service by mail, etc.), or that those methods of service were ineffective, and thus Plaintiffs are not permitted to serve the Domestic Defendants by email under Code of Civil Procedure section 413.30.  Plaintiffs' motion is premature and defective and must be denied.

**C.**   **Plaintiffs Fail to Demonstrate That Email Service is Reasonably Calculated to Provide Actual Notice to the Domestic Defendants**

In addition to the deficiencies outline above, Plaintiffs have not demonstrated that service on the unverified email addresses listed in their motion is reasonably calculated

---

[4] Curiously, Plaintiffs have not submitted any evidence (other than the self-serving declaration of counsel) to support their contention that they have attempted personal service on the Domestic Defendants, which is an additional reason this motion must be denied.

to provide the Domestic Defendants with actual notice of this litigation to satisfy Constitutional due process requirements.[5]

Courts have found that email service comports with due process only where the plaintiff has put forth <u>evidence</u> that the defendant owns, operates, and routinely uses the email address where the plaintiff seeks to effect service. *See, e.g.*, *Sec. & Exch. Commc'n v. Pithapurwala*, No. CV 21-9384 PA (AFMx), 2022 WL 2199939, at *1 (C.D. Cal. Mar. 11, 2022) (email service was found to be reasonably calculated to advise the defendant of the action only where the plaintiff put forth evidence in the form of <u>testimony</u> from a co-defendant that the proffered email address was owned and operated by the defendant and the defendant had used that same email address to communicate with a third party).

Plaintiffs have not made a sufficient showing that the unverified email addresses are owned, operated, and routinely used by the Domestic Defendants. For this additional reason, the Court should deny Plaintiffs' motion.

### D.   Plaintiffs Should Be Sanctioned for Their Behavior

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   Pursuant to Section 1927, sanctions may be imposed on a party who "knowingly or recklessly raises a frivolous argument." *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002); *In re Keegan Mgmt. Co., Secs. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("[A] filing need not be entirely frivolous to warrant sanctions under [Section 1927]."); *accord Combined Insurance Company of America v. Estate of Montano*, No. 2:20-cv-09463-SVW-JEM, 2022 WL 1485724, at *2 (C.D. Cal., Jan. 12,

---

[5] To be clear: <u>there is no case cited in Plaintiffs' Motion which supports the notion that due process is satisfied by serving the Domestic Defendants at unverified email addresses acquired from unverified online social media platforms.</u>

2022) ("Section 1927 permits courts to make attorneys liable for the 'excess' costs and fees reasonably incurred because of their conduct.").

Plaintiffs have now filed four motions within the past month by which they have requested to serve over 100 foreign and domestic defendants in a manner that is not remotely calculated to comport with Constitutional due process.  (Dkt. 160, 175, 192, 199.)  Plaintiffs' motions have (i) lacked any good faith basis, (ii) been unsupported by relevant legal authority and sufficient factual evidence, and (iii) knowingly, recklessly, and repeatedly raised the argument that Plaintiffs are permitted to serve foreign and domestic defendants by email, notwithstanding that the law requires Plaintiffs to both engage in diligent efforts at personal service and present evidence that email service is reasonably calculated to provide the defendants with notice of this litigation.

Plaintiffs' actions evidence blatant disregard for the burden that their repeated and unwarranted motions for alternative service have placed on this Court and the other parties in this action.  Plaintiffs fail to appreciate that their multiple (unnecessary) filings have required Defendants to incur substantial costs to safeguard the unserved defendants' Constitutional rights by opposing these motions.

Accordingly, Defendants respectfully request that the Court sanction Plaintiffs under 28 U.S.C. Section 1927, and grant Defendants reasonable attorneys' fees for their efforts in opposing these seriatim motions (in an amount to be proven by subsequent submission).

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion, sanction Plaintiffs under 28 U.S.C. Section 1927, grant Defendants reasonable attorneys' fees, and grant Defendants and/or other affected parties such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: March 24, 2023          By:    */s/ Benjamin S. Akley*

James G. Sammataro
Benjamin S. Akley
*Attorney for Defendants*
Rodney Sebastian Clark Donalds, Armando Christian Perez, Sony Music Entertainment, Universal Music Publishing, Inc., BMG Rights Management, LLC, Warner Chappell Music, Ultra Records, LLC, Energy Music Corp, Luis Alfonso Rodriguez Lopez-Cepero, Mauricio Rengifo, Andres Torres, Juan Carlos Ozuna Rosado, Erika Maria, Ender Simoes, Nick Rivera Caminero, Raul Alejandro Ocasio Ruiz, Justin Bieber, and UMG Recordings Inc.