MARK B. CHASSMAN (SBN 119619)
CHASSMAN & SEELIG, LLP
Email: mchassman@chassmanseelig.com
ANA VASQUEZ (SBN 231903)
Email: avasquez@chassmanseelig.com
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Telephone: (310) 929-7192
Facsimile: (310) 929-7627

RICHARD C. WOLFE (*Pending Pro Hac Vice Admission*)
WOLFE LAW MIAMI, P.A.
Email: rwolfe@wolfelawmiami.com
Latitude One Building
175 SW 7th Street, Suite 2410
Miami, Florida 331310
Telephone: (305) 384-7370
Facsimile: (305) 384-7371

Attorneys for Defendants WK Records, Inc.
Llandel Veguilla pka "Yandel,"
Juan Luis Morera Luna pka "Wisin,"
Ernest Padilla, Mr. 305 Inc., Marcos Alfonso,
Ramirez Carrasquillo, Victor Rafael Torres Betancourt,
La Base Music Group, LLC, Juan Luis Londono Arias pka "Maluma"
Carlos Alberto Vivies Restrepo pka "Carlos Vives,"
Daniel Oviedo pka "Ovy on the Drums,"
Michael Monge pka "Myke Tower,"
Geoffrey Royce Rojas pka "Prince Royce,"
Rafael Torres pka "De La Ghetto"
Richard Camacho,
Erick Brian Colon,
Christopher Velez, and
Zabdiel De Jesus

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

1

DEFENDANTS' MOTION TO DISMISS

CLEVELAND CONSTANTINE BROWNE, et al.

    Plaintiffs,

  vs.

RODNEY SEBASTIAN CLARK DONALDS, et al.

    Defendants.

Case No.: 2:21-cv-02840-AB-AFM

Assigned to: Hon. André Birotte

**DEFENDANTS' MOTION TO DISMISS**

Date:  September 22, 2023
Time: 10:00AM
Place: Courtroom 7B

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

  PLEASE TAKE NOTICE that on September 22, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Andre Birotte, United States District Court, Central District of California, Courtroom 7B, 350 W. First Street, Los Angeles, California, Defendants WK Records, Inc., Llandel Veguilla pka "Yandel," Juan Luis Morera Luna pka "Wisin," Ernest Padilla, Mr. 305 Inc., Marcos Alfonso, Ramirez Carrasquillo, Victor Rafael Torres Betancourt, La Base Music Group, LLC, Juan Luis Londono Arias pka "Maluma," Carlos Alberto Vives Restrepo pka "Carlos Vives," Daniel Oviedo pka "Ovy on the Drums," Michael Monge pka "Myke Tower," Rafael Torres pka "Del La Ghetto," Geoffrey Royce pka "Prince Royce" Richard Camacho, Erick Brian Colon, Christopher Velez, and Zabdiel De Jesus (collectively the "Moving Defendants") will move the Court pursuant to Federal Rules of Civil Procedure 12(b)(6) to dismiss the Complaint for failure to state a claim.

  This motion is based on the Notice of Motion and Motion to Dismiss; the attached Memorandum of Points and Authorities; the papers and records on file in

1  this action; and such other written and oral argument as may be presented to the
2  Court, including the motions of the other Defendants.
3      This Motion is made following the conference of counsel pursuant to Local
4  Rule 7-3, which took place on June 5, 2023.
5
6                                    Respectfully submitted,
7                                    CHASSMAN & SEELIG, LLP
8
9  DATED: June 15, 2023          By: /s/ Mark B. Chassman
10                                    MARK B. CHASSMAN
                                      Attorneys for Defendants
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

# **TABLE OF CONTENTS**

I.   SUMMARY OF ARGUMENT ................................................. 4

II.  INTRODUCTION ............................................................... 4

III. BACKGROUND AND SUMMARY OF ALLEGATIONS ....... 6

    A.   Plaintiffs' Claimed Ownership of Four Works ................. 6

        1. Fish Market ................................................................. 7

        2. Dem Bow ................................................................... 7

        3. Pounder Riddim ......................................................... 8

        4. Pounder Dub Mix II ................................................... 8

    B.   The Allegedly Infringing Works and The Moving
       Defendants ..................................................................... 8

IV.  ARGUMENT ..................................................................... 8

    A.   Rule 12(b)(6) Legal Standard .......................................... 8

    B.   Pleading Standards Applied to Copyright Infringement
       Actions .......................................................................... 9

    C.   Plaintiffs Improperly Claim Infringement of Works
       They Do Not Own And for Which They Have No
       Standing To Sue ............................................................ 11

        1. Plaintiff Do Not Claim That The Moving Defendants
          Have Infringed Upon Protectible Portions of
          *Dem Bow* ................................................................ 11

i

2. The SCAC Fails to Distinguish Between Infringement Claims Involving Sound Recordings From Infringement Claims Involving Musical Compositions ................................................. 14

3. Even for Works Alleged to Infringe Timely-Registered Copyrights, Plaintiffs Fail to Satisfy the Relevant Pleading Standards.................................... 16

4. Deficient Allegations of the Infringement of the *Fish Market* Composition ............................................... 17

5. In the Few Instances Where Plaintiffs Have Identified Alleged "Similarities" Between A Defendant's Work and *Fish Market*, The Comparison Demonstrates That There Is No Similarity In A Protectable Expression...................................... 18

6. Dismissal is Appropriate for Claims of Secondary Liability ................................................................... 22

7. The Moving Defendants Adopt and Join in the Arguments and Authorities Advocated by the Other Defendants .................................................... 22

V.   CONCLUSION .......................................................... 22

CERTIFICATE OF MEET AND CONFER............................... 22

ii

# TABLE OF AUTHORITIES

## CASES

*A and M Records v. Napster*
  239 F.3d 1004 (9th Cir. 2000) .......................................................................... 22

*Anthony v. Pro Custom Solar, LLC*
  2022 WL 1634870, at *4 (C.D. Cal. Jan. 21, 2022) ..................................... 15

