DAVID M. GIVEN (State Bar No. 142375)
*dmg@phillaw.com*
BRIAN S. CONLON (State Bar No. 303456)
*bsc@phillaw.com*
ROBERT CARROLL III (State Bar No. 314345)
*rxc@phillaw.com*
NINA C. POUGET (State Bar No. 332958)
*ncp@phillaw.com*
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA 94129
Telephone: 415-398-0900
Fax:         415-398-0911

*Attorneys for Defendants Empire Distribution, Inc. and William Sami Etienne Grigahcine*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, an individual; ANIKA JOHNSON, as personal representative and executor of the ESTATE OF WYCLIFFE JOHNSON, deceased; STEELY & CLEVIE PRODUCTIONS LTD., and CARL GIBSON, as personal representative and executor of THE ESTATE OF EPHRAIM BARRETT, <br><br> Plaintiffs, <br><br> v. <br><br> RODNEY SEBASTIAN CLARK DONALDS, et al. <br><br> Defendants. | Case No. 2:21-cv-02840-AB-AFM <br><br> **DEFENDANTS EMPIRE DISTRIBUTION, INC. AND WILLIAM SAMI ETIENNE GRIGAHCINE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINDER IN CO-DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND, IN THE ALTERNATIVE, RULE 12(e) MOTION FOR MORE DEFINITE STATEMENT** <br><br> Date:       September 22, 2023 <br> Time:       10 A.M. <br> Courtroom:  7B <br> Judge:      Hon. André Birotte Jr. <br><br> Complaint Filed: May 16, 2022 <br> Trial Date:      TBD |

**MPA ISO JOINDER OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT — Case No. 2:21-cv-02840**

1

## I. INTRODUCTION

Empire Distribution Inc. ("Empire") and William Sami Etienne Grigahcine, p/k/a DJ Snake ("DJ Snake") are two of scores of Defendants identified in Plaintiffs' sixth version of its complaint—the Second Consolidated Amended Complaint (SCAC). They, like other Defendants, are named apparently only because they have created or profited from Reggaeton music. Plaintiffs claim, in essence, to own the entire genre and seek to hold anyone who has participated in that genre of music liable for direct, vicarious, and/or contributory copyright infringement just because that genre, like many others, generally contains similar commonplace or unprotectable musical elements.

For all of the reasons set forth in the Rule 12(b)(6) motion to dismiss filed by the co-defendants represented by Pryor Cashman LLP ("the Pryor Cashman Represented-Defendants' Motion"), this case should be dismissed with prejudice in its entirety for failure to state a claim.

In the alternative, should the Court deny the Pryor Cashman Represented-Defendants' Motion in whole or in part, as to Empire and DJ Snake, those defendants move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) as to the claims against them.

Specifically, this Rule 12(e) motion asks the Court to order Plaintiffs to specify the following basic information: (1) identify which of Plaintiffs' works Empire allegedly infringed; (2) specify whether the works Empire allegedly infringed are sound recordings, compositions, or both; (3) identify which of Empire's works Plaintiffs allege infringe on Plaintiffs' works; (4) specify whether Empire's allegedly infringing works are sound recordings, compositions, or both; (5) specify what Empire did with respect to the allegedly infringing works which gives rise to their inclusion in this case; (6) identify which of Plaintiffs' works DJ Snake allegedly infringed; (7) specify whether the works DJ Snake allegedly infringed are sound recordings, compositions, or both; (8) identify which of DJ

**MPA ISO JOINDER OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT — Case No. 2:21-cv-02840**

2

Snake's works Plaintiffs allege infringe on Plaintiffs' works; (9) specify whether DJ Snake's allegedly infringing works are sound recordings, compositions, or both; and (10) if DJ Snake's allegedly infringing works include works that are not identified as "DJ Snake Works" in the SCAC, specify what DJ Snake did with respect to each of those works.

## II. BACKGROUND

### A. General Background[1]

In their SCAC, Plaintiffs claim ownership of four works (i) the *Fish Market* musical composition, (ii) the *Fish Market* sound recording, (iii) the *Dem Bow* musical composition, and (iv) the *Pounder Dub Mix II* sound recording. (SCAC ¶¶ 4-7; 179-184.)

