Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfim.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RODNEY SEBASTIAN CLARK DONALDS, et al.,<br><br>Defendants. | Case No. 2:21-cv-02840-AB-AFM<br>*Hon. André Birotte Jr. Presiding*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' CINQ MUSIC GROUP, LLC AND CINQ MUSIC PUBLISHING, LLC MOTION TO JOIN**<br><br>Date:        September 22, 2023<br>Time:       10:00 a.m.<br>Courtroom: 7B |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' Cinq Music Group, LLC and Cinq Music Publishing, LLC improper request to join all arguments in "the Pryor Cashman Represented-Defendants' Motion" (Dkt. 333) should be denied.

"Neither the Federal Rules of Civil Procedure nor the Court's local rules approve of one party simply joining another party's briefing." *Bols v. Newsom*, 515 F. Supp. 3d 1120, 1133 (S.D. Cal. 2021). While "[a] motion" under Rule 12(g) "may be joined with any other motion allowed by this rule," "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). Whether to "[a]llow[] one party to join another party's motion" is subject to the court's discretion. *See United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC*, 855 F.3d 949, 956 (8th Cir. 2017).

A motion to join must be substantiated. Joining "cannot occur in a vacuum"—that is, "the arguments must actually be transferable." *United States v. Brown,* 669 F.3d 10, 16 n.5 (1st Cir. 2012) ("perfunctory" requests to join are insufficient as they "offer no explanation as to why [a co-defendant's] arguments pertain[] to" party seeking to join); *United States v. Espinal–Almeida,* 699 F.3d 588, 599 n.9 (1st Cir. 2012) (holding that mere statement that defendant "joins in any and all other arguments raised by the other [] co-defendants" is insufficient); *United States v. Ramirez-Rivera*, 800 F.3d 1, 12 (1st Cir. 2015), *overruled on different grounds recognized by United States v. Leoner-Aguirre*, 989 F.3d 310 (1st Cir. 2019) (denying "a bare-bones" request to "join the arguments raised" by co-defendant).

Accordingly, courts will grant motions to join only when (1) the parties are so similarly situated that filing an independent motion would be redundant; or (2) the party seeking joinder specifically points out which parts of the motion apply to the joining party, the joining party's basis for standing, and the factual similarities between the joining party and moving party that give rise to a similar claim or

defense. *See United States v. Cerna*, No. CR–08–0730, 2011 WL 500229, at *11-12 (N.D. Cal. Feb. 9, 2011) (party seeking to join failed to "provide any additional detail with respect to how the motion applies to him," purported "to join in all [] motions" without any "explanation as to why any of the other [] motions apply," failed to articular "which arguments contained in the wide array of [] motions filed apply," and left the court "guessing as to the reasons why the motions sought to be joined apply to defendant"); *United States v. Svihel*, No. 15CR19024, 2016 WL 1212364, at *6 (D. Minn. Feb. 25, 2016), *report and recommendation adopted*, No. CR15190, 2016 WL 1222231 (D. Minn. Mar. 28, 2016) ("Here, the Svihel Defendants have not identified their basis for standing in any pre-trial motions filed by their co-defendants, nor have they offered any factual or legal basis for joining in any specific motion filed by their co-defendants."); *United States v. Straker*, 800 F.3d 570, 588 n.1, 594 n.5, 625 n.19, 628 n.21 (D.C. Cir. 2015) (denying joinder requests where "the fact-specific nature of the inquiry" rendered request "inappropriate"). Requests to blanketly join motions are "fatally vague." *See, e.g.*, *United States v. Johnson*, No. 08CR466, 2008 WL 5111166, at *3 (N.D. Ill. Dec. 3, 2008) (denying "motions to adopt the motions by their co-Defendants that are applicable to them").

      For example, in *Tatung Co., Ltd. v. Shu Tze Hsu*, 217 F. Supp. 3d 1138, 1151–52 (C.D. Cal. 2016), the court denied defendants' requests to "join in the substance" of the motion filed by the other defendants as "inadequate" because "[e]ach defendant (and group of defendants) is the subject of a different combination of claims than those alleged against other individual and entity defendants," "each individual and entity defendant had a different role," and "the defendants are not similarly situated for the purpose of joining in co-defendants' motions."

      Based on the foregoing, Defendants' motion to join—citing no authority on which their motion is based (not even Rule 12(g)), and instead arguing only that this Court should dismiss Plaintiffs' pleading "[f]or all the reasons stated" in "the Rule 12(b)(6) Pryor Cashman Represented-Defendants' Motion to Dismiss"—should be

denied. Instead of elucidating why any arguments in that motion are purportedly transferable or identifying which parts of the motion apply, Defendants ask to blanketly join in *all* arguments raised by other co-defendants. That is improper. Defendants do not even name all parties whose motion they purport to join, much less offer any explanation as to why the arguments in that motion pertain to them. There is no statement as to how Defendants and the parties they purport to join are similarly situated factually or legally, no explanation of why Defendants did not and could not have moved on the grounds they now seek to join, and no explanation of standing. There is a wide array of arguments made in that motion, and the vagueness of Defendants' request leaves both Plaintiffs and this Court guessing as to the reasons why the referenced motion should apply to Defendants. That is fundamentally unfair and simply inadequate. The "Pryor Cashman Represented-Defendants' Motion" (Dkt. 331) should be denied for the reasons set forth in Plaintiffs' oppositions to those motions, and those reasons apply equally to Defendants.

      Additionally, the allegedly infringing works for which Defendants are responsible are clearly identified in Ex. A to the SCAC—which sets forth the allegedly infringing works, which of Plaintiffs' works each is alleged to infringe, and the Defendants allegedly responsible therefor. *See* Dkt. 305-1. Ex. A also states that an allegedly infringing work either "copied composition," meaning it infringed the *Fish Market* composition, or contains a "sample that copies composition and copied composition," meaning it contains a sample infringing the *Fish Market* sound recording embodying the *Fish Market* composition.

      Moreover, Plaintiffs allege infringement of their specified rights in the compositions for *Fish Market* and *Dem Bow* (SCAC ¶ 189), and the sound recordings for *Fish Market* and *Pounder* (*id.*), via unauthorized copying and exploitation of the same. That is, Plaintiffs allege that each of the allegedly infringing works at a minimum "incorporate an unauthorized sample of the *Fish Market* recording and a verbatim copy of the *Fish Market* composition as the primary rhythm / drum section

3

of each work." *See* SCAC ¶¶ 299-300. Plaintiffs identify the "primary rhythm / drum section" of each work as the allegedly infringing portion. *Id*. ("A comparison of *Fish Market* and each of the [Infringing] Works establishes that each of the [Infringing] Works incorporates both qualitatively and quantitatively significant sections of the *Fish Market* recording and composition."). Plaintiffs describe the portions of *Fish Market* that have been copied and provide transcriptions of *Fish Market*. SCAC ¶¶ 180, 188, 648. And Plaintiffs specifically plead the location and alleged infringement of the *Dem Bow* composition and the *Pounder* sound recording. *See* SCAC ¶¶ 188, 273-275, 334-35.

In sum, Defendants' contention that the allegedly infringed and infringing works are unclear is a disingenuously obtuse reading of the SCAC—not to mention that Defendants know better than even Plaintiffs which of Plaintiffs' works they copied. Their feigned ignorance here is flatly incredible.

As a result, Defendants' motion to join should be denied.

Respectfully submitted,

Dated: August 3, 2023    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
Benjamin Tookey, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiffs