**PRYOR CASHMAN LLP**
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
Shamar Toms-Anthony (State Bar No. 323246)
*stoms-anthony@pryorcashman.com*
1801 Century Park East, 24th Floor, Los Angeles, California 90067
Telephone: (310) 683-6900

Donald S. Zakarin (admitted *pro hac vice*)
*dzakarin@pryorcashman.com*
Frank P. Scibilia (admitted *pro hac vice*)
*fscibilia@pryorcashman.com*
7 Times Square, 40th Floor, New York, New York 10036
Telephone: (212) 421-4100

James G. Sammataro (State Bar No. 204882)
*jsammataro@pryorcashman.com*
255 Alhambra Circle, 8th Floor, Miami, Florida 33134
Telephone: (786) 582-3003

*Attorneys for the Pryor Cashman-Represented Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, *ET AL.*, <br><br>       Plaintiffs, <br><br>       v. <br><br> RODNEY SEBASTIAN CLARK, an individual, *ET AL.*, <br><br> Defendants. | Case No.: 2:21-cv-02840-AB-AFM <br><br> **DEFENDANT RICARDO ANDRES REGLERO RODRIGUEZ P/K/A RICKY'S ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT** |

**ANSWER TO SCAC**

Defendant Ricardo Andres Reglero Rodriguez *p/k/a* Ricky ("Defendant"), through counsel, hereby answers the Second Consolidated Amended Complaint ("SCAC") of Plaintiffs as follows:

## **Preliminary Statement**

Defendant objects to the thirty-three page "Exhibit A," which lists thousands of unrelated instances of alleged infringement that Plaintiffs reference and supposedly incorporate by such reference into 114 numbered paragraphs of the Second Consolidated Amended Complaint ("SCAC").

All that Exhibit A provides in the way of "information" is an identification of each allegedly infringing work (which is not consistent with the SCAC), the "primary artist" supposedly involved, the defendants supposedly involved with each allegedly infringing work, and generic and totally uninformative descriptions of the nature of the alleged infringement (*i.e.*, "copied composition," "sample that copies composition and copied composition" and "sample that copies composition and copied composition and interpolates Dem Bow"), none of which identifies which of Plaintiffs' claimed works is allegedly infringed or what it is in the allegedly infringing work that is allegedly infringing.

Under the Federal Rules of Civil Procedure, "[e]ach allegation must be simple, concise, and direct." Fed. Rule Civ. P. 8(d)(1). Further, Rule 10(b) requires Plaintiffs to "state [their] claims [] in numbered paragraphs, ***each limited as far as practicable to a single set of circumstances***." (Emphasis added). Here, Plaintiffs' Exhibit A is an attorney-created "confus[ing]"[1] compilation of thousands of unrelated purportedly infringing works by hundreds of defendants, providing no information as to who did what or how and is clearly not limited to a "single set of circumstances." *See, e.g.*, *Pangborn v. Dir. of CDCR*, No. 2:19-CV-02503-AB-JC, 2023 WL 10368066, at *8

---

[1] *See* May 28, 2024 Order on Motions to Dismiss (recognizing the "confusion" caused by Plaintiffs' Exhibit A).  (Dkt 421.)

**ANSWER TO SCAC**

(C.D. Cal. Nov. 9, 2023) (Birotte, J.) (dismissing complaint where the paragraphs were "not limited to 'a single set of circumstances,' thus making it difficult for defendants to properly frame a response in the form of an Answer.").

Additionally, Exhibit A is not a "written instrument" and thus cannot be incorporated into the SCAC.  Rule 10(c) provides that "[a] copy of a ***written instrument*** that is an exhibit to a pleading is part of the pleading for all purposes." (Emphasis added).  A "written instrument" is a document that "consist[s] largely of documentary evidence, specifically, contracts, notes, and other writings on which a party's action or defense is based."  *See Montgomery v. Buege*, No. CIV. 08-385 WBS KJM, 2009 WL 1034518, at *3 (E.D. Cal. Apr. 16, 2009) (comparing and contrasting documents which qualify as "written instruments"); *see also* Black's Law Dictionary (11th ed. 2019) (defining "instrument" as a "written legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate.").  Exhibits containing evidentiary materials (here, the "evidentiary materials" are purely hearsay) are not considered written instruments under Rule 10(c).  *See generally*, *Montgomery*, 2009 WL 1034518, at *3; *see also Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) (the Second Circuit agreeing with the Third Circuit, and explicitly holding that Rule 10(c) contemplates only the attachment and incorporation of legal documents).

