CHASSMAN & SEELIG, LLP
MARK B. CHASSMAN (SBN 119619)
Email: mchassman@chassmanseelig.com
ANA VASQUEZ (SBN 231903)
Email: avasquez@chassmanseelig.com
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Telephone: (310) 929-7192
Facsimile: (310) 929-7627

WOLFE LAW MIAMI, P.A.
RICHARD C. WOLFE (*Pending Pro Hac Vice Admission*)
Email: rwolfe@wolfelawmiami.com
Latitude One Building
175 SW 7th Street, Suite 2410
Miami, Florida 331310
Telephone: (305) 384-7370
Facsimile: (305) 384-7371

Attorneys for Defendant Ernesto Padilla

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CLEVELAND CONSTANTINE BROWNE, et al.

Plaintiffs,

vs.

RODNEY SEBASTIAN CLARK DONALDS, et al.

Defendants.

Case No.: 2:21-cv-02840-AB-AFM

Assigned to: Hon. André Birotte

**DEFENDANT ERNESTO PADILLA'S NOTICE OF MOTION AND MOTION TO DISMISS**

Date: September 27, 2024
Time: 10:00 AM
Place: Courtroom 7B

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 27, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Andre Birotte, United States District Court, Central District of California, Courtroom 7B, 350 W. First Street, Los Angeles, California, defendant Ernesto Padilla will move the Court pursuant to Federal Rules of Civil Procedure 12 12(b)(6) to dismiss the Complaint for failure to state a claim. This motion is based on the Notice of Motion and Motion to Dismiss; the attached Memorandum of Points and Authorities; the papers and records on file in this action; and such other written and oral argument as may be presented to the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on July 31, 2024.

CHASSMAN & SEELIG, LLP

DATED: August 1, 2024,

By: /s/ Mark B. Chassman
MARK B. CHASSMAN
Attorneys for Defendant
Ernesto Padilla

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Ernesto Padilla ("Padilla") is an individual residing in Florida. Second Consolidated Amended Complaint [DE 305] ("Complaint") at ¶ 148. Padilla has been improperly included in this lawsuit with 203 other Defendants who hail from California, Delaware, Mississippi, New York, New Jersey, Pennsylvania, Texas, Puerto Rico, Argentina, Brazil, Canada, Colombia, England, France, Mexico, New Zealand, Netherlands, Panama and Spain. Complaint at ¶¶ 4-172. There are no specific allegations of infringement against Padilla. In fact, Padilla is only listed twice in the Complaint, which is on page 6 listing him as a Defendant, and page 29 alleging that the Court has personal jurisdiction over him. Complaint at ¶ 148. All other 676 factual assertions mention the other Defendants in this case whom Padilla has no relation to. Therefore, the Complaint not only fails to adequately state a claim against Padilla but also fails to state any factual allegation against him whatsoever.

## II.

## ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) states that a motion to dismiss tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Hall v.*

*Mythical Venture, Inc.*, No. CV 23-10324-JFW(KESx), 2024 U.S. Dist. LEXIS 14789, at *2-3 (C.D. Cal. Jan. 26, 2024). (quoting *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc*., 922 F. Supp. 299, 304 (C.D. Cal. 1996); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

Further, The Supreme Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ... A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ... The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. …. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 505.

**B. The Complaint Fails to Adequately Plead a Claim Against Padilla**

Completely absent from the Complaint is a single solitary factual assertion other than paragraph 148, which states "Upon information and belief, Plaintiffs allege that Defendant Ernesto Fidel Padilla p/k/a Nesty ("Nesty") is an individual residing in Miami, Florida and doing business in and with the state of California, including in this judicial district." Complaint at ¶ 148. Other than this paragraph for purposes of alleging personal jurisdiction, the Complaint lacks any other allegation that Padilla was involved with any of the copyright infringement mentioned throughout. This Court has consistently granted dismissal in such cases stating "The Complaint does not contain any factual allegations against [Defendant]. The complete absence of factual allegations against [Defendant] is, by itself, sufficient reason to dismiss all claims against him. *Sabacky v. OneWest Bank, N.A.*, No. CV 15-546-DDP (KK), 2015 U.S. Dist. LEXIS 55630, at *10 (C.D. Cal. Apr. 27, 2015); see also *Zamani v. Carnes*, 491 F.3d 996 (9th Cir. 2007) (stating complaint may be dismissed for "absence of sufficient facts alleged to support a cognizable legal theory"). The Complaint not only wholly fails to plead anything against Padilla, and is therefore subject to dismissal under this Court's precedent, but falls extremely short of the pleading requirements set forth in *Twombly* and, accordingly, should be dismissed as to Defendant Padilla.

WHEREFORE for the reason set forth herein, Defendant Ernesto Padilla asks this Honorable Court to dismiss this lawsuit against him, and grant it further relief,

as may be consistent herewith, including but not limited to an award of attorneys' fees pursuant to 17 USC Sec. 505 and *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S. Ct. 1023 (1994).

**Certificate of Meet and Confer**

I hereby certify that on July 31, 2024, I met and conferred with counsel for Plaintiff, and was unable to reach an agreement with respect to the relief sought in the foregoing motion.

DATED: August 1, 2024,

By: /s/ *Mark B. Chassman*

Mark B. Chassman (CA Bar No. 119619)
Email: mchassman@chassmanseelig.com
CHASSMAN & SEELIG LLP
1250 Sixth Street, Suite 403
Santa Monica, CA 90401
Telephone: (310) 929-7192
Fax: (310) 929-7627

Richard C. Wolfe
(*Pending Pro Hac Vice*)
Email: rwolfe@wolfelawmiami.com
WOLFE LAW MIAMI, P.A.
Latitude One Building
175 SW 7th Street, Suite 2410
Miami, Florida 33130
Telephone: (305) 384-7370
Fax: (305) 384-7371

*Attorneys for Defendant Ernesto Padilla*