Sagar P. Parikh, Esq. (SBN 282655)
**BEVERLY HILLS LAW CORP., PC**
9777 Wilshire Blvd., Suite 400
Beverly Hills, CA 90212
Tel (424)-340-6471
Fax (310) 982-2603
SP@BeverlyHillsLawCorp.com

Attorneys for Defendants Cinq Music Group, LLC
and Cinq Music Publishing, LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, an individual; ANIKA JOHNSON, as personal representative and executor of the ESTATE OF WYCLIFFE JOHNSON, deceased; STEELY & CLEVIE PRODUCTIONS LTD., and CARL GIBSON, as personal representative and executor of THE ESTATE OF EPHRAIM BARRETT, <br><br> Plaintiffs, <br><br> v. <br><br> RODNEY SEBASTIAN CLARK DONALDS, et al. <br><br> Defendants. | **DEFENDANTS CINQ MUSIC GROUP, LLC AND CINQ MUSIC PUBLISHING, LLC'S ANSWER TO SECOND CONSOLIDATED AMENDED COMPLAINT** <br><br> Case No. 2:21-cv-02840-AB-AFM <br><br> Judge:        Hon. André Birotte Jr. <br> Complaint Filed: May 16, 2022 |

Defendants Cinq Music Group, LLC and Cinq Music Publishing, Inc. (collectively, "Defendants"), through counsel, hereby answer the Second Consolidated Amended Complaint ("SCAC") of Plaintiffs as follows:

## Jurisdiction and Venue

1. Answering paragraphs 1-3, these paragraphs set forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendants Deny those allegations.

## Parties

2. Answering paragraphs 4-74, and 77-171, Defendants Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

3. Answering paragraphs 75 and 76, Defendants admit.

4. Answering paragraph 172, Defendants Deny each and every allegation contained therein.

## Factual Background

5. Answering paragraphs 173-179, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraphs.

6. Answering paragraphs 180-181, these paragraphs call for the opinion of an expert and are therefore improper and premature under Federal Rule of Civil Procedure 26. Further, these paragraphs set forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendants deny those allegations and specifically avers that Fish Market was not an original work and its drum pattern was neither original nor protectable.

7. Answering paragraphs 182-183, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

8. Answering paragraphs 184-186, Defendants deny each and every allegation contained therein.

9. Answering paragraph 187, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraph.

10. Answering paragraphs 188-189, Defendants deny each and every allegation contained therein except denies knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 188 about the release of Pounder Riddim and Pounder and admits that Plaintiffs purport to have registered copyrights with the copyright office and denies that any such registration was authorized or proper.

11. Answering paragraph 190, Defendants deny each and every allegation contained therein.

12. Answering paragraph 191, Defendants deny each and every allegation contained therein as no license, authorization, or consent from Plaintiffs was required.

13. Answering paragraph 192, Defendants deny each and every allegation contained therein.

14. Answering paragraph 193, Defendants deny each and every allegation contained therein, except admits that Plaintiffs purport to divide defendants into groups.

15. Answering paragraphs 194-199, Defendants deny each and every allegation contained therein.

16. Answering paragraph 200, Defendants deny the allegations contained therein, except admit that Plaintiffs purport to have registered copyrights with the copyright office and deny that any such registration was authorized or proper.

### Allegations Against Other Defendants

17. Answering paragraphs 201-647, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

18. Answering paragraph 648, this paragraph calls for the opinions of an expert and is therefore improper and premature under Federal Rule of Civil Procedure 26. Further, this paragraph sets forth Plaintiffs' legal contentions, to which no response is required. To the extent a response is required, Defendants deny those allegations and specifically avers that Fish Market was not an original work and its drum pattern was neither original nor protectable.

19. Answering paragraph 649, Defendants deny each and every allegation contained therein and denies that any consent was required.

