1  **PRYOR CASHMAN LLP**
   Benjamin S. Akley (State Bar No. 278506)
2  *bakley@pryorcashman.com*
3  Shamar Toms-Anthony (State Bar No. 323246)
   *stoms-anthony@pryorcashman.com*
4  1901 Avenue of the Stars, Ste. 900, Los Angeles, California 90067
5  Telephone: (310) 683-6900

6
   Donald S. Zakarin (admitted *pro hac vice*)
7  *dzakarin@pryorcashman.com*
   Frank P. Scibilia (admitted *pro hac vice*)
8  *fscibilia@pryorcashman.com*
9  7 Times Square, 40th Floor, New York, New York 10036
   Telephone: (212) 421-4100
10

11 James G. Sammataro (State Bar No. 204882)
   *jsammataro@pryorcashman.com*
12 255 Alhambra Circle, 8th Floor, Miami, Florida 33134
13 Telephone: (786) 582-3003
   *Attorneys for the Pryor Cashman-Represented Defendants*
14

15                **UNITED STATES DISTRICT COURT**
                  **CENTRAL DISTRICT OF CALIFORNIA**
16                     **WESTERN DIVISION**

17
                                          | Case No.: 2:21-cv-02840-AB-AJR
18 CLEVELAND CONSTANTINE
   BROWNE, *ET AL.*,
19                                        | **DECLARATION OF WAYNE**
                                          | **MARSHALL, PH.D. IN SUPPORT OF**
20          Plaintiffs,                    | **THE PRYOR CASHMAN**
        v.                                | **DEFENDANTS' MOTION FOR**
21                                        | **SUMMARY JUDGMENT**
22 RODNEY SEBASTIAN CLARK, an
   individual, *ET AL.*,                  | Date: September 26, 2025
23                                        | Time: 10:00 am
24     Defendants.                        | Courtroom: 7B
25

26

27

28

## DECLARATION OF WAYNE MARSHALL, PH.D.

I, Wayne Marshall, Ph.D., declare as follows under penalty of perjury:

1.     I am over the age of 18.  I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2.     I am an assistant professor at Berklee College of Music and trained as an ethnomusicologist, with a focus on American, Caribbean, and Afrodiasporic musical histories.  At Berklee, I teach music history, including a class on the "reggaeton" genre.

3.     I was asked to provide an expert opinion in this matter concerning whether portions of Plaintiffs' Claimed Works (*i.e.*, "Fish Market," "Dem Bow," and "Pounder"),  that Plaintiffs claim to have been infringed by Defendants, or elements of those portions (individually or in combination) are original or whether they exist in prior art and/or are basic musical building blocks that are available for all songwriters to use.

4.     Attached to this Declaration as **Exhibit 1** is a true and correct copy of my report, dated January 10, 2025 ("Marshall Report").  The Marshall Report sets forth my qualifications, musicological analysis of Plaintiffs' Claimed Works and conclusions and opinions concerning originality as set forth above.

5.     I was also asked to review, analyze, and comment upon the Expert Report of Dr. Kenneth Bilby, dated December 17, 2024.  Attached to this Declaration as **Exhibit 2** is a true and correct copy of my rebuttal report, dated February 28, 2025 ("Marshall Rebuttal Report").

6.     The Marshall Report and Marshall Rebuttal Report are each made a part of and incorporated in this Declaration.  I hereby adopt and restate my statements, analysis, and conclusions in the Marshall Report and Marshall Rebuttal Report.

7.     As set out in more detail in the Marshall Report and Marshall Rebuttal Report, and by applying established and recognized ethnomusicological practices and analyses, I concluded that the drum patterns in question are not original to Plaintiffs; I found their origins in a great deal of prior art.

8.     Steely & Clevie did not invent or originate the habanera—one of the many names for the combination of the four-on-the-floor beat and 3+3+2 kick-snare combination.

9.     A contrary finding would interrupt a long line of tradition-bearing and would cut off the continued development of music through the use of basic building blocks that have existed for centuries in genres as varied as opera, jazz, salsa, calypso, zouk, dancehall, and Revival.

10.     Steely & Clevie did not invent the "surf-rock" or "girl-group" beat either, which is what results when the supposed "ghost notes" (softer snare hits preceding the harder snare hits in the habanera rhythm) are added to the commonplace four-on-the-floor kick-snare combination.

11.     Doubling the disputed drum rhythm with a hi-hat, "tom," and bass synth adds no compositional element and simply doubles the unoriginal drum pattern.

12.     The barely audible 16th-note tambourine accompaniment, which is essentially a 1-bar loop, is also generic and essentially indistinguishable from standard tambourine rhythms in church music as well as in gospel, soul, disco, and rock songs, especially in the 1960s and 70s.

13.     Finally, as to the timbales: "Timbale 1," a combination of sixteenth notes illustrated in the SCAC, does not exist in "Fish Market." The timbales that do exist in "Fish Market" are improvised and no pattern ever repeats itself exactly. The improvised lines accompany the commonplace "habanera" or "surf-beat" rhythms and are not a part of those rhythms. As to "Timbale 2," the timbale roll that Plaintiffs illustrate as a recurring figure of four thirty-second notes at the final eighth note of each measure in the SCAC is also not in "Fish Market," which contains variable, ornamental drum rolls in various places. While a recurring thirty-second note sextuplet timbale roll does exist in "Pounder," this rhythmic figure does not appear in "Fish Market" but only in "Pounder" – and there, not in the form alleged in Plaintiffs' transcription.

14. Steely & Clevie did not create something that did not already exist, and musicians from Puerto Rico, Panama, Colombia, the United States (or elsewhere) should be able to use these age-old rhythms in their own music.

15. As set forth in more detail in the Marshall Rebuttal Report, Dr. Bilby has overstated a Jamaica-centric view while neglecting the longstanding and profound influence on Jamaican music of music from across the Americas (and Caribbean), especially Cuba, Trinidad, and the United States. He failed to consider Pre-Jamaican sources of the rhythms and appears not to have conducted a good faith prior art analysis of Jamaican music.

16. Dr. Bilby's report also conflates recording and performance elements with compositional elements, arguing that pitch, timbre, dynamics, tempo, stress and "feel" are pertinent to the originality of "Fish Market," despite these features not being claimed in the SCAC.

17. Dr. Bilby's glaring omissions and mischaracterizations present Jamaican music as if it were created in isolation from the world beyond Jamaica, distorting Dr. Bilby's report and rendering it unhelpful in examining the musical sources that pre-existed Plaintiff's works—prior art that Dr. Bilby apparently did not consider.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 22, 2025

Wayne Marshall, Ph.D.

3