**PRYOR CASHMAN LLP**
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
Shamar Toms-Anthony (State Bar No. 323246)
*stoms-anthony@pryorcashman.com*
1901 Avenue of the Stars, Ste. 900, Los Angeles, California 90067
Telephone: (310) 683-6900

Donald S. Zakarin (admitted *pro hac vice*)
*dzakarin@pryorcashman.com*
Frank P. Scibilia (admitted *pro hac vice*)
*fscibilia@pryorcashman.com*
7 Times Square, 40th Floor, New York, New York 10036
Telephone: (212) 421-4100

James G. Sammataro (State Bar No. 204882)
*jsammataro@pryorcashman.com*
255 Alhambra Circle, 8th Floor, Miami, Florida 33134
Telephone: (786) 582-3003
*Attorneys for the Pryor Cashman-Represented Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, *ET AL.*,<br><br>Plaintiffs,<br>v.<br><br>RODNEY SEBASTIAN CLARK, an individual, *ET AL.*,<br><br>Defendants. | Case No.: 2:21-cv-02840-AB-AJR<br><br>**DECLARATION OF JOE BENNETT, PH.D., IN SUPPORT OF THE PRYOR CASHMAN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: September 26, 2025<br>Time: 10:00 am<br>Courtroom: 7B |

**DECLARATION OF JOE BENNETT, Ph.D.**

I, Joe Bennett, Ph.D., declare as follows under penalty of perjury:

1. I am over the age of 18. I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2. I am an expert in musicology and forensic musicology with 17 years experience in analyzing and evaluating musical works, including for potential copyright infringement.

3. I was asked to provide an expert opinion in this matter concerning whether the portions or "elements" of Plaintiffs' Claimed Works (*i.e.*, "Fish Market," "Dem Bow," and "Pounder") that Plaintiffs claim to have been infringed by Defendants (such portions or elements having sometimes been referred to by Plaintiffs as the "Fish Market Elements"), are original either individually or in combination, or whether they exist in prior art and/or are commonplace or basic musical building blocks that are available for all songwriters to use.

4. Attached to this Declaration as **Exhibit 1** is a true and correct copy of my report, dated January 10, 2025 ("Bennett Report"). The Bennett Report sets forth my qualifications, a detailed musicological analysis of Plaintiffs' Claimed Works and relevant prior art, and my conclusions and opinions concerning originality as set forth above.

5. I was also asked to review, analyze, and comment upon the Expert Report of Judith Finell, dated January 7, 2025 (together with its Exhibit A, which is another "Expert Report of Judith Finell" dated September 10, 2021), the Expert Report of Peter Ashbourne-Firman, dated January 9, 2025, and the Expert Report of Kenneth Bilby, Ph.D., dated December 17, 2024. Attached to this Declaration as **Exhibit 2** is a true and correct copy of my rebuttal report, dated February 28, 2025 ("Bennett Rebuttal Report").

6. The Bennett Report and Bennett Rebuttal Report are each made a part of and incorporated in this Declaration. I can and do testify to my statements, analysis, and conclusions in the Bennett Report and Bennett Rebuttal Reports.

7. As set out in more detail in the Bennett Report and Bennett Rebuttal Report, by applying established and recognized musicological practices and analyses – including a replicable and testable prior art search and comparative analyses and transcriptions – I concluded that the "Fish Market" drum pattern at issue in this matter contains no unique or original elements, but is based on a number of musical building blocks that are common to many works that pre-date it.

8. As set forth in more detail in the Bennett Rebuttal Report, Finell, Ashbourne-Firman, and Bilby all assert in conclusory fashion in their affirmative expert reports that Plaintiffs' Claimed Works are original. But, among many other defects in their respective analyses, neither Finell nor Ashbourne-Firman considered prior art, which is standard musicological practice. And while it is unclear whether or not Bilby conducted any prior art search, his report does not disclose any details of any such search, including the recordings or other material he considered or any methodology he used, and so I had no opportunity to test whether or not any recordings or material he may have considered (again, if he in fact considered any), all of which he apparently rejected, were properly rejected as prior art. Moreover, Bilby's characterization of the compositional elements of "Fish Market" includes non-compositional, irrelevant, and nonsensical components such as "texture" and "feel."

9. While all of Finell, Ashbourne-Firman, and Bilby acknowledge that at least some aspects of Plaintiffs' drum pattern exist in prior art and/or are commonplace, they nevertheless erroneously conclude that Plaintiffs have exclusive rights in the entire drum pattern.

[Remainder of this page left intentionally blank]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 22, 2025



Joe Bennett, Ph.D