**PRYOR CASHMAN LLP**
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
Shamar Toms-Anthony (State Bar No. 323246)
*stoms-anthony@pryorcashman.com*
1901 Avenue of the Stars, Ste. 900, Los Angeles, California 90067
Telephone: (310) 683-6900

Donald S. Zakarin (admitted *pro hac vice*)
*dzakarin@pryorcashman.com*
Frank P. Scibilia (admitted *pro hac vice*)
*fscibilia@pryorcashman.com*
7 Times Square, 40th Floor, New York, New York 10036
Telephone: (212) 421-4100

James G. Sammataro (State Bar No. 204882)
*jsammataro@pryorcashman.com*
255 Alhambra Circle, 8th Floor, Miami, Florida 33134
Telephone: (786) 582-3003
*Attorneys for the Pryor Cashman-Represented Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> RODNEY SEBASTIAN CLARK, an individual, *ET AL.*, <br><br> Defendants. | Case No.: 2:21-cv-02840-AB-AJR <br><br> **DECLARATION OF DONALD S. ZAKARIN IN COMPLIANCE WITH JUDGE RICHLIN'S ORDER OF JUNE 12, 2025** |

**DECLARATION OF DONALD S. ZAKARIN**

I, Donald S. Zakarin, declare as follows under penalty of perjury:

1. I am an attorney duly licensed to practice before all courts in the State of New York. I have been admitted to practice before the Supreme Court of the United States and the Ninth Circuit Court of Appeals and have been admitted *pro hac vice* for purposes of this case. I am a partner with Pryor Cashman LLP, attorneys of record for 106 of the defendants in this case (collectively the "PC Defendants").

2. On June 12, 2025, Magistrate Judge Richlin issued an Order (the "Order"), which, in addition to imposing sanctions, directed me to "carefully read the Central District's Civility and Professionalism Guidelines and file a declaration notifying the Court of [my] compliance within 14 days."

3. I am, and was prior to the Order, fully familiar with the Guidelines, and I believe I have always comported myself in accordance with the principles expressed in the Guidelines, as an attorney litigating and trying cases in courts throughout the United States, including in this District, for nearly 50 years. I believe I have earned a reputation with Judges and adversaries alike for honesty, integrity and for honoring the most cherished values of the profession, values that I believe are expressed in the Guidelines.

4. I have defended and taken probably thousands of depositions over the course of these 50 years and, to the best of my knowledge and recollection, I have never before been sanctioned or even admonished by any Court for any perceived inappropriate conduct in taking or defending depositions. I am obviously not happy that the Court has found me wanting here. Despite the fact that I was familiar with the Guidelines and believe I have always tried to conduct myself in accordance with the standards articulated therein, in accordance with the Order, I hereby affirm that I have carefully read the Guidelines.

5. The Guidelines make clear in the "Preamble" that "these guidelines shall not be used as a basis for litigation or for sanctions or penalties." Instead, they are plainly intended to encourage both attorneys and Judges to comport themselves in accordance the highest standards expected of counsel. Again, I have tried to always do so and I am disappointed that in this instance, the Court has found that I failed to do so.

6. The Guidelines include, as a specific admonition with respect to the taking of depositions, the avoidance of asking repetitive or argumentative questions or those asked solely for purposes of harassment. Objections are to be limited to those that are well-founded and necessary to protect the witness's and/or clients' interests. With respect to the production of documents, the Guidelines make clear that documents are not to be concealed or artificially restricted to avoid disclosure of relevant documents.

7. As I stated in my declaration, I believed that the questioning presented me with a Hobson's choice: (i) allow questioning that I considered improper and harassing of the witness to continue; (ii) suspending the deposition and contacting a busy Court (which burdens the parties, the Court and the witness); or (iii) attempting to identify, through specific objections, the impropriety of the particular question asked, affording the questioner an opportunity to reframe the questions (or cease repeating questions), but allowing the witness to answer.

8. The Court has concluded that my choice of option three was wrong. Nevertheless, my intent was not to interfere with or impede the deposition. Rather, it was to protect the record and avoid having the witness misled on the law. I deeply appreciate that, based on its close examination of the entire transcript, the Court has agreed that none of the objections "actually prevented Mr. Tookey from completing the deposition and ultimately asking Dr. Marshall all the questions Mr. Tookey wanted to ask," or "actually caused Dr. Marshall to testify in a way that

was inconsistent with the opinions he had already expressed," or "ultimately cause[d] Dr. Marshall to change his testimony." (Order at 22-24.)

9. I acknowledge and regret a single "outburst" that I made during a 6 and one-half hour deposition. I apologize to the Court for having made the comment. As the Court has read the entire transcript, I believe that the Court understands that my "outburst" was the product of my frustration with Plaintiffs' use of documents to question Dr. Marshall that they should have, but did not, produce (and that this was against the backdrop of Plaintiffs' belated identification of supposed "experts," for which they were sanctioned).

10. Nevertheless, my outburst was wrong and I regret it.

11. I will endeavor, as I have for the entirety of my 50 year career as an attorney, to conduct myself in accordance with the highest standards of ethics, integrity, professionalism and civility, consistent with my obligations to my clients and to the judicial system and consistent with the Guidelines. At the same time, I intend to zealously represent my clients. I hope and expect that all counsel in this hotly contested case will do the same.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct. Executed on June 17, 2025, in New York, New York.

_____
Donald S. Zakarin