| | |
|---|---|
| 1 | Kenneth D. Freundlich (SBN 119806) |
| | Jonah A. Grossbardt (SBN: 283584) |
| 2 | FREUNDLICH LAW, APC |
| | 16133 Ventura Boulevard, Suite 645 |
| 3 | Encino, CA 91436 |
| | P: (310) 275-5350 |
| 4 | F: (310) 275-5351 |
| | E-Mail: ken@freundlichlaw.com |
| 5 | jonah@freundlichlaw.com |
| 6 | Attorneys for Defendants |
| 7 | RIMAS MUSIC, LLC and BENITO ANTONIO MARTINEZ OCASIO P/K/A BAD BUNNY |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE., an individual, et al. | CASE NO. 2:21-cv-02840-AB-AJRx |
| Plaintiffs, | *Assigned To: Hon. Andre Birotte Jr.* |
| RODNEY SEBASTIAN CLARK DONALDS, an individual, et al., | **BAD BUNNY AND RIMAS MUSIC'S BRIEF IN:** |
| Defendants. | **(i) REPLY TO FURTHER SUPPORT SUMMARY JUDGMENT [Dkt. 706], AND** |
| | **(ii) OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT 742]** |
| | Hearing Date: September 26, 2025 |
| | Hearing Time: 10:00 a.m. |
| | Courtroom: 7B |

---

Case No. 2:21-cv-08240-AB-AJRx

**BAD BUNNY AND RIMAS MUSIC'S BRIEF IN REPLY TO FURTHER SUPPORT SUMMARY JUDGMENT [DKT. 706], AND (ii) OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT 742**

## TABLE OF CONTENTS

I.   INTODUCTION .................................................................................................. 4

II.  MORE THAN MINIMAL CREATIVITY IS REQUIRED FOR A RHYTHM TO BE PROTECTABLE.................................................................. 5

III. PLAINTIFFS' READING OF THE SCOPE OF THIS PHASE WOULD RENDER IT A MEANINGLESS EXERCISE .............................................. 7

IV.  CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Computer, Inc. v. Microsoft Corp*,
　35 F. 3d 1435 (9th Cir. 1994) ............................................................................. 6

*CBS Broadcasting Inc. v. American Broadcasting Companies Inc.*,
　Case No. CV 12-04073 GAF, 2012 WL 13013027 (C.D. Cal. Jun. 21, 2012) ........ 6

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
　499 U.S. 340 (1991) .......................................................................................... 6

*Gray v. Hudson*,
　28 F.4th 87 (9th Cir. 2022) ............................................................................... 6

*Johannsongs-Publishing Ltd. v. Lovland*,
　No. CV 18-10009-AB (SSX), 2020 WL 2315805 (C.D. Cal. Apr. 3, 2020), aff'd,
　No. 20-55552, 2021 WL 5564626 ..................................................................... 6

*Mattel, Inc. v. MGA Entm't Inc.*,
　616 F. 3d 904 (9th Cir, 2010) ........................................................................... 6

**Statutes**

17 U.S.C §§ 102, 408 ............................................................................................ 6

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

From its first four lines, Plaintiffs' brief on these summary judgment motions (DKT NO. 742) (the "Opp"), sets the stage for their attempt to flood the zone with massive amounts of paper intended to divert the Court from the main issue the Court laid out in its Administrative Order concerning this phase:

> "[W]hether Plaintiffs' claimed works and/or portions thereof possess sufficient originality of authorship **and are otherwise protectable under copyright law**". [DKT. NO. 143] [emphasis added].

Instead, Plaintiffs framed the issue as follows:

> "Before this Court is a simple question: Does the relevant portion of Plaintiffs' music—the composite pattern of drum, percussion, and bass elements known as the Dem Bow Riddim—embody sufficient originality in its selection and arrangement to warrant protection under the Copyright Act's famously low bar?" Opp 1:1-5

While they later pay lip service to the word "protectability," Plaintiffs then define "originality" to be solely limited to whether their claimed works were "independently created" and have some minimal level of creativity, saying: "the court need only make two determinations: (1) whether the Dem Bow Riddim contains sufficient creative expression to qualify for copyright protection; and (2) whether that expression is the result of Plaintiffs' own original authorship, rather than copied from some prior source (i.e. "independent creation" and "originality"). Opp. 14:10-13. And then the Argument itself starts with the heading "the Dem Bow Riddim is original and entitled to broad copyright protection."  Opp. 15:10.

This is an incorrect recitation of applicable law. Originality does not equal protectability. Stated differently, an original work is not necessarily protectable.

4    Case No. 2:21-cv-08240-AB-AJRx

**BAD BUNNY AND RIMAS MUSIC'S BRIEF IN  (i) REPLY TO FURTHER SUPPORT SUMMARY JUDGMENT [DKT. 706], AND (ii) OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT 742]**

These are two separate and entirely distinct legal concepts. That law is reflected in the Court's order on the subject.

This convenient diminution of the focus of this phase reveals the flimsiness of Plaintiffs' claim that they own exclusive copyrights in an unprotectable ever-changing "combination" that does not actually exist in any of their works. Plaintiffs presented no "prior art" analysis to the Court, while Defendants' experts, Drs. Wayne Marshall, Joe Bennett, Lawrence Ferrara, and Melvin Butler, and rebuttal expert Dr. Peter Manuel all found innumerable examples of "prior art" to prove that Plaintiffs' "combination" – not merely its individual elements – is commonplace and not protectable.