*Apps v. Universal Music Group, Inc.*
  283 F. Supp.3d. 946 (D. Nev. Apr. 27, 2018),
  *aff'd*, 763 Fed. Appx. 599 (9th Cir. 2019) ................................................... 12

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .......................................................................................... 9

*Batiste v. Najm*
  28 F. Supp. 3d 595 (E.D. La. 2014) ............................................................ 13, 19

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007) ...................................................................................... 9, 15, 18

*Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*
  2018 WL 1242053, at *3-5 (N.D. Cal. March 8, 2018) .............................. 10, 14

*Christianson v. West Pub. Co.*
  149 F.2d 202 (9th Cir. 1945) .......................................................................... 21

*Cottrill v. Spears*
  2023 U.S. Dist. LEXIS 88823 (E.D. P.A. 2003) .......................................... 12

*Currin v. Arista Records, Inc.*
  724 F. Supp 2d 286 ..................................................................................... 13, 19

*Drive-In Music Co., Inc. v. Sony Music Ent.*
  2011 WL 13217236, at *3 (C.D. Cal. Apr. 18, 2011) ................................. 15, 16

DEFENDANTS' MOTION TO DISMISS

*Elohim EPF USA, Inc. v. Total Music Connection, Inc.*
2015 WL 12655556, at *8 (C.D. Cal. Oct. 1, 2015)...................................... 9

*Feist Publ'ns, Inc. v. Rural Telephone Serv. Co, Inc.*
449 U.S. 340 (1991)................................................................... 10

*Gaste v. Kaiserman*
863 F. 2d 1061 (2nd Cir. 1988)....................................................... 12

*Gray v. Hudson*
28 F. 4th 87 (9th Cir. 2022) ......................................................... 12

*Gray v. Perry*
2020 WL 1275221 (C.D. Cal. 2020) ............................................ 13, 20

*Guity v. Santos*
2019 U.S. Dist. LEXIS 210125 (S.D. N.Y. 2019)...................................... 13

*Hanagami v. Epic Games Inc.*
2022 U.S. Dist. LEXIS 161823 (C.D. Cal. 2022) ...................................... 14

*Hayes v. Minaj*
2012 WL 12887393 (C.D. Cal. Dec. 18, 2012)............................................ 10,
14, 18

*Intersongs-USA v. CBS, Inc.*
757 F. Supp. 274 (S.D. N.Y. 1991) .................................................. 13

*Johnson v. Gordon*
409 F.3d 12 (1st Cir. 2005)............................................................ 14

*Lane v. Knowles-Carter*
2015 WL 6395940, at *5 (S.D.N.Y. Oct. 21, 2015)...................................... 19

*Lois v. Levin*
2022 U.S. Dist. LEXIS 168358 at *12 (C.D. Cal., 2022) ............................ 13, 14

iv

*Marshall v. Huffman*
  2010 WL 5115418, at *4 (N.D. Cal. Dec. 9, 2010).......................................... 16

*Masterson v. Walt Disney Co.*
  821 F. Appx. 779 (9th Cir. 2020) ...................................................... 10

*McDonald v. West*
  138 F. Supp. 3d 448 (S.D.N.Y. 2015), *aff'd*,
  669 Fed. Appx. 59 (2d Cir. 2016)........................................................ 19

*Merchant Transaction Systems, Inc. v. Nelcela, Inc.*
  2009 WL 2355807 (D. Ariz., July 28, 2009).................................................. 14

*Newton v. Diamond*
  204 F. Supp. 2d 1244 (C.D. Cal. 2002) .................................................... 15

*Nwosuocha v. Glover*
  2023 U.S. Dist. LEXIS 50764 (S.D. N.Y. 2023)............................................... 13

*Ricketts v. Haah*
  2013 WL 3242947, at *2 (C.D. Cal. June 26, 2013) ..................................... 9

*Rose v. Hewson*
  2018 WL 626350, at *7 (S.D. N.Y. Jan. 30, 2018) ....................................... 19

*Shaheed-Edwards v. Syco Entm't, Inc.*
  2017 WL 6403091 (C.D. Cal. Dec. 14, 2017)............................................ 10, 14

*Skidmore v. Led Zeppelin*
  952 F.3d 1051 (9th Cir. 2020) ...................................................... 19

*Steel Warehouse Cleveland, LLC v. Velocity Outdoor, Inc.*
  2023 WL 2264257, at *2 (N.D. Ohio Feb. 28, 2023).................................... 14

DEFENDANTS' MOTION TO DISMISS

*Steward v. West*
  2014 WL 12591933, at *10 (C.D. Cal Aug. 14, 2014) ................................. 21

*Structured Asset Sales, LLC v. Sheeran*
  2023 U.S. Dist. LEXIS 86847 (S.D. N.Y. 2023)........................................... 12

*Swirksky v. Carey*
  376 F.3d 841 (9th Cir. 2004) ....................................................................... 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd*
  551 U.S. 308 (2007) ....................................................................................... 9

*VMG Salsoul, LLC v. Ciccone*
  824 F. 3d 871 (9th Cir. 2016) ...................................................................... 21

*Walker v. Time Life Films, Inc.*
  784 F. 2d 44 (2nd Cir. 1986) ....................................................................... 13

*Weber v. Dep't of Veteran Affairs*
  521 F.3d 1061 (9th Cir. 2008) ....................................................................... 9

*Williams v. Gaye*
  895 F.3d 1106 (9th Cir. 2018) ..................................................................... 10

*Zany Toys, LLC v. Pearl Enterprises, LLC*
  2014 WL 2168415, at *12 (D. N.J. May 23, 2014)....................................... 16

**STATUTES**

17 U.S.C. § 114(b) .......................................................................................... 15

**RULES**

Fed. Rules Civ. Proc., rule 8 ........................................................................... 12

Fed. Rules Civ. Proc., rule 12(b)(6)............................................................ 5, 9,
                                                                                               11

DEFENDANTS' MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF ARGUMENT

Plaintiffs assert claims for copyright infringement against more than 300 parties, including the Moving Defendants. Because Plaintiffs cannot show the infringement occurred with respect to protectable copyrights owned by Plaintiffs, this Complaint should be dismissed with prejudice.