Cleveland Constantine Browne ("Browne") and Wycliffe Johnson ("Johnson") wrote and recorded *Fish Market* in 1989. (Id. ¶¶ 175, 179.) *Fish Market* is an instrumental work consisting of:

> an original drum pattern . . . a programmed kick, snare, and hi-hat playing a one bar pattern[,] percussion instruments, including a tambourine playing through the entire bar, a synthesized 'tom' playing on beats one and three, and timbales that play a roll at the end of every second bar and free improvisation over the pattern for the duration of the song[,] and a synthesized Bb (b-flat) bass note on beats one and three of each bar, which follows the aforementioned synthesized 'tom' pattern. (Id. ¶ 180.)

Browne and Johnson co-authored the song titled *Dem Bow* with Shabba Ranks and co-own, with Shabba Ranks, the song's copyrights. (Id. ¶ 181.)

In 1990, after *Dem Bow*'s release, Denis Halliburton performed the instrumental of the song *Dem Bow*, which incorporates the *Fish Market*

---

[1] The background "facts" set forth herein are taken from the SCAC and are assumed to be true solely for the purpose of this motion.

**MPA ISO JOINDER OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT** — Case No. 2:21-cv-02840

3

composition, to create a derivative work that will be referred to hereinafter as the *Pounder Riddim*. (SCAC ¶ 182.) *Pounder Riddim* was then used to create the sound recordings of Ellos Benia, a Spanish language version of *Dem Bow* and *Pounder Dub Mix II*. (Id.)

Plaintiffs claim that thousands of compositions "and/or" recordings infringe upon one or more of the four mentioned works; among those allegedly infringing works are some written or performed by DJ Snake and some profited from in some way by Empire. (SCAC ¶¶ 190, 423, 671.) However, the SCAC fails to specify which work was infringed or whether the infringing work is a musical composition, a sound recording, or both. (See, e.g., Id. ¶¶ 197-199).

### B. The SCAC's Allegations Against Empire and DJ Snake

The SCAC alleges "upon information and belief" certain facts regarding Empire's legal structure and principal place of business (SCAC ¶ 157) but does not allege anything about how Empire infringed any of Plaintiffs' copyrighted works until over 500 paragraphs later when it lumps Empire in with a slew of other music publishers, record companies, and rights management organizations:

> Plaintiffs are informed and believes [sic] and thereon alleges [sic] that Sony, Ultra, Energy Music Corp, UMP, BMG, Warner, Peermusic III, Ltd, Pulse Records, Sony Music Publishing, LLC, Maybach Music Group, LLC, Cinq Music Group, LLC Cinq Music Publishing, LLC, Real Hasta la Muerte, LLC, Aura Music, LLC, Hipgnosis Songs Group, LLC, Kemosabe Records, LLC, Concord Music Group, LLC, Vydia, Inc., Solar Music Rights Management Limited, Glad Empire Live, LLC, Hear This Music, LLC, Mad Decent Publishing, LLC, Mad Decent Protocol, LLC, Rich Music Inc., Dimelo Vi LLC, VP Records Corporation, Mr. 305, Inc., Duars Entertainment, Corp., Ingrooves Music Group, Empire Distribution, Inc., OVO Sound, LLC, Flow La Movie, Inc., The Royalty Network, Inc., WK Records,

**MPA ISO JOINDER OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT — Case No. 2:21-cv-02840**

4

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

<div style="margin-left:2em">

1   LLC, La Base Music Group, LLC and Kobalt have infringed
2   Plaintiffs' rights in *Fish Market*, *Pounder*, and *Dem Bow* by, without
3   limitation, exploiting it for profit by licensing, or otherwise
4   authorizing third parties to use, reproduce and/or perform the
5   Infringing Works for profit.

</div>

(Id. ¶ 671.)  This single paragraph does not identify with specificity which work or works were allegedly infringed by Empire, nor does it specify which defendant is alleged to have infringed which particular copyright.

The SCAC says that "the various defendants responsible for each of the identified works and the manner of the copying are described in the accompanying Exhibit A."  (Id. at ¶¶ 424, 469, 481, 511, 577, 646.)

Exhibit A lists eight (8) works associated with DJ Snake (5 "DJ Snake Works" and one of each of the following "J Balvin Works," "Major Lazer Works" and "Ozuna Works") (Dkt. 305-1 at pp. 8, 11, 16, 21) and 32 works associated with Empire (12 "Jay Wheeler Works" and 20 "Zion & Lennox Works") (id. at pp. 13, 31-33).  For each of these works, the SCAC alleges exactly the same thing: that they all "incorporate[] an unauthorized sample of the *Fish Market* recording and verbatim copy of the *Fish Market* composition" and that all those works "incorporate both qualitatively and quantitatively significant sections of the *Fish Market* recording and composition." (SCAC ¶¶ 423-24, 468-469, 480-81, 510-11, 576-77, 645-46.)  While the SCAC does contain more specific allegations related to sampling as to some other works listed in Exhibit A—none of those works or specific allegations are associated with DJ Snake or Empire.