To the extent Defendant is required to respond to any purported allegations made, suggested or lurking in or on Exhibit A, Defendant denies knowledge or information sufficient to form a belief as to the truth of any and all allegations regarding any works and as to any defendants other than himself and denies all allegations of infringement alleged as against Defendant.

2

**ANSWER TO SCAC**

**Jurisdiction and Venue**

1.      Answering paragraphs 1-3, these paragraphs set forth Plaintiffs' legal contentions, to which no response is required.  To the extent a response is required, Defendant denies those allegations.

**Parties**

2.      Answering paragraphs 4-70, and 72-171, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

3.      Answering paragraph 71, Defendant admits that Defendant has a residence in Miami, Florida, that he has performed as part of a duo called "Mau & Ricky", and avers that the remainder of the allegations call for a legal conclusion to which no response is required.

4.      Answering paragraph 172, Defendant denies each and every allegation contained therein.

**Factual Background**

5.      Answering paragraphs 173-179, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraphs.

6.      Answering paragraphs 180-181, these paragraphs call for the opinion of an expert and are therefore improper and premature under Federal Rule of Civil Procedure 26.  Further, these paragraphs set forth Plaintiffs' legal contentions, to which no response is required.  To the extent a response is required, Defendant denies those allegations and specifically avers that Fish Market was not an original work and its drum pattern was neither original nor protectable.

3

**ANSWER TO SCAC**

7.     Answering paragraph 182-183, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

8.     Answering paragraphs 184-186, Defendant denies each and every allegation contained therein.

9.     Answering paragraph 187, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraph.

10.     Answering paragraphs 188-189, Defendant denies each and every allegation contained therein, except denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 188 about the release of Pounder Riddim and Pounder and admits that Plaintiffs purport to have registered copyrights with the copyright office and denies that any such registration was authorized or proper.

11.     Answering paragraph 190, Defendant denies each and every allegation contained therein and respectfully refers the Court to Defendant's preliminary statement for a fuller response regarding the impropriety of Exhibit A.

12.     Answering paragraph 191, Defendant denies each and every allegation contained therein as no license, authorization, or consent from Plaintiffs was required.

13.     Answering paragraph 192, Defendant denies each and every allegation contained therein.

14.     Answering paragraph 193, Defendant denies each and every allegation contained therein, except admits that Plaintiffs purport to divide defendants into groups.

15.     Answering paragraphs 194-199, Defendant denies each and every allegation contained therein.

**ANSWER TO SCAC**

16.    Answering paragraph 200, Defendant denies the allegations contained therein, except admits that Plaintiffs purport to have registered copyrights with the copyright office and denies that any such registration was authorized or proper.

**Allegations Against Other Defendants**

17.    Answering paragraphs 201-647, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

18.    Answering paragraph 648, this paragraph calls for the opinions of an expert and is therefore improper and premature under Federal Rule of Civil Procedure 26.  Further, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required.  To the extent a response is required, Defendant denies those allegations and specifically avers that Fish Market was not an original work and its drum pattern was neither original nor protectable.

19.    Answering paragraph 649, Defendant denies each and every allegation contained therein and denies that any consent was required.

20.    Answering paragraphs 650-651, Defendant denies each and every allegation contained therein.

21.    Answering paragraph 652, Defendant denies the allegations of such paragraph as they generally and improperly refer to several different defendants and claim that each such defendant supposedly engaged in series of alleged different activities, without any specification as to what each defendant supposedly did and therefore, on that basis Defendant denies such allegations.

22.    Answering paragraphs 653 and 654, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraphs.

5

**ANSWER TO SCAC**

**First Claim for Relief**

23.    Answering paragraph 655, Defendant repeats the responses to paragraphs 1 through 654 hereinabove as though set forth at length herein.