20. Answering paragraphs 650-651, Defendants deny each and every allegation contained therein.

21. Answering paragraph 652, Defendants deny the allegations of such paragraph as they generally and improperly refer to several different defendants and claim that each such defendant supposedly engaged in series of alleged different activities, without any specification as to what each defendant supposedly did and therefore, on that basis Defendants deny such allegations.

22. Answering paragraphs 653 and 654, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in such paragraphs.

### First Claim for Relief

23. Answering paragraph 655, Defendant repeats the responses to paragraphs 1 through 654 hereinabove as though set forth at length herein.

24. Answering paragraph 656, Defendants deny each and every allegation contained therein.

25. Answering paragraphs 657-663, Defendants deny each and every allegation contained therein.

26. Answering paragraphs 664-666, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in such paragraphs.

27. Answering paragraphs 667-677, Defendants deny each and every allegation contained therein.

## Second Claim for Relief

28. Answering paragraphs 678-683, pursuant to the Court's May 28, 2024 Order on Defendants' Motions to Dismiss, Plaintiffs' Second Claim for Relief has been dismissed with prejudice. Accordingly, no response is required to these allegations. To the extent a response is required, Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

Defendants assert the following defenses to Plaintiffs' alleged cause of action. Insofar as any of the following constitutes a denial of an element of any claim alleged against the Defendants in this action, such denial does not indicate that Plaintiffs are relieved of their affirmative burden to prove each and every element of their claims. In addition, Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and to rely upon any such other applicable defenses as may become available through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The SCAC fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims asserted in the SCAC.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, waiver, acquiescence, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because Defendants have not engaged in any type of infringement, and there is no actionable similarity between the works at issue.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because any allegedly copied portions of the works at issue lie in the public domain.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because any allegedly copied portions of the works at issue are neither original nor a protectable expression of an idea.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the works at issue were independently created.

## EIGHTH AFFIRMATIVE DEFENSE

Without admitting the alleged use of any original and protectable copyrighted material allegedly owned by Plaintiffs, which is denied, Plaintiffs'

claims fail because any such alleged use was de minimis.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Defendant is found to have engaged in infringement, which Defendants deny, Plaintiffs expressly or implicitly consented to or ratified the Defendant's actions.

## TENTH AFFIRMATIVE DEFENSE

Without admitting the alleged use of any original and protectable copyrighted material allegedly owned by Plaintiffs, which is denied, the conduct of which Plaintiffs complain constitutes fair use.

## ELEVENTH AFFIRMATIVE DEFENSE

Without admitting any infringement, which is denied, the alleged infringement was innocent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendants are found to have engaged in infringement, which Defendants deny, Plaintiffs are precluded from recovering statutory damages or attorneys' fees based on their belated registration of the pertinent copyright registrations.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims involve alleged infringement and resulting damages for alleged infringements that occurred outside of the United States, these claims are barred under the Copyright Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the works Plaintiffs claim to own are not eligible for copyright protection in the United States as they fail to satisfy the requirements of Section 104 of the Copyright Act.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack valid United States copyright registrations for the works that they claim to own.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs rely on a selection and arrangement theory, Plaintiffs fail to state a claim as the number of unprotectable elements that have been "combined" are not numerous enough and do not constitute an original work of authorship and the allegedly infringing works are not identical or virtually identical.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as a result of copyright misuse and/or fraud on the Copyright Office.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have failed to name necessary and/or indispensable parties.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have sued the improper parties, defendants, or entities.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief because Plaintiffs have an adequate remedy at law in the event that Plaintiffs prevail on the merits.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their damages, if any.

### Prayer for Relief

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by way of the SCAC;

2. That Defendants be awarded their costs, together with reasonable attorney's fees.

3. For all such other further relief as the Court deems just and proper.

Respectfully submitted,

DATED: August 2, 2024

BEVERLY HILLS LAW CORP., PC

By: _____

S<small>AGAR</small> P<small>ARIKH</small>, E<small>SQ</small>.
Attorneys for Defendants Cinq Music Group, LLC and Cinq Music Publishing, LLC