The Court will recall the arguments put forth by Defendants Rimas Music, LLC and Benito Antonio Martinez Ocasio p/k/a Bad Bunny ("Rimas Defendants") in their Motion To Dismiss, DKT NOS. 330 and 395, and oral argument to the effect that Plaintiffs' allegations in the SCAC might not have been enough to even make it past a motion to dismiss. And while at that stage, the Court was "unprepared . . . to examine the history of reggaeton and dancehall genres and dissect genres' features . . . to determine if the Subject Works are . . . unprotectable as a matter of law" and found that "prior art" arguments were premature on a motion to dismiss, DKT. No. 421 (Court's ruling on MTD), the time for such examination has come. With the evidence now before the Court can and should conclude that as a matter of law, Plaintiffs' shapeshifting "combination" is *not protectable*.

## II. More Than Minimal Creativity Is Required For A Rhythm To Be Protectable

The fatal flaw in Plaintiffs' argument is their conflation of "original" and "protectable." But even the Court's order (DKT 143) reflected knowledge that these are two entirely different concepts.

**BAD BUNNY AND RIMAS MUSIC'S BRIEF IN (i) REPLY TO FURTHER SUPPORT SUMMARY JUDGMENT [DKT. 706], AND (ii) OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT 742]**

Copyright law provides that "original" works of art can be registered. 17 U.S.C §§ 102, 408. Cases beginning with *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) through to the present day (*see e.g. Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022) make plain that the test for copyrightability is a "famously low bar" *Id.* citing *Skidmore v. Led Zeppelin*, 952 F. 3d 1051, 1069 (9th Cir, 2020) and that all that is required is "some creative spark, no matter how crude, humble or obvious it might be". *Feist*, 499 U.S. at 345. But copyrightability should not be confused with the concept of "protectability," which is what is required here to advance this case past summary judgment.

In this circuit, it is clear that only protectable elements may be considered in the so-called extrinsic test. *Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022) ("it is essential to distinguish between the protected and unprotected material in a plaintiff's work"); *Mattel, Inc. v. MGA Entm't Inc.*, 616 F. 3d 904, 906 (9th Cir, 2010) ("[a] finding of substantial similarity between two works cannot be based on similarities in unprotectable elements"); *Apple Computer, Inc. v. Microsoft Corp*, 35 F. 3d 1435, 1443 (9th Cir. 1994); *CBS Broadcasting Inc. v. American Broadcasting Companies Inc.*, Case No. CV 12-04073 GAF (JEMx), 2012 WL 13013027 at *7-8 (C.D. Cal. Jun. 21, 2012) (applying extrinsic test and rejecting protectability of claimed "selection and arrangement," stating "[i]t is not true that any combination of unprotectable elements automatically qualifies for copyright protection," quoting *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003); *Johannsongs-Publishing Ltd. v. Lovland*, No. CV 18-10009-AB (SSX), 2020 WL 2315805, at *3 (C.D. Cal. Apr. 3, 2020), aff'd, No. 20-55552, 2021 WL 5564626 (9th Cir. Nov. 29, 2021

This conclusion is indeed buttressed by language following the *Feist* court's enunciation of the "low bar" test for originality which Plaintiffs purposefully ignore: "The mere fact that a work is copyrighted [i.e. "original"] does not mean that every element of the work may be protected." *Feist* 499 U.S. at 363.

**BAD BUNNY AND RIMAS MUSIC'S BRIEF IN (i) REPLY TO FURTHER SUPPORT SUMMARY JUDGMENT [DKT. 706], AND (ii) OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT [DKT 742]**

It follows that in this case, there have to be protectable elements (or a combination thereof) here if this case is to proceed one step further on these alleged musical compositions; and this was the reason for the specific language in the Parties' stipulation and the Court' Order regarding the scope of this phase.

### III. PLAINTIFFS' READING OF THE SCOPE OF THIS PHASE WOULD RENDER IT A MEANINGLESS EXERCISE

The Court bifurcated this case for efficiency and economy so that the case could be cut off at the pass if it did not survive the threshold tests of "originality" **and "protectability"**. The Parties intended to conduct, and conducted expert discovery on both of these subjects, which they did through the disclosure of nine expert witnesses. It is inconceivable that the Court intended for this scope of discovery if all that was at stake was to determine "independent creation" (which does not involve any expert evidence) and "originality" (which is a "low bar" test) both easily satisfied without expert opinion. Rather, as Defendants' contend, this Phase required experts to dive deeply into protectability issues which included a comprehensive "prior art" analysis as conducted by Defendants' expert and not considered at all by Plaintiffs' experts.

If protectability were irrelevant to this phase, as Plaintiffs would have this Court believe, there would have been no purpose served by bifurcating and such limited bifurcation, setting off months long and extensive expert discovery, would not have "streamline[d] the matter, and ma[d]e the case more efficient for both the Court and the parties," which was the Court's stated goal in its Order setting out the scope of Phase 1 (Dkt. 143.).

### IV. CONCLUSION

For the foregoing reasons, Bad Bunny and Rimas respectfully submit that the scope of this phase includes a determination of whether the claimed "selection and arrangement" of rhythms are in the first instance "protectable". In turn, this

determination required the consideration of "prior art," which all Defendants joining in the PC Defendants' briefing have conclusively demonstrated.

Therefore, for the foregoing reasons and as more fully set forth in the PC Defendants' briefs on summary judgment, the Court should grant Defendants' Motion for Summary Judgment and deny Plaintiffs Cross-Motion.

Respectfully submitted on August 4, 2025.

        FREUNDLICH LAW, APC

        BY: _____
        Kenneth D. Freundlich
        Jonah A. Grossbardt
        Attorneys for Defendants
        RIMAS MUSIC, LLC and BENITO ANTONIO MARTINEZ OCASIO P/K/A BAD BUNNY