## II.

## INTRODUCTION

Plaintiffs' Second Consolidated Amended Complaint ("SCAC") is the sixth complaint they have filed in this action.  Plaintiffs claim ownership of an entire genre of basic core music – the 'rhythm of "reggaeton" based upon simple, rote, unprotectable common music elements, which are nothing more than common drum beats of single notes.

Plaintiffs' SCAC fails to plead the most fundamental elements of a copyright infringement claim, in that it fails to allege: 1) what works Plaintiffs actually own; 2) what protectable elements in which musical compositions or sound recordings have allegedly been infringed; and most relevant, 3) what elements in any of the Moving Defendants' works are infringing and whether that infringing is of a musical composition, sound recording or both.  The particular (minimal) allegations against the Moving Defendants do not  compare Plaintiffs' work to any of the works of these Defendants, eliminating those portions that are not alleged to be infringing.

Plaintiffs' theory of the case is a modern day version of copyright, "whisper down the lane." Plaintiffs allege that Steeley and Clevie created "Fish Market" in 1989. (SCAC, ¶180), which was a "dance Hall song released in Jamaica in 1989 on an obscure record label and then, in 1990, non-party, Shabba Ranks copied "Fish

4

Market" when he created "Dem Bow (SCAC, ¶181), which then morphed into "Pounder" recorded by non-party, Dennis "The Menace" Halliburton (SCAC, ¶182) which became "Pounder Riddim II," and somewhere down this lane, each of the 300 or so defendants copied the basic building blocks that emanated with Fish Market. Plaintiffs admit that they do own and have no copyright registration for "Dem Bow," "Pounder" or "Pounder Riddim II" and there is ONLY a copyright registration for Fish Market.

However, the minimal portion of each of the infringed works (that is alleged to be infringed) are nothing more than basic building blocks of music and which are described in SCAC, paragraphs 180, 181, and 188. Plaintiffs admit these basic building blocks is what defines the genre of Reggaeton music. This is no different to basic "down beats" that defines the genre of Reggae, or the same four-chords that defines classic rock (E, B, C minor and A) or the same organ music that defines church music, or the same basic building blocks of rhythms that defines salsa music, etc. Throughout this motion, these Moving Defendants describe the unflinching law holding that no one claimant can own such basic building blocks of music.

Moving Defendants are entitled to an order of dismissal under Rule 12(b)(6) for at least five reasons:

(1) Plaintiffs have no standing to assert claims for infringement of the alleged infringed portions of the underlying music of *Dem Bow*, the "Pounder Riddim," or *Pounder Dub Mix II*. Yet, the SCAC repeatedly alleges infringement of those works, and infringement of *Fish Market* (a work that Plaintiff may or may not own) by "extension" through copying of what is merely unspecified portions of one or more of the works created by these Defendants, which these Defendants have described as copyright "Whisper Down the Lane."

(2) The SCAC does not identify what original copyrightable elements in *Fish Market* have been infringed by the Moving Defendants, other than loosely

_____

describing generic common drum beats and "minimalistic bass lines" (SCAC, ¶180), which this Court can easily determine are non-protectable portions of Plaintiffs' works, and Plaintiffs have merely generally claimed similarities to Moving Defendants' works.

(3)  The SCAC offers only conclusory allegations that some of  the allegedly infringing works incorporate a "sample" or <u>exact copy</u> of the *Fish Market* sound recording and/or composition, without pleading any specific facts or identifying the exact sample.

(4)  The SCAC does not describe whether the infringement claim relates to the *Fish Market* <u>composition</u> or the *Fish Market* <u>sound recording</u> and does not set forth that any of the Moving Defendants have infringed either.

(5)  The SCAC does not have any specific factual allegations as to any of the Moving Defendants, only loosing claiming "protectable elements" in Plaintiffs' works have been infringed without describing what these protectible elements are (other than in SCAC, ¶180).

The test for copyright infringement is substantial similarity. If one follows Plaintiffs' arguments that all 1,700 songs sound substantially similar to *Fish Market*, that would mean, for example, that every Pitbull song sounds alike, every Maluma song sounds alike, etc. The Court should dismiss the SCAC upon a finding that the similar drum beats are unprotectable and no reasonable jury could find that these 1,700 songs sound substantially similar to Plaintiffs' old and obscure work.

### III.

### BACKGROUND AND SUMMARY OF ALLEGATIONS

**A.**   <u>**Plaintiffs' Claimed Ownership of Four Works**</u>

Plaintiffs claim to own "rights" in (but not ownership of) four "works": (i) the *Fish Market* <u>composition</u>; (ii) the *Fish Market* <u>sound recording</u>; (iii) the *Dem*

DEFENDANTS' MOTION TO DISMISS

*Bow* musical composition; and (iv) the *Pounder Dub Mix II* sound recording. (SCAC, ¶¶ 4-7; 179-184.)  As shown below, Plaintiffs do not own all four works and Plaintiffs do not pled that Moving Defendants infringed upon <u>protectible</u> elements of the work Plaintiffs do own.

### 1.    Fish Market

Browne and Johnson claim they wrote and recorded *Fish Market* <u>in 1989</u>, in Jamaica and before Jamaica had any copyright laws.  (SCAC, ¶¶ 175, 179.)  *Fish Market* is an instrumental work consisting of:

> "[A]n original drum pattern . . . a programmed kick, snare, and hi-hat playing a one bar pattern[,] percussion instruments, including a tambourine playing through the entire bar, a synthesized 'tom' playing on beats one and three, and timbales that play a roll at the end of every second bar and free improvisation over the pattern for the duration of the song[,] and a synthesized Bb (b-flat) bass note on beats one and three of each bar, which follows the aforementioned synthesized 'tom' pattern."  (SCAC, ¶ 180.)