In Exhibit A, Empire is listed as one of several "Involved Defendants" for two different "primary artists," namely Jay Wheeler and Zion & Lennox. (Dkt. 305-1 at pp. 13, 31-33.)  Each "basis of infringement" says "Copied Composition." (Id.) See, for example:

| Primary Artist | Song | Involved Defendants | Basis of Infringement |
|---|---|---|---|
| Jay Wheeler | *Cuando Fue* | Empire, Flow, SOLAR, SMP, SonyATV, Jay Wheeler, DJ Nelson, Feid | Copied Composition |
| Jay Wheeler | *Cuéntale* | Empire, Flow, SOLAR, SMP, SonyATV, Jay Wheeler, DJ Nelson, Nio Garcia | Copied Composition |
| Jay Wheeler | *Esa Nota* | Empire, Flow, SOLAR, SMP, SonyATV, Jay Wheeler, DJ Nelson, Dalex | Copied Composition |
| Zion & Lennox | *No Pares* | Empire, SonyATV, SMP, Zion, Lennox, Luny Tunes | Copied Composition |

The SCAC identifies 5 DJ Snake Works, namely *Fuego*, *Loco Contigo*, *Magenta Riddim*, *Selfish Love*, and *Taki Taki*. (Id. ¶ 423.) However, Exhibit A also lists DJ Snake as one of the "Involved Defendants" for 3 other songs—*Amarillo*, *Lean On*, and *Eres Top Chapter 4* (Dkt. 305-1 at pp. 8, 11, 16, 21.) Each "basis of infringement" says "Copied Composition." (Id.) The relevant Exhibit A columns are copied below:

| Primary Artist | Song | Involved Defendants | Basis of Infringement |
|---|---|---|---|
| DJ Snake | *Fuego* | UMG, SMP, SonyATV, SOLAR, Geffen, DJ Snake, Anitta, Tainy | Copied Composition |
| DJ Snake | *Loco Contigo* | UMG, Geffen, SonyATV, SMP, SOLAR, Peermusic, Warner, DJ Snake, J. Balvin, Tyga | Copied Composition |
| DJ Snake | *Magenta Riddim* | UMG, Peermusic, DJ Snake | Copied Composition |
| DJ Snake | *Selfish Love* | UMG, Sony, Peermusic, Warner, DJ Snake | Copied Composition |
| DJ Snake | *Taki Taki* | UMG, SonyATV, SMP, SOLAR, Peermusic, Warner, DJ Snake, Ozuna, Cardi B | Copied Composition |
| J Balvin | *Amarillo* | UMG, Warner, PeerMusic, Warner, UMP, J Balvin, Sky, DJ Snake, Afro Bros, | Copied Composition |

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

| Major Lazer | *Lean On* | WARNER, Mad Decent, PeerMusic, Major Lazer, DJ Snake | Copied Composition |
| Ozuna | *Eres Top \| Chapter 4* | SONY, Kobalt, Aura, Ozuna, DJ Snake | Copied Composition |

### III. ARGUMENT

#### A. This Case Should Be Dismissed for Failure to State a Claim under Rule 12(b)(6)

Defendants Empire and DJ Snake join the Rule 12(b)(6) Pryor Cashman Represented-Defendants' Motion to Dismiss. For all the reasons stated therein, the case should be dismissed without leave to amend. The claims against Empire and DJ Snake are irreparably deficient for all the reasons stated in that motion.

#### B. In the Alternative, the Court Should Order Plaintiffs to Make a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement if the pleading to which it must respond "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 590 fn.9 (2007). If a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); see also *McHenry v. Renne*, 84 F.3d 1172, 1174-1175 (9th Cir. 1996) (motion proper where plaintiff fails to specify which of several defendants were responsible for numerous wrongs plaintiff alleged, making it difficult for individual defendants to defend themselves); *Medrano v. Kern County Sheriff's Officer*, 921 F.Supp.2d 1009, 1018 (E.D. Cal. 2013) (motion proper if the complaint is "so indefinite that the defendant cannot ascertain the nature of the claim being asserted").