24.    Answering paragraph 656, Defendant denies each and every allegation contained therein.

25.    Answering paragraphs 657-663, Defendant denies each and every allegation contained therein.

26.    Answering paragraphs 664-666, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

27.    Answering paragraphs 667-677, Defendant denies each and every allegation contained therein.

**Second Claim for Relief**

28.    Answering paragraphs 678-683, pursuant to the Court's May 28, 2024 Order on Defendants' Motions to Dismiss, Plaintiffs' Second Claim for Relief has been dismissed with prejudice.  Accordingly, no response is required to these allegations.  To the extent a response is required, Defendant denies those allegations.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses to Plaintiffs' alleged cause of action. Insofar as any of the following constitutes a denial of an element of any claim alleged against the Defendant in this action, such denial does not indicate that Plaintiffs are relieved of their affirmative burden to prove each and every element of their claims. In addition, Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and to rely upon any such other applicable defenses as may become available through discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

The SCAC fails to state any claim upon which relief can be granted.

6

_____

**ANSWER TO SCAC**

1   **SECOND AFFIRMATIVE DEFENSE**

2   Plaintiffs lack standing to bring the claims asserted in the SCAC.

3   **THIRD AFFIRMATIVE DEFENSE**

4   Plaintiffs' claims are barred by the doctrines of laches, waiver, acquiescence,

5   and/or estoppel.

6   **FOURTH AFFIRMATIVE DEFENSE**

7   Plaintiffs' claims fail because Defendant has not engaged in any type of

8   infringement, and there is no actionable similarity between the works at issue.

9   **FIFTH AFFIRMATIVE DEFENSE**

10   Plaintiffs' claims fail because any allegedly copied portions of the works at

11   issue lie in the public domain.

12   **SIXTH AFFIRMATIVE DEFENSE**

13   Plaintiffs' claims fail because any allegedly copied portions of the works at

14   issue are neither original nor a protectable expression of an idea.

15   **SEVENTH AFFIRMATIVE DEFENSE**

16   Plaintiffs' claims are barred because the works at issue were independently

17   created.

18   **EIGHTH AFFIRMATIVE DEFENSE**

19   Without admitting the alleged use of any original and protectable copyrighted

20   material allegedly owned by Plaintiffs, which is denied, Plaintiffs' claims fail because

21   any such alleged use was de minimis.

22   **NINTH AFFIRMATIVE DEFENSE**

23   To the extent that Defendant is found to have engaged in infringement, which

24   Defendant denies, Plaintiffs expressly or implicitly consented to or ratified the

25   Defendant's actions.

26

27

28

**ANSWER TO SCAC**

## TENTH AFFIRMATIVE DEFENSE

Without admitting the alleged use of any original and protectable copyrighted material allegedly owned by Plaintiffs, which is denied, the conduct of which Plaintiffs complain constitutes fair use.

## ELEVENTH AFFIRMATIVE DEFENSE

Without admitting any infringement, which is denied, the alleged infringement was innocent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendant is found to have engaged in infringement, which Defendant denies, Plaintiffs are precluded from recovering statutory damages or attorneys' fees based on their belated registration of the pertinent copyright registrations.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims involve alleged infringement and resulting damages for alleged infringements that occurred outside of the United States, these claims are barred under the Copyright Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the works Plaintiffs claim to own are not eligible for copyright protection in the United States as they fail to satisfy the requirements of Section 104 of the Copyright Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack valid United States copyright registrations for the works that they claim to own.

**ANSWER TO SCAC**

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs rely on a selection and arrangement theory, Plaintiffs fail to state a claim as the number of unprotectable elements that have been "combined" are not numerous enough and do not constitute an original work of authorship and the allegedly infringing works are not identical or virtually identical.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as a result of copyright misuse and/or fraud on the Copyright Office.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have failed to name necessary and/or indispensable parties.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have sued the improper parties, defendants, or entities.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because Plaintiffs have an adequate remedy at law in the event that Plaintiffs prevail on the merits.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs failed to sufficiently serve process on Defendant.

9

**<u>Prayer for Relief</u>**

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiffs take nothing by way of the SCAC;

2.    That Defendant be awarded their costs, together with reasonable attorneys' fees; and,

3.    For all such other further relief as the Court deems just and proper.

**<u>Demand for Jury Trial</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands trial by jury in this action of all issues so triable.

Respectfully submitted,

Dated: July 25, 2024    By:    *<u>/s/ Donald S. Zakarin</u>*
                                        Donald S. Zakarin
                                        Frank P. Scibilia
                                        James G. Sammataro
                                        Benjamin S. Akley
                                        Shamar Toms-Anthony

10

**ANSWER TO SCAC**