As shown below, as a matter of law, this common instrumental of simple, basic one note drum beats or patterns is so basic, it is not (and cannot be) protectable.

### 2.    Dem Bow

Browne and Johnson claim to have co-authored another composition, *Dem Bow,* with Shabba Ranks, which they describe as a "drum pattern, the drum components, including the kick, snare, hi-hat, tom and timbales as well as the full bassline."  (SCAC, ¶183.)  Plaintiffs do not assert that any of the Moving

DEFENDANTS' MOTION TO DISMISS

Defendants have infringed upon this composition.

### 3. Pounder Riddim

Plaintiffs claim that "Pounder Riddim," created by Dennis "The Menace" Haliburton is a derivative work of either Fish Market or Dembow. However, the SCAC does not provide any comparison of common notes, chords, melody, rhythms, etc. Plaintiffs admit Pounder Riddim is not registered with the U.S. Copyright Office as a derivative work and Plaintiffs never claimed they owned "Pounder Riddim." While Plaintiffs make the conclusory allegation that "Pounder Riddim" is "virtually identical" to *Fish Market*, they provide no detail of same and they do not claim these Moving Defendants infringed upon Pounder Riddim.

### 4. Pounder Dub Mix II

Plaintiffs do not allege that any of the Moving Defendants infringed upon *Pounder Dub Mix II*. Plaintiffs then claim *Pounder Riddim* was used to create the sound recording for *Pounder Dub Mix II,* and that *Pounder Dub Mix II* "has been sampled by numerous artists, but not these Moving Defendants."  (SCAC,  ¶184.)

### B. The Allegedly Infringing Works and The Moving Defendants

The SCAC alleges that anywhere from some 1,678 to 4,000 compositions "and/or" recordings infringe one or more of these four works.  Plaintiffs do not identify **which** of these Moving Defendants' works is infringing upon what copyright.

/ / /

/ / /

DEFENDANTS' MOTION TO DISMISS

**IV.**

**ARGUMENT**

**A.     Rule 12(b)(6) Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[B]lanket assertions," "labels and conclusions," and a "formulaic recitation of the elements of a cause of action" fail to satisfy this threshold.  *Twombly*, supra, 550 U.S. at 555 n. 3; *see also Iqbal*, supra, 556 U.S. at 678 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

In ruling on a Rule 12(b)(6) motion, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, supra, 556 U.S. at 678.  A complaint is properly dismissed if it fails to "plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Weber v. Dep't of Veteran Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Twombly*, supra, 550 U.S. at 555).

On a Rule 12(b)(6) motion, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  This includes copyright registration certificates and information from the U.S. Copyright Office's online public catalog.  *See, e.g., Elohim EPF USA, Inc. v. Total Music Connection, Inc.,* No. CV 14-02496-BRO (EX), 2015 WL 12655556, at *8 (C.D. Cal. Oct. 1, 2015); *Ricketts v. Haah,* No. 2:13-CV-00521-ODW, 2013 WL 3242947, at *2 (C.D. Cal. June 26, 2013).

**B.     Pleading Standards Applied to Copyright Infringement Actions**

To establish copyright infringement, Plaintiffs must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

original." *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).

"[A]bsent direct evidence of copying" (and none is alleged here as to the Moving Defendants), a plaintiff may satisfy the copying elements with "fact based showings that the defendant had access to the plaintiff's work and that the two works are 'substantially similar.'" *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018). The *Twombly* standard "demands more than listing elements in [a] vague and conclusory fashion (as Plaintiffs have done in the SCAC); it requires a plaintiff to '*compar[e] those elements for proof of copying*.'" *Hayes v. Minaj*, 2012 WL 12887393 (C.D. Cal. Dec. 18, 2012).   A plaintiff must plead "*which portions, aspects, lyrics or other elements of the two works are substantially similar*." *Id.* at *5 (dismissing complaint for failure to sufficiently allege similarity, stating, "[t]o avoid dismissal, Plaintiff must identify the particular aspects of the book that are allegedly copied in the Series"); *Shaheed-Edwards v. Syco Entm't, Inc.*, 2017 WL 6403091 (C.D. Cal. Dec. 14, 2017) (dismissing complaint for failure to state a claim where "Plaintiffs' allegations that the chorus, concept, and cadence of the two songs are similar [were] merely conclusory and [could not] be sustained without more specificity"); *Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*, 2018 WL 1242053, at *3-5 (N.D. Cal. March 8, 2018) (dismissing claims where plaintiff did not sufficiently allege which elements of allegedly infringed work were substantially similar to protectable elements in plaintiff's works).  Dismissal is appropriate at the motion to dismiss stage "where the alleged similarities is only of unprotectable material." *Masterson v. Walt Disney Co.,* 821 F. Appx. 779, 781 (9th Cir. 2020).

Moreover, in order to satisfy the copying prong, a plaintiff is required to allege that the defendant's work copied *protectable* elements of plaintiff's work. Copyright protection only protects the plaintiff's protected *original expression*. *See Swirsky v. Carey*, 376 F.3d 841, 844 (9th Cir. 2004), as amended on denial of

DEFENDANTS' MOTION TO DISMISS

reh'g (Aug. 24, 2004). Originality is "the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Feist*, supra, 499 U.S. at 348.  The critical inquiry is whether the defendant copied any <u>original element</u> of the plaintiff's work that is <u>protected</u> by copyright law. (emphasis added). Id. at 348, 361. As shown below, the minimal portions of Plaintiffs' works (that they claim is infringed upon) are nothing more than non-protectible drum beats, common rhythms, which as a matter of law cannot form the basis of an infringement action.

**C.**   <u>**Plaintiffs Improperly Claim Infringement of Works They Do Not Own**</u>
<u>**And for Which They Have No Standing To Sue**</u>

The SCAC alleges that Plaintiffs "possess copyright ownership and U.S. [copyright] registration" in four (4) works  (SCAC, ¶¶ 179, 189, 200.)  Yet, nowhere do Plaintiffs identify or attach a copyright registration for ***any*** of the four works.