Here, assuming there is some cognizable claim which arises on the facts alleged in the SCAC (there isn't), the SCAC and its Exhibit A are so indefinite as

to their claims against Defendants Empire and DJ Snake that they cannot ascertain the nature of the claims against them.

Under copyright law, "a music composition and a sound recording are two separate works." *See* U.S. Copyright Office, *Circular 50: Copyright Registration for Musical Compositions*, at 1-2 (Mar. 2023), *available at* https://www.copyright.gov/circs/circ50.pdf.

Here, the "Basis of Infringement" the SCAC at Exhibit A seems to assert against DJ Snake and Empire is "Copied Composition." (Dkt. 305-1 at pp. 8, 11, 13, 16, 21 31-33.) However, in the body of the SCAC each of those works is alleged to "incorporate[] an unauthorized sample of the *Fish Market* recording and verbatim copy of the *Fish Market* composition" and "incorporate both qualitatively and quantitatively significant sections of the *Fish Market* recording and composition." SCAC ¶¶ 423-24, 468-469, 480-81, 510-11, 576-77, 645-46. Did DJ Snake and Empire allegedly copy compositions or sample sound recordings, or both? It is impossible to know how to respond to such indefinite allegations.

Plaintiffs' claim against Empire is based on (1) being listed in Exhibit A as an "Involved Defendant" for 32 works; (2) a paragraph about its legal structure and principal place of business; and (3) conclusory allegations that it, along with myriad other music industry companies "infringed Plaintiffs' rights in *Fish Market*, *Pounder*, and *Dem Bow* by, without limitation, exploiting it for profit by licensing, or otherwise authorizing third parties to use, reproduce and/or perform the Infringing Works for profit." (SCAC ¶ 671.) Plaintiffs make no specific allegations as to Empire's alleged infringement of Plaintiffs' works, so Empire cannot properly respond and prepare an effective defense in this case. In the current state of the SCAC, Empire is unable to ascertain what it did with respect to these 32 works which cause it to be involved in the case, and what about those

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
Telephone: (415) 398-0900

recordings, compositions, or both are alleged to be infringing. A more definite statement is required.

While the SCAC lists five DJ Snake Works, Exhibit A includes his name on eight different songs. Whether DJ Snake is being sued for infringement on these three songs is anybody's guess. The SCAC does not say what association he has with those songs or what his involvement was in their alleged infringement; for those songs, DJ Snake is listed only as an "Involved Defendant" in Exhibit A. A more definite statement is required.

## IV.   CONCLUSION

For the foregoing reasons, and as set forth in the Pryor Cashman Represented-Defendants' Motion to Dismiss, the Court should dismiss the case against Empire and DJ Snake without leave to amend and with prejudice.

Should the Court deny the Pryor Cashman Represented-Defendants' Motion to Dismiss in whole or in part, it should order a more definite statement as to the claims alleged against Empire and DJ Snake. In particular, Plaintiffs must at a minimum (1) identify which of Plaintiffs' works Empire allegedly infringed; (2) specify whether the works Empire allegedly infringed are sound recordings, compositions, or both; (3) identify which of Empire's works Plaintiffs allege infringe on Plaintiffs' works; (4) specify whether Empire's allegedly infringing works are sound recordings, compositions, or both; (5) specify what Empire did with respect to the allegedly infringing works which gives rise to their inclusion in this case; (6) identify which of Plaintiffs' works DJ Snake allegedly infringed; (7) specify whether the works DJ Snake allegedly infringed are sound recordings, compositions, or both; (8) identify which of DJ Snake's works Plaintiffs allege infringe on Plaintiffs' works; (9) specify whether DJ Snake's allegedly infringing works are sound recordings, compositions, or both; and (10) if DJ Snake's allegedly infringing works include works that are not identified as "DJ Snake

**MPA ISO JOINDER OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT** — Case No. 2:21-cv-02840

9

Works" in the SCAC, specify what DJ Snake did with respect to each of those works.

Dated: June 15, 2023            PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By /s/ Brian S. Conlon
David M. Given
Brian S. Conlon
Nina C. Pouget

Attorneys for Defendants Empire Distribution, Inc., and William Sami Etienne Grigahcine

### Certificate of Compliance

The undersigned, counsel of record for Defendants Empire Distribution, Inc. and William Sami Etienne Grigahcine, certifies that this brief contains 2,331 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 15, 2023            PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

By /s/ Brian S. Conlon
Brian S. Conlon