Plaintiffs do not own or even claim to own "*Pounder Riddim*." Plaintiffs nonetheless assert that any musical work that infringes work (*Pounder Riddim*) must also somehow infringe either (*Fish Market*) or (*Pounder Dub Mix II*). SCAC, ¶¶ 184, 188. Any copying, interpolating, or sampling of the *Pounder Riddim* is a copying or interpolation of *Fish Market's* composition. SCAC, ¶ 188, n. 5, ¶ 226.)

It is axiomatic that Plaintiffs cannot sue for infringement of copyrights they do not own.  (the "*Pounder Riddim*") and they do not claim the Moving Defendants infringed on the *Pounder Dub Mix II*, or upon the lyrics of *Dem Bow*. That leaves Plaintiffs with only *Fish Market* and the lyrics of *Dem Bow*. Plaintiffs only generally claim that the Moving Defendants infringed upon *Fish Market. See* SCAC, ¶ ¶ 238, 389, 391, 506, 530, 616, 630, and 638.

DEFENDANTS' MOTION TO DISMISS

### 1. Plaintiffs Do Not Claim That The Moving Defendants Have Infringed Upon Protectible Portions of *Dem Bow*

To satisfy Rule 8 and Rule 12(b)(6) in a copyright infringement action, Plaintiffs must plead infringement of their protected ***original expression***. *Apps v. Universal Music Group, Inc.*, 283 F. Supp.3d. 946, 952 (D. Nev. Apr. 27, 2018), *aff'd*, 763 Fed. Appx. 599 (9th Cir. 2019). *See also Feist*, 499 U.S. at 361 ("not all copying is copyright infringement").

Plaintiffs do not plead which portions of the Moving Defendants' allegedly infringing works includes protectable elements of Plaintiffs' ***copyrighted works***. As demonstrated below, the limited portions of Plaintiffs' works that they do claim the Moving Defendants have infringed is, as a matter of law, unprotectable common drum beats and basic rhythms.

Other courts have held that copyright infringement claims cannot be established where the allegedly protected work was deemed to be merely comprised of "basic building blocks of music." *See Structured Asset Sales, LLC* v. *Sheeran*, 2023 U.S. Dist. LEXIS 86847 (S.D. N.Y. 2023) (granting defendant's motion for summary judgment where basic chord progressions and harmonic rhythms were at issue), *Gray* v. *Hudson*, 28 F. 4th 87, 102 (9th Cir. 2022) (affirming the trial court's decision to grant defendant's motion for judgment as a matter of law because the two-note snippet of a descending minor scale with some repeating notes consisted entirely of commonplace musical elements that are not protected by copyright), *Cottrill* v. *Spears*, 2003 U.S. Dist. LEXIS 8823 (E.D. P.A. 2003) (granting defendants' motion for summary judgment finding four commonplace musical elements were not numerous enough to warrant protection).

In a case cited more than 300 times, *Gaste* v. *Kaiserman*, the 2nd Circuit considered the "limited number of notes and chords available to composers (acknowledging) that common themes frequently reappear in various compositions, especially in popular music". *See* 863 F. 2d 1061, 1068 (2nd Cir.

DEFENDANTS' MOTION TO DISMISS

1988).  *Nwosuocha* v. *Glover*, 2023 U.S. Dist. LEXIS 50764 (S.D. N.Y. 2023) (granting the defendants' motion to dismiss finding copyright protections exclude "basic building blocks of music including tempo and individualized notes"). Other courts have found that common rhythms, song structures and harmonic progressions, as well as lyrical themes, similar concepts, short phrases, and similar melody, are not protectable. See e.g.  *Guity* v. *Santos*, 2019 U.S. Dist. LEXIS 210125 (S.D. N.Y. 2019);  *Intersongs-USA* v. *CBS, Inc.*, 757 F. Supp 274, 282 (S.D. N.Y 1991) (concluding that common elements like song structure patterns and harmonic progressions are found in many other well-known songs and are therefore unoriginal and constitute "scenes a faire", or ordinary, unprotectable expression) (citing *Walker* v. *Time Life Films, Inc.*, 784 F. 2d 44, 50 (2nd Cir. 1986). *Currin* v. *Arista Records, Inc.*, 724 F. Supp 2d 286 (granting defendant's motion for summary judgment holding tempo cannot be protected by copyright). *Batiste* v. *Najm*, 28 F. Supp. 3d 595 (E.D. La. 2014). ("beats, chords, chants, horns, lyrics which are nothing more than short phrases, and "gliss" are not protectable, as "basic harmonic and rhythmic building blocks of music." There can be no clearer example of "basic building blocks of music" than the basic drum beats and the "minimalistic bass line" alleged in this case. Also see *Gray v. Perry,* 2020 WL 1275221 (C.D. Cal. 2020) (rhythm is not a protectable element).

The Court should consider the contra holding in *Lois* v. *Levin*, 2022 U.S. Dist. LEXIS 168358 at *12 (C.D. Cal., 2022) where a motion to dismiss was denied and compare that case  to Plaintiffs' allegations in paragraph 180 of the SCAC.  In *Lois*, the court held that a pleading of infringement upon  "note intervals, beat patterns, use of a guitar slide…AND guitar feedback…" may be sufficient for a jury to base a finding of striking similarity." These elements (guitar slide and guitar feedback) are more unique and expressive, as opposed to the  basic common single note drum beats described in paragraph 180 of the SCAC, because they demonstrate a far greater modicum of creativity. Also compare Judge

DEFENDANTS' MOTION TO DISMISS

Wilson's ruling in *Lois* to his ruling in *Hanagami* v. *Epic Games Inc.*, 2022 U.S. Dist. LEXIS 161823 (C.D. Cal. 2022) where he granted a motion to dismiss upon finding that certain dance moves (such as a basic waltz step, a basic hustle step and the second position of classical ballet were uncopyrightable) as compared to copyrightable choreography.

This Court should dismiss this copyright infringement action at the 12(b)(6) stage, upon a finding that the allegations in paragraph 180 of the SCAC do not meet the pleading sufficiency described in *Lois*.  *See Hayes*, 2012 WL 12887393, at *5; *Shaheed-Edwards,* 2017 WL 6403091, at *3; *Blizzard Entm't, Inc.*, 2018 WL 1242053, at *3-5.  Plaintiffs have failed to satisfy their pleading requirements because alleged copying must identify what elements in what work are copied, not through some daisy chain of alleged "derivative" works.  *See id; see also, e.g. Johnson v. Gordon*, 409 F.3d 12, 19-20 (1st Cir. 2005) (a plaintiff "may bring a suit for unauthorized distribution of an unregistered derivative work" only if "the suit is ***based on elements 'borrowed' from a registered underlying work and not on elements original to the derivative work***"); *id.* at 19 (a "plaintiff cannot, as a matter of law, stretch the carapace of [its] ownership [or one registered copyrighted work] to garner copyright protection for elements unique to [an unregistered derivative] long version" of that work); *Merchant Transaction Systems, Inc. v. Nelcela, Inc.*, 2009 WL 2355807 (D. Ariz., July 28, 2009), at *3 ("the MTSI software may serve as a basis for the Lexcel Parties' infringement claim ***only to the extent that the MTSI software contains the same identified, protectable elements as the Lexcel software***"). Emphasis added.

## 2.   The SCAC Fails to Distinguish Between Infringement Claims Involving Sound Recordings From Infringement Claims Involving Musical Compositions

With respect to the *Fish Market* sound recording, Plaintiffs plead that either

14

the *Fish Market* musical composition "***and/or***" the *Fish Market* sound recording have been infringed. [Emphasis added.] (*See, e.g.*, SCAC, ¶¶ 204, 219, 277, 299, 300.)  That is improper.  *See, e.g.*, *Anthony v. Pro Custom Solar, LLC*, 2022 WL 1634870, at *4 (C.D. Cal. Jan. 21, 2022) (finding "and/or" allegations insufficient because it alleged one of two possibilities); *Steel Warehouse Cleveland, LLC v. Velocity Outdoor, Inc.*, 2023 WL 2264257, at *2 (N.D. Ohio Feb. 28, 2023) ("Plaintiff's 'and/or pleading' gambit falls short of the basic requirements of Rule 8 and *Twombly*.").

Contrary to the allegations of paragraph 194 of the SCAC, Exhibit A provides no information whether the any of the Moving Defendants' "songs" or sound recordings  have infringed Plaintiffs' musical compositions or sound recordings.

The SCAC's failure to specify whether Plaintiffs' works were infringed by defendants' sound recordings or musical compositions fails to comply with Rule 8. "Sound recordings and their underlying musical compositions are separate works with their own distinct copyrights." *Drive-In Music Co., Inc. v. Sony Music Ent.*, 2011 WL 13217236, at *3 (C.D. Cal. Apr. 18, 2011); *see also Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-49 (C.D. Cal. 2002).

Not only are sound recordings and musical compositions separate works with separate copyrights, they are owned by separate defendants and the rights protected are  different. "The rights of a copyright in a sound recording do not extend to the song itself, and vice versa." *Drive-In Music*, 2011 WL 13217236, at *3 (citing H.R. Rep. No. 94–1476, 94th Cong., 2d Sess. 56, reprinted in 1976 U.S. Code Cong. & Ad. News 5659, 5669)).  "The exclusive right of the owner of a copyright in a sound recording ... is limited to the right to duplicate the sound in the form of phonorecords or copies that directly or indirectly ***recapture the actual sounds fixed in the recording***." 17 U.S.C. § 114(b).  "The exclusive rights of the owner of copyright in a sound recording ... do not extend to the making or

DEFENDANTS' MOTION TO DISMISS

duplication of another sound recording that consists of an entirely independent fixation of other sounds, ***even though such sounds imitate or simulate those in the copyrighted sound recording***." [Emphasis added.] *Id.*; *accord see* 2 Nimmer on Copyright, § 8.05[A] (2021) (explaining that "mere similarity due to imitation will not suffice to establish infringement").

Where the complaint does not allege that the actual sounds fixed in the sound recording were duplicated, the complaint will be dismissed. *See Marshall v. Huffman*, 2010 WL 5115418, at *4 (N.D. Cal. Dec. 9, 2010); *see also, e.g.*, *Drive-In Music*, 2011 WL 13217236, at *4; *Zany Toys, LLC v. Pearl Enterprises, LLC*, 2014 WL 2168415, at *12 (D. N.J. May 23, 2014) (the Copyright Act "confers more limited rights" to sound recordings than to other types of copyrighted works, and finding that "[w]ithout any factual allegations that the actual sounds fixed in [the plaintiff's] copyrighted recording were directly duplicated by [the defendant] into its product, rather than imitated (even if such imitation [was] deliberate), [the plaintiff] … failed to properly allege a claim for copyright infringement of its sound recordings.").

### 3. Even for Works Alleged to Infringe Timely-Registered Copyrights, Plaintiffs Fail to Satisfy the Relevant Pleading Standards

Even for the works for which Plaintiffs have properly pled ownership and standing, they have failed to sufficiently plead a claim for infringement.  In paragraph 193 of the SCAC, Plaintiffs plead that the groups of Defendants fall into 59 categories and these Moving Defendants fall into the following groups.

> 13 Works of Carlos Vives
> 15 Works of CNCO
> 19 Works of De La Ghetto
> 37 Works of Los Legendarios

DEFENDANTS' MOTION TO DISMISS

39 Works of Maluma

41 Works of Myke Tower

46 Works of Pitbull

54 Works of Wisin

55 Works of Wisin & Yandel (also see para. 238)

57 Works of Yandel

Plaintiffs' complaint asserts that each one of these artists (each) has the exact same underlying musical bed in more than 30 of their songs. See SCAC ¶ 190. However Plaintiffs are not clear if the works of the Moving Defendants infringe upon Fish Market, Dem Bow OR Pounder. See SCAC 198.

Nowhere does the SCAC even identify **which** of Plaintiffs' copyrighted works (if any) were allegedly infringed by **which of these Moving Defendants**, let alone the specific protectable elements that were infringed by the specific defendant.

## 4. Deficient Allegations of the Infringement of the *Fish Market* Composition

While the SCAC claims 1672 to 4000 allegedly infringing works, Plaintiffs provide transcriptions identifying the alleged similarities between an alleged infringing work and *Fish Market* for only 33 of those works.  (*See, e.g.*, SCAC, ¶¶ 221-229; 279-296; 336-344, except as the allegations in para. 238, 269 and para. 389-392 (as to Carlos Vives), para. 397 — 400 (as to CNCO) para. 413-416 (as to De La Ghetto), para. 504-507 (as to Los Legendarios) and para. 512-531 (as to Maluma), para 536-539 (as to Myke Tower), para 614-617 (as to Wisin) para 618-630 ( as to Wisin and Yandel) and para 635-638 (as to Yandel).

In these pleadings, Plaintiffs only generally plead the Moving Defendants' works copy "primary rhythm/drum sections." Most relevantly, no substantial similarity of  any protectable copyrighted material is even pled for any of the

DEFENDANTS' MOTION TO DISMISS

Moving Defendants.

For all but 33 works (but none of these Moving Defendants), the SCAC lacks any non-conclusory allegations of infringement.  Instead, Plaintiffs sometimes also use the improper "and/or" allegation, merely alleging that those works "incorporate ... a verbatim copy of the Fish Market Composition as the primary rhythm/drum section."

As to Maluma, in paragraphs 514 — 529, and as to Wisin and Yandel in paragraphs 621-628) the Plaintiffs do make more detailed pleadings of the alleged infringing material however, these pleading clearly show the only infringed material is nothing more than non-protectable basic drum beats and core rhythms….*i.e.,* the so-called "basic building blocks of music."

These vague "catch all" allegations do not suffice under the *Twombly* particularity standard, which requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," especially since the allegations are of nothing more than "basic building blocks of music." *Twombly*, 550 U.S. at 555.  It requires a plaintiff to identify in its pleading "***which portions, aspects, lyrics or other elements of the two works are substantially similar***," and to "***compar[e] those elements for proof of copying***.'"  Emphasis added *Hayes*, 2012 WL 12887393, at *5.

The SCAC's failure to plead any non-conclusory allegations of substantial similarity between the allegedly infringing works and the *Fish Market* composition requires the dismissal of these Moving Defendants.

**5.    In the Few Instances Where Plaintiffs Have Identified Alleged "Similarities" Between A Defendant's Work and *Fish Market*, The Comparison Demonstrates That There Is No Similarity In A Protectable Expression**

Finally, for the 33 works for which Plaintiff provided transcriptions (*See*

18

SCAC, ¶¶ 221-229; 280-296; 336-344), and as to the allegations against Maluma and Wisin and Yandel the allegations regarding the use of basic drum beats and common patterns show that the alleged infringing material is nothing more than " hi-hat patterns", " snare drum patterns",  "rim shots", a "2 bar timbale"  or "kick drums")  and it is alleged to  be similar only in the tempo being played.  <u>Tempo, as a matter of law, is commonplace and unprotectable</u>. This court should take note NONE of the alleged infringed material goes beyond the basic building blocks of underlying drum beats of single notes played at a common tempo.

The Plaintiffs cannot claim copyright in a rhythm based upon a common tempo. *Currin v. Arista Records, Inc.*, 724 F. Supp. 2d 286, 291 (S.D.N.Y. Apr. 15, 2010 ("courts have held that certain commonly-used elements such as . . . the use of the eight-measure phrase, or the use of 4/4 rhythm, are not, in themselves, protectable"); *Lane v. Knowles-Carter*, 14 CIV. 6798 PAE, 2015 WL 6395940, at *5 (S.D.N.Y. Oct. 21, 2015) ("meter and tempo" and "common rhythms [and] song structures" not protectable); *Rose v Hewson,* No. 17-cv-1471, 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018) ("general rhythmic style" not protectable); *McDonald v. West*, 138 F. Supp. 3d 448, 458 (S.D.N.Y. 2015), *aff'd*, 669 Fed. Appx. 59 (2d Cir. 2016) (a "rhythm's style or general feel [are] both uncopyrightable"); *Batiste v. Najm*, 28 F. Supp. 3d 595, 616 (E.D. La. 2014)("'[O]riginality of rhythm is a rarity, if not an impossibility,'" as "there are only a limited number of tempos, and 'these appear to have been long since exhausted.'"  Thus, "courts have been consistent on finding rhythm to be unprotectable."); *see also Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1070 (9th Cir. 2020) (en banc) ("'[A] musical building block . . . is something that no one can possibly own.'").

In *Batiste,* the plaintiff brought a copyright infringement action against dozens of defendants, alleging that 45 of his music compositions were infringed in various beats, chords and lyrics in 63 of the defendant's songs. The Eastern

DEFENDANTS' MOTION TO DISMISS

District Court of Louisiana granted the defendant's motion in part, finding that customary chords and beats in popular music are unprotectable "scenes a' faire" or material that is standard to a particular subject matter. *Id.* at 600. "Basic rhythmic building blocks of music have long been treated by the courts as unoriginal elements that are not entitled to copyright protection." *Id.* at 615. "Exploiting a chord progression in an original manner is a rarity." *Id.* at 616.

In *Gray v. Perry*, No. 215CV05642CASJCX, 2020 WL 1275221, at *4-5 (C.D. Cal. Mar. 16, 2020), the court held that the plaintiffs could not claim that the instrumental beat of the ostinato – "a short musical phrase or rhythmic pattern repeated in a musical composition" – in their allegedly infringed work was protectable original expression. *Id.* at 5. Noting that "many if not most of the elements that appear in popular music are not individually protectable," *citing* 1 Nimmer on Copyright § 2.05 (2019) ("In the field of popular songs, many, if not most, compositions bear some similarity to prior songs."), the court stated that "[m]usical elements that are 'common or trite' – such as the '*use of a long-short-long rhythm'* ... certain '*tempos*,' ... the *alternating 'emphasis of strong and weak beats*,' '*syncopation*,' ... or the use of 'basic musical devices in different manners,' ... *are, accordingly, not protectable*." *Id.* (citing cases). "*Nor are other elements* 'ubiquitous in popular music' *like* '*rhythms*,' 'glissando[s],' 'chants,' 'the use of horns,' or 'jingling or pulsing synthesizer element[s]' *entitled to protection*. *Id.* (citing cases). Emphasis added.

Here, for example, the transcribed drum beats purportedly contained in *Fish Market* shows that the only similarities between the two works are that the kick drum in both works are playing a basic quarter note pattern in 4/4 time. (*See* SCAC ¶ 221). The rhythmic pattern being played by the tom, snare, hi hat and bass in *Besame* are all materially different than the pattern being played by those instruments in Fish Market. Plaintiffs do not assert if there are tambourine or timbale rhythms in any of the works of the Moving Defendants, let alone those

DEFENDANTS' MOTION TO DISMISS

that are similar to those in *Fish Market*.  The transcriptions reveal that the *Besame* drum beats are not similar (let alone substantially similar) to the *Fish Market* drum beat.

Similarly, the transcribed drum beats purportedly contained in *Fish Market* and *Calypso* show that the only similarities between the two works are that the kick drum in both works are playing a basic quarter note pattern in 4/4 time.  (*See* SCAC, ¶ 222).   The rhythmic pattern being played by the snare, hi hat and bass in *Calypso* are different than the pattern being played by those instruments in *Fish Market*.  There are no hi hat, tom, tambourine or timbale rhythms in *Calypso*, let alone any similar to those in *Fish Market*.  The transcriptions reveal that the drum beats are not even similar (let alone substantially similar) to the transcribed *Fish Market* drum beat.  A review of the other comparative transcription pairs (SCAC ¶¶ 223-229; 280-296; 336-344) shows the same lack of similarity to any protectable element of *Fish Market*.

The Court should dismiss a claim based on substantial similarity if it finds that no reasonable juror would listen to the portions of the two recordings at issue and recognize them as substantially similar in protectable expression.  *See Steward v. West*, CV1302449BROJCX, 2014 WL 12591933, at *10 (C.D. Cal Aug. 14, 2014) (granting 12(b)(6) motion to dismiss copyright infringement claim because "it is clear from the recordings that 'the average audience, or ordinary observer,' would not recognize these works as the same."); *VMG Salsoul, LLC v. Ciccone,* 824 F. 3d 871, 879 (9th Cir 2016) ("listening to the audio recordings confirms what the foregoing analysis of the composition strongly suggests: A reasonable jury could not conclude that an average audience would recognize an appropriation…."); *Christianson v. West Pub. Co*., 149 F.2d 202, 203 (9th Cir. 1945) ("There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss.").

1    While these Moving Defendants are not suggesting that (at this stage) the
2 Court should listen to the thousands of recordings at issue, it is undeniable that
3 based on Plaintiffs' transcriptions and the minimal descriptions of the alleged
4 infringing portions of the Defendants recordings, no reasonable juror could find
5 any actionable similarity between any protectable element of *Fish Market.*

### 6.    Dismissal is Appropriate for Claims of Secondary Liability

Finally, as to the 3 Moving Defendants that are only alleged to be
vicariously liable for infringement of their artists (Mr. 305, Inc, WK Records, Inc.,
and LA Base Music Group, Inc) the claims against them should be dismissed for
the same reasons  set forth with respect to their underlying artists. *A and M
Records v. Napster,* 239 F. 3d 1004 (9th Cir. 2000).

### 7.    The Moving  Defendants Adopt and Join in the Arguments and Authorities Advocated by the Other Defendants.

## V.

## CONCLUSION

Based upon the foregoing, the SCAC should be dismissed with prejudice.

## Certificate of Meet and Confer

Richard Wolfe  certifies that on June 5, 2023, he met and conferred with
counsel for Plaintiff, and was unable to reach an agreement with respect to the
relief sought in the foregoing motion.

DEFENDANTS' MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

CHASSMAN & SEELIG, LLP

DATED: June 15, 2023          By: */s/ Mark B. Chassman*_____

Mark B. Chassman (CA Bar No. 119619)
Email: mchassman@chassmanseelig.com
CHASSMAN & SEELIG LLP
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Telephone: (310) 929-7192
Fax: (310) 929-7627

Richard C. Wolfe
(*Pending Pro Hac Vice*)
Email: rwolf@wolfelawmiami.com
WOLFE LAW MIAMI, P.A.
Latitude One Building
175 SW 7th Street, Suite 2410
Miami, Florida 33130
Telephone: (305) 384-7370
Fax: (305) 384-7371

Attorneys for Defendants WK Records, Inc.,
Llandel Veguilla pka "Yandel," Juan Luis
Morera Luna pka "Wisin," Ernest Padilla,
Mr. 305 Inc., Marcos Alfonso, Ramirez
Carrasquillo, Victor Rafael Torres
Betancourt, La Base Music Group, LLC,
Juan Luis Londono Arias pka "Maluma,"
Carlos Alberto Vives Restrepo pka "Carlos
Vives," Daniel Oviedo pka "Ovy on the
Drums," Michael Monge pka "Myke
Tower," Geoffrey Royce Rojas pka "Prince
Royce," Rafael Torres pka "De La Ghetto,"
Richard Camacho, Erick Brian Colon,
Christopher Velez, and Zabdiel De Jesus

23