**PRYOR CASHMAN LLP**
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
Shamar Toms-Anthony (State Bar No. 323246)
*stoms-anthony@pryorcashman.com*
1901 Avenue of the Stars, Ste. 900, Los Angeles, California 90067
Telephone: (310) 683-6900

Donald S. Zakarin (admitted *pro hac vice*)
*dzakarin@pryorcashman.com*
Frank P. Scibilia (admitted *pro hac vice*)
*fscibilia@pryorcashman.com*
7 Times Square, 40th Floor, New York, New York 10036
Telephone: (212) 421-4100

James G. Sammataro (State Bar No. 204882)
*jsammataro@pryorcashman.com*
255 Alhambra Circle, 8th Floor, Miami, Florida 33134
Telephone: (786) 582-3003
*Attorneys for the Pryor Cashman-Represented Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, *ET AL.*,<br><br>         Plaintiffs,<br><br>    v.<br><br><br>RODNEY SEBASTIAN CLARK, an individual, *ET AL.*,<br><br>         Defendants. | Case No.: 2:21-cv-02840-AB-AJR<br><br>**PC DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND 28 U.S.C. § 1927; MEMORANDUM OF POINTS AND AUTHORITIES**<br>*(Declaration of Benjamin S. Akley and [Proposed] Order filed concurrently)*<br>Date: November 7, 2025<br>Time: 10:00 am<br>Courtroom: 7B |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 7, 2025 at 10:00 am, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable André Birotte Jr., Judge of the United States District Court for the Central District of California (Courtroom 7B), located at 350 West First Street, Los Angeles, CA 90012, the Defendants represented by Pryor Cashman LLP (the "PC Defendants") will and hereby do move the Court for monetary sanctions against Plaintiffs' counsel Stephen Doniger, Scott Burroughs, and Benjamin Tookey of the law firm Doniger Burroughs APC ("Doniger/Burroughs"), pursuant to Federal Rule of Civil Procedure ("Rule") 11, 28 U.S.C. § 1927, and the Court's inherent authority, including $40,693.00 in attorneys' fees incurred by the PC Defendants. Doniger/Burroughs filed a written motion, (Dkt. No. 741), in which Plaintiffs sought to exclude the expert report and testimony of Defendants' witness, Dr. Lawrence Ferrara. The motion was replete with *over one dozen* quotes attributed to Dr. Ferrara, every one of which *Doniger/Burroughs ultimately conceded was entirely fabricated*. These quotes exist nowhere in Dr. Ferrara's report, in sum or in substance. In an effort to suggest reliability, in some cases, the *fake quotes* are even "supported" by *fake pin cites* to pages in Dr. Ferrara's report where the language does not exist, again, as quoted by Doniger/Burroughs or even in substance (in some cases, the cited pages contain only musical transcription). By signing and filing this motion containing false representations before this Court, Doniger/Burroughs violated Rule 11(b)(2), 28 U.S.C. § 1927, and their duty of candor and honesty to the Court.

Defendants identified the fake quotes in their opposition to Plaintiffs' Daubert motion filed on August 4, 2025. (Dkt. No. 767.) Despite such identification, Doniger/Burroughs did not withdraw the motion at that time, nor did they even seek to correct their blatant misrepresentations. Rather, only after

receiving a Rule 11 letter did Doniger Burroughs undertake to conceal from this Court the magnitude of their falsification by filing a so-called "Notice of Errata"—a filing by which Doniger/Burroughs sought to pretend that their motion was infected solely by some inconsequential typographical errors rather than material and substantive fabricated quotations.  But they did not withdraw the motion, which was the only way to correct the violation (given that Plaintiffs' arguments are inextricably tied to the fake quotes).  In fact, Plaintiffs sought to exclude Dr. Ferrara largely because (they claimed) the fake quotes—in other words, the things they now concede Dr. Ferrara never said—rendered his testimony "irrelevant" or "cumulative."

Not only are Doniger/Burroughs' attempts to conceal their sanctionable conduct through a belated and patently bogus "notice of errata," (Dkt. No. 788, Akley Decl., Ex. 2), nowhere permitted by any procedural rule, they do not change the fact that Defendants were forced to have to respond to Plaintiffs' arguments based on the fake quotes that Doniger/Burroughs now tries to conceal from this Court.   Doniger/Burroughs pretense that "Defendants have not been materially prejudiced" by these so-called "errors" is thus utterly spurious. (*Id*. at 3.) Submitting a brief with over a dozen fake statements falsely attributed to an expert is not some minor "error."  Defendants <u>have</u> been prejudiced by having to address these fabrications and all of Doniger/Burroughs' arguments based on such fabrications.

And, because Plaintiffs' entire motion to exclude Dr. Ferrara was tainted and undermined by the myriad admitted falsities and misstatements upon which it was based, an additional appropriate and necessary nonmonetary remedy under Rule 11 is that the Ferrara Motion be summarily denied, rejected, and/or stricken.

The Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of

Benjamin Akley, and any and all additional submissions, evidence, and/or argument, including any reply briefing, as may be presented at or before the hearing on this motion.

### L.R. 7-3 Statement of Compliance

This Motion is made following the videoconference of counsel pursuant to Local Rule 7.3, which took place on September 3, 2025. The PC Defendants served Plaintiffs with a draft Rule 11 memorandum on August 29, 2025.

Respectfully submitted on September 26, 2025.


**PRYOR CASHMAN LLP**

By: */s/ Benjamin S. Akley*
Donald S. Zakarin (*dzakarin@pryorcashman.com*)
Frank P. Scibilia (*fscibilia@pryorcashman.com*)
James G. Sammataro (*jsammataro@pryorcashman.com*)
Benjamin S. Akley (*bakley@pryorcashman.com*)
Shamar Toms-Anthony (*stoms-anthony@pryorcashman.com*)

iii

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ v

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 1

I.      PRELIMINARY STATEMENT ...................................................................... 1

II.     RELEVANT FACTS ........................................................................................ 6

III.    LEGAL STANDARD ..................................................................................... 11

IV.     ARGUMENT .................................................................................................. 12

        A.      The Court Should Issue Sanctions Under Rule 11 ............................... 12

        B.      Doniger/Burroughs Should be Sanctioned Under 28 U.S.C. § 1927 ... 14

V.      CONCLUSION .............................................................................................. 15

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(s)**

*Benke v. Departure Agency, Inc*.,
    No. CV1100397DDPVBKX, 2012 WL, 12885102
    (C.D. Cal. Oct. 9, 2012)...................................................................................... 5, 14

*Bias v. Moynihan*,
    508 F.3d 1212 (9th Cir. 2007)............................................................................ 13

*Brent v. The Boeing Co.*,
    No. 217CV04429ODWEX, 2019 WL 4450424
    (C.D. Cal. Sept. 17, 2019) ................................................................................. 13

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001).............................................................................. 14

*Fred R. Gumbinner Living Tr., Inc. v. Kronos Advanced Techs.*,
    Inc., No. CV 21-547 MWF (JEMX), 2021 WL 4815008
    (C.D. Cal. Apr. 27, 2021) .................................................................................. 13

*In re Girardi*,
    611 F.3d 1027 (9th Cir. 2010)............................................................................ 14

*Hoffman v. Goli Nutrition, Inc.*,
    No. 2:23-CV-06597-CAS-MAAX, 2025 WL 2161335
    (C.D. Cal. July 30, 2025).................................................................................... 13

*In re Keegan Mgmt. Co., Sec. Litig.*,
    78 F.3d 431 (9th Cir. 1996)................................................................................ 14

*Moser v. Bret Harte Union High Sch. Dist.*,
    366 F. Supp. 2d 944 (E.D. Cal. 2005)................................................................ 13

*New Alaska Dev. Corp. v. Guetschow*,
    869 F.2d 1298 (9th Cir. 1989)............................................................................ 15

*Stone v. Carey*,
    No. 2:23-CV-09216-MRA-JDE, 2025 WL 1190518
    (C.D. Cal. Mar. 19, 2025)................................................................................... 11

*Unicolors, Inc. v. A&M LLC*,
  16 Civ. 6853AT-RWL, 2018 WL 11219451
  (S.D.N.Y. Mar. 20, 2018) .......................................................................................5

*Wages v. I.R.S.*,
  915 F.2d 1230 (9th Cir. 1990 .............................................................................15

*In re Yagman*,
  796 F.2d 1165 (9th Cir. 1986) ...........................................................................14

## STATUTES AND RULES

28 U.S.C. § 1927 ......................................................................................... 6, 14, 15

Cal. R. Prof. Conduct 3.3(a)(1) .................................................................. 11

Fed. R. Civ. P. 11(b) .................................................................................. 11

Fed. R. Civ. P. 11(b)(2) ............................................................................. 11

Fed. R. Civ. P. 11(c)(1) ............................................................................. 12

Fed. R. Civ. P. 11(c)(4) ............................................................................. 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

On July 3, 2025, Plaintiffs' counsel, Stephen Doniger, Scott Burroughs, and Benjamin Tookey of the law firm Doniger Burroughs APC ("Doniger/Burroughs"), filed a motion seeking to exclude the testimony and reports of Defendants' expert, the well-respected musicologist Dr. Lawrence Ferrara. (Dkt. No. 741 (the "Ferrara Motion").)  The Ferrara Motion argued that certain of the testimony provided by Dr. Ferrara in his reports is "irrelevant, misleading and unhelpful." (Ferrara Motion § III.A, at 2.)  It argued that Dr. Ferrara's methodology is "unreliable" because he purportedly failed to conduct any "transcriptional, computational, or technical musicological breakdown" and merely "refer[red] generally to the song's genre and asserts that it resembles 'many other riddims,' without providing any comparative framework." (*Id.* § III.B, at 5-6.)  And it argued that other of Dr. Ferrara's assertions are "cumulative" of statements purportedly made by other of Defendants' experts. (Ferrara Motion § III.C.)

But the Ferrara Motion is based on "testimony" of Dr. Ferrara quoted by Doniger/Burroughs in support of the foregoing arguments that was ***entirely fabricated by Doniger/Burroughs***.  ***Doniger/Burroughs created out of thin air over one dozen quotes*** that they attributed to Dr. Ferrara, ***which quotes nowhere existed in Dr. Ferrara's reports, in sum or in substance, as Doniger/Burroughs belatedly conceded***.  In an effort to suggest reliability, in some cases, the ***fake quotes*** are even "supported" by ***fake pin cites*** to pages in Dr. Ferrara's report where the language does not exist (in some cases, the cited pages contain only musical transcription).

These are not mere typographical errors or an isolated but inadvertent use of quotation marks on a sentence that was actually a paraphrase.  The Ferrara Motion

1

1  is riddled with fabricated testimony.  There can be no clearer violation of Rule 11
2  and Section 1927.

3         Moreover, the Ferrara Motion is not some outlier or one-off.  On the same
4  day Doniger/Burroughs filed the Ferrara Motion, they filed a motion seeking to
5  exclude the testimony of another of Defendants' experts, Dr. Melvin Butler.  (Dkt.
6  No. 757 (the "Butler Motion").)  The Butler Motion sought to exclude Dr. Butler
7  based on similarly-fabricated quotes, including an entirely fictional ***two-sentence***
8  assertion that formed the core of Doniger/Burroughs' entire basis for excluding Dr.
9  Butler.  Again, the PC Defendants were forced to respond to this falsification in
10 their opposition (filed on August 4, 2025) and send a Rule 11 letter.[1]  Again,
11 Doniger/Burroughs sought to conceal their impropriety by filing a bogus "notice of
12 errata."  (Dkt. No. 787.)  Only thereafter, when the PC Defendants made clear that
13 they were going to bring this conduct to the attention of the Court, did
14 Doniger/Burroughs belatedly withdraw the Butler Motion (albeit only after it was

15
16
17
18
19
20

---

21 [1] Remarkably, even after being alerted to the fabricated quotes, Doniger/Burroughs
   repeated certain of them and submitted additional, new false quotes in their reply
22 papers.  For example, at the same time as they acknowledged the falsity of the fake
   two-sentence "quote" included in their Butler Motion, Doniger/Burroughs again
23 cited to portions of the same fake "quote" in their Butler reply brief. (*See* Dkt. No.
24 784 at 7-8.)  And Doniger/Burroughs included what appears to be an entirely ***new***
   fake quote in their reply brief in support of their motion to exclude Dr. Wayne
25 Marshall (which, unlike their Butler Motion, they have not withdrawn). (Dkt. No.
26 781 at 3 (falsely citing Dkt. No. 706-2 ¶ 21.))  These additional instances of
   mendacity in Doniger/Burroughs' reply papers discredit any pretense of good faith
27 or innocence and reinforce that their original misconduct was intentional.

28

pending before this Court for over two months and was fully briefed, and only after

having been served with a draft Rule 11 Motion).[2]  (Dkt. No. 796.)

Undoubtedly, because Doniger/Burroughs fully recognizes that Dr. Ferrara's

reports compellingly support the dismissal of Plaintiffs' compositional

infringement claims, Doniger/Burroughs refused to withdraw the Ferrara Motion

despite the fact that the Ferrara Motion employed (indeed is based on) by far the

most fabricated quotes.  Instead, as part of their effort to conceal their fabrication

of quotes from this Court, they appear to have bed down in relying on a belatedly

filed and bogus "Notice of Errata."  (Dkt. No. 788.)  The very designation of the

filing of what is essentially a new motion, deleting roughly one third of the

memorandum of law and virtually all of the "factual" support for the arguments

supporting the motion, as a "Notice of Errata" tells one all one needs to know about

how baseless the Ferrara Motion is and how desperate Doniger/Burroughs is to

avoid having this Court rely on the Ferrara reports.

It is obvious that a "Notice of Errata" is properly addressed to correcting

minor typographical errors.  It is not a device to be used to file what is essentially

a new brief, months after the original brief was filed and months after opposition

to the original brief was filed.  Although the "Notice of Errata" is being used as

such by Doniger/Burroughs, it is not a mechanism by which one may—only after

one has been caught—jettison fabricated evidence under the cover of mere "errata"

while still seeking to press a motion that was entirely infected with and based on

such fabricated evidence.  Doniger/Burroughs' "Notice of Errata" gambit simply

---

[2] Doniger/Burroughs also withdrew, without providing any explanation, the fully-briefed Motion to Exclude Dr. Joe Bennett, (Dkt. No. 795), another one of Defendants' experts.  The PC Defendants intend to separately seek monetary sanctions under 28 U.S.C. 1927 for Doniger/Burroughs vexatiously multiplying these proceedings by filing frivolous (and, in at least one case, falsly-filled) motions seeking to exclude Dr. Bennett and Dr. Butler, intended only to harass the PC Defendants and needlessly increasing the costs of litigation.

1   compounds the impropriety of their having filed motions filled with, and based on,
2   fabricated quotes, and does not remotely satisfy their Rule 11 obligations, as
3   Doniger/Burroughs knows, as evidenced by their belated ***withdrawal*** of the
4   similarly egregious and sanctionable Butler Motion.[3]

5   Because Doniger/Burroughs has refused to explain how these fabricated
6   quotes came to be (incredibly professing an inability to find out), Defendants do
7   not know whether they were purposeful misrepresentations or AI hallucinations.
8   Either way, it is outrageous and sanctionable conduct.  And their assertion that they
9   do not know how it happened is not credible.  Word processing tracks edits to
10  documents   and   who   did   the   editing.     There   is   an   evidentiary   trail.
11  Doniger/Burroughs is plainly concealing what happened and they should not be
12  permitted to do so.

13  Doniger/Burroughs' website boasts of the firm's "commitment to handling
14  cases with integrity."[4]  But the sad truth is that Doniger/Burroughs' attorneys have
15  a long history of "reprehensible" conduct (including filing frivolous motions with
16  knowingly false factual representations) for which they have been admonished and
17  received fines, including "substantial sanction[s]":

18      At the hearing, Benke's counsel [Doniger/Burroughs] conceded that the
19      day before filing the Motion, they actually reviewed some of the
        Supplemental Responses, ***but they still went ahead and filed the***
20      ***Motions knowing that they contained factual misrepresentations*** . . . .
21      The foregoing chronology demonstrates ***a reprehensible course of***
        ***conduct*** by [Doniger/Burroughs] . . . .  In this case, the conduct of
22      [Doniger/Burroughs] in filing both of these Motions was ***completely***

23

24  [3] Doniger/Burroughs has the audacity to characterize their incorrect quotations and
25  citations as "errors," and the PC Defendants pointing them out as a "distraction."
    (Dkt. No. 786 at 1.)  Doniger/Burroughs' attitude reflects a lack of remorse and only
26  adds insult to injury by shifting blame to the PC Defendants for responding to their
    myriad, egregious, unexplained misrepresentations.

27  [4] *See* https://donigerlawfirm.com/about/

28
                                              4

*unjustified*. . . .   Moreover, and as the Court has already noted, the two Motions filed by [Doniger/Burroughs] contain *significant omissions of important facts, and misrepresentations* regarding the existence of supplemental discovery responses.   *Sanctions are called for* because [Doniger/Burroughs]'s   conduct   pushed   the   envelope   of misrepresentations. . . .   *The type of machinations engaged in by [Doniger/Burroughs] merit a substantial sanction*, and the Court therefore sanctions [Doniger/Burroughs] in the full amount requested in the Opposition to both Motions.

*Benke v. Departure Agency, Inc.*, No. CV1100397DDPVBKX, 2012 WL, 12885102, at *8–9 (C.D. Cal. Oct. 9, 2012) (emphasis added) (sanctioning Stephen Doniger, Scott Burroughs, and Doniger/Burroughs $12,340.00 to reimburse the defendant's attorneys' fees); *see also Unicolors, Inc. v. A&M LLC*, 16 Civ. 6853AT-RWL, 2018 WL 11219451, at *5 (S.D.N.Y. Mar. 20, 2018) (finding that the plaintiff, represented by Doniger/Burroughs, withheld responsive information during discovery and did not disclose critical information and granting, in part, the defendants' motion for sanctions).

Here, there is no excuse or justification for Doniger/Burroughs' having filed motions based on material and multiple fabrications, and there is no question that they knew that their motions were based on fabrications months before they belatedly undertook to withdraw some, *but not all*, of these motions.  It is plain that the Ferrara Motion is the most offensively false of their motions but, because Dr. Ferrara is so highly respected and his reports so damaging, they have refused to withdraw the Ferrara Motion in clear contravention of not only Rule 11 but also the duties of candor and ethics they owe to the Court, their adversaries, the California State Bar, and the public.

In order to discourage further abuses and infractions (in this case or others), to protect the sanctity and veracity of these proceedings and its docket, and to compensate the PC Defendants for the substantial attorneys' fees and costs they

have incurred responding to the Ferrara Motion and otherwise dealing with Doniger/Burroughs' misbehavior, under Rule 11, 28 U.S.C. § 1927, and its inherent authority, the Court should summarily deny, reject, and/or strike the Ferrara Motion, impose substantial monetary sanctions against Doniger/Burroughs (including $40,693.00 in attorneys' fees incurred by the PC Defendants), and grant any other and further relief that the Court deems just and proper.[5]

## II.   RELEVANT FACTS

Dr. Ferrara's affirmative report was served on January 10, 2025.  His rebuttal report was served on February 27, 2025.  Thus, Doniger/Burroughs had those reports for *over four months* before they served the Ferrara Motion on July 3, 2025. That was certainly more than enough time for Doniger/Burroughs to familiarize themselves with the actual contents of Dr. Ferrara's reports.  And, obviously, they should have familiarized themselves with the actual contents of Dr. Ferrara's reports by no later than June 26, 2025, when they advised Defendants that they would be filing a motion to exclude those reports.

But precisely because Dr. Ferrara is a respected expert (who this Court has previously found both credible and qualified), and because he presented reliable and compelling testimony, Doniger/Burroughs filed a motion to exclude Dr. Ferrara, not based on the contents of his reports but based on completely fabricated quotations that nowhere appear in his reports.  Specifically, Doniger/Burroughs in their Ferrara Motion ascribe *over a dozen* quotes, phrases, assertions, or opinions to Dr. Ferrara that are entirely made up.  Doniger/Burroughs *falsely*:

---

[5]  At a minimum sanctions should be imposed pursuant to 28 U.S.C. § 1927 because Defendants were forced to oppose the Ferrara Motion as filed with all of the fake quotations and rebut those quotations and the arguments based thereon, which Doniger/Burroughs now seeks to casually "delete" as if they had never been made and as if Defendants never had to respond to them.

- State that Dr. Ferrara "claims that 'Fish Market's rhythmic style is very much in line with other music of its genre,' and that 'these features are in common with other riddims.'" (*Contrast* Dkt. No. 741 ("Ferrara Daubert") 3, *with* Dkt. No. 706-27 ("Ferrara Report").) ***But he said no such thing (in words or in substance).***

- Claim that Dr. Ferrara "applies an improper 'marketplace' originality test, suggesting that rhythms frequently used in commercial songs cannot be original." (*Contrast* Ferrara Daubert 4, *with* Ferrara Report.) ***He says no such thing and applies no such test.***

- State that Dr. Ferrara refers to what "listeners familiar with the genre expect to hear," and to what "listeners expect," and that he asserts that "Fish Market's music content is similar to many other riddims used in popular music." (*Contrast* Ferrara Daubert 4, *with* Ferrara Report.) ***But none of these statements are contained anywhere in his report.***

- Claim that, rather than provide any "transcriptional, computational, or technical musicological breakdown," Dr. Ferrara "refers generally to the song's genre and asserts that it resembles 'many other riddims,' without applying any comparative framework." (*Contrast* Ferrara Daubert 5–6, *with* Ferrara Report 6–26.) ***Ferrara makes no such assertion, and provides over a dozen transcriptional and musicological "breakdown[s]."***

- State that Dr. Ferrara "relies on conclusory assertions such as 'these recordings demonstrate similarity' or that they show the 'basicness' of Fish Market's content." (*Contrast* Ferrara Daubert 6, *with* Ferrara Report 6-7.) ***These "conclusory assertions" are nowhere found in Ferrara's report.***

- State that Dr. Ferrara relies on "vague, aesthetic impressions, such as 'feel' or 'emotional response.'" (*Contrast* Ferrara Daubert 5, *with* Ferrara Report.) ***The words "emotional response" are nowhere to be found in Dr. Ferrara's reports.***[6]

---

[6] As for feel, while Dr. Ferrara does use the word, he does so in another context.

7

- Claim that Dr. Ferrara asserts that: (1) "elements of Fish Market cannot be original because similar sounds exist in prior art"; (2) Fish Market is comprised of "genre conventions" or "genre norms"; and (3) "features in the Dem Bow Riddim are not original because they are common in dancehall and other commercial genres." (*Contrast* Ferrara Daubert 3 & n.1, *with* Ferrara Report 6–7, 12–13.) ***Nothing of the sort is said in Ferrara's report.***

- Claim that Dr. Ferrara uses "vague, undefined criteria such as 'stock rhythmic figures,' 'common materials,' and 'genre norms,' to argue that the rhythm lacks originality and is unprotectable." (*Contrast* Ferrara Daubert 12, *with* Ferrara Report.) ***No such terms can be found in Ferrara's report.***

- State that Dr. Ferrara's rebuttal report, (Dkt. No. 706-28), "references and incorporates the 'conclusions of Dr. Wayne Marshall and Dr. Peter Manual' explicitly to form his opinions." (Ferrara Daubert 12.) ***The quotation is fake***: neither expert is mentioned anywhere in Dr. Ferrara's rebuttal (or his affirmative report). (*See* Ferrara Report, *passim*.)

To be clear: in each of the above instances, Doniger/Burroughs has made up and attributed to Dr. Ferrara quotes that do not exist in Dr. Ferrara's report. Not only do these fake quotes not appear at the fake pin cites to Dr. Ferrara's report provided by Doniger/Burroughs, they do not exist ***anywhere*** in Dr. Ferrara's reports, in sum or substance. They are ***purposeful falsehoods***, as one could have easily confirmed by reviewing (or even just using "Control+F" to search) Dr. Ferrara's reports themselves. Making matters worse, Doniger/Burroughs frivolously moved to strike Dr. Ferrara's reports on the grounds that these assertions and opinions that Dr. Ferrara did not make are either "irrelevant" or "cumulative." (Ferrara Daubert 11–12.)

On August 4, 2025, the PC Defendants opposed the Ferrara Motion, identifying all of the fake quotes in that Motion. Doniger/Burroughs took no action to correct the fabricated quotes on which their motion was based.

On August 25, 2025, the PC Defendants' counsel served a letter on Doniger/Burroughs again identifying the fake quotes in the Ferrara Motion discussed above and requesting that Doniger/Burroughs "voluntarily remedy the offending conduct without the Court's intervention." (Declaration of Benjamin S. Akley, ("Akley Decl."), Ex. 1 (August 25 Letter).)  Ignoring that the only proper remedy for their Rule 11 violation is the complete withdrawal of the offending motion, Doniger/Burroughs first refused to withdraw any of their motions but later withdrew both the Bennett Motion and the Butler Motion.  Yet, Doniger/Burroughs refused to withdraw the Ferrara Motion—even though it contains a significantly greater number of misrepresentations than even the Butler Motion.

The first ploy attempted by Doniger/Burroughs was to file documents they self-described as "Notices of Errata," (Dkt. Nos. 787, 788), purporting to "partial[ly] retract[] and/or agree[] to strike portions of" the Ferrara Motion (and other of their motions, including the Butler Motion), and attaching "for the convenience of the Court and counsel" a redacted version of the Ferrara Motion (meaning cutting out the false quotes).  In this document, Doniger/Burroughs conceded that the quotes they falsely attributed to Dr. Ferrara and identified by Defendants in their opposition to the Ferrara Motion as fake are, in fact, fake.  (*Id.* ("Plaintiffs acknowledge that their Daubert motion aimed at Dr Ferrara included certain misattributed[7] and erroneous quotes . . . .").)

Denominating as a mere "Notice of Errata" a document by which Doniger/Burroughs seeks (unsuccessfully) to extricate from their arguments the over one dozen fabricated items of "testimony" or pieces of "evidence" on which their Ferrara Motion is based is a charade.  It is a patent attempt to conceal from the Court that they filed motions filled with completely fabricated quotes so that

---

[7]  The notion that the fake quotes are "misattributed" is also demonstrably untrue, as the quotes do not exist in any of the reports of any of the Defendants' experts.

9

the Court would not undertake to "get to the bottom" of how Doniger/Burroughs came to sign and file papers with the Court that are completely made up.  It is an attempt to dodge Rule 11 by pretending that they are just correcting some inconsequential typographical or clerical errors.

Moreover, the redacted version of the Ferrara Motion attached as an exhibit to this so-called "Notice of Errata" only underscores the impropriety (indeed, the absurdity) of Doniger/Burroughs' gambit, and their continuing to press forward with a motion based upon fabrication after fabrication.  Not only has roughly one-third of the content of the Ferrara Motion been redacted, what remains are arguments predicated on nothing.

For example, Doniger/Burroughs' first argument (at III.A.) is that Dr. Ferrara's testimony is "fundamentally irrelevant, misleading, and unhelpful." But after just asserting that it is, and citing the legal standard, the remainder of that argument section that identified what in particular in Dr. Ferrara's purported testimony is "irrelevant, misleading, and unhelpful" has been entirely redacted (because it was based on fabricated quotes).  (*See* Dkt No. 788-1 (proffered redacted brief), at 3-5.)

Doniger/Burroughs' second argument (at III.B.) is that Dr. Ferrara's methodology is unreliable.  But because this argument was predicated on the false assertions that Dr. Ferrara did not provide any "transcriptional, computational, or technical musicological breakdown," and that he "refers generally to the song's genre and asserts that it resembles 'many other riddims,' without applying any comparative framework" (Ferrara Motion at 5–6), which fabrications are now redacted (Dkt. No. 788-1, at 5-7) the argument too is without basis.

And while remnants of the ghost of Doniger/Burroughs' third argument (at III.C.) that Dr. Ferrara's testimony is "cumulative of the defense's other expert opinions" and "should be excluded on that basis" remain in their proffered redacted

brief (*see* Dkt. No. 788-1, at 1), the entire argument section purporting to support the argument that Dr. Ferrara's testimony is "cumulative" has been redacted.  (*Id.* at 11-13.)  In short, while Doniger/Burroughs have refused to drop their motion, they have gutted it to the point where it is nonsensical, meaningless, and entirely different than as originally filed.

## III.   **LEGAL STANDARD**

All counsel before this Court must comply with the Rules of Professional Conduct and Federal Rules of Civil Procedure and, among other things, not make false statements of fact or law.  *See, e.g.*, Cal. R. Prof. Conduct 3.3(a)(1) ("A lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.");  Fed. R. Civ. P. 11(b)(2).

Rule 11(b) provides that, "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1)   it is not being presented for any improper purpose, such as to harass…;

> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;…."

"If requested by motion and warranted for effective deterrence, Rule 11 authorizes the Court to issue 'an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation."  *Stone v. Carey*, No. 2:23-CV-09216-MRA-JDE, 2025 WL 1190518, at *17 (C.D. Cal. Mar. 19, 2025) (citing Fed. R. Civ. P. 11(c)(4)); *see also* Rule 11,

Advisory Committee Note ("[g]reater attention by the district courts to pleading and motion abuses and the imposition of sanctions when appropriate, should discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.").   "[T]he court may impose an appropriate sanction on an attorney, law firm, or party has that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).

## IV.   ARGUMENT

### A.   The Court Should Issue Sanctions Under Rule 11

As set forth above, the entire Ferrara Motion is tainted and undermined by the myriad admitted falsities and misstatements upon which it is based.   The appropriate and necessary nonmonetary remedy for these violations under Rule 11 is that the Ferrara Motion be summarily denied, rejected, and/or stricken.

Substantial monetary sanctions against Doniger/Burroughs also are warranted under Rule 11 to deter Doniger/Burroughs from further violations of the rules.  This is hardly an isolated instance of Doniger/Burroughs' violation of the Rules and Court Orders in this case.  The PC Defendants have been compelled to make several motions (including two other sanctions motions with respect to the pending summary judgment motions) to address Doniger/Burroughs' conduct.[8] The submission of motions based on fabricated quotes, including the Ferrara Motion, violates their duties of truth and candor to this Court and Rule 11.  Each of the quotes and arguments discussed above, which are wrongly attributed to

---

[8]  Those motions address the submission by Doniger/Burroughs of expert declarations that contain statements contrary to the sworn deposition testimony of those same experts and contrary to the contents of their reports.  They address the *post hoc* unilateral amendment of the SCAC in Plaintiffs' opposition to the PC Defendants' summary judgment motion (by abandoning the "Fish Market Elements" alleged in the SCAC and adopting a newly created "selection and arrangement").  They address the falsification of audio files as supposed "stems" when they were actually recreations made over 30 years after the fact.

Dr. Ferrara, are **fabrications**, and there is no excuse or justification for Doniger/Burroughs having filed such a motion or their seeking to conceal it through a nonsensical "notice of errata" rather than withdrawing the motion totally. The law is clear that Doniger/Burroughs should be sanctioned for their wrongful conduct. *See, e.g.*, *Fred R. Gumbinner Living Tr., Inc. v. Kronos Advanced Techs.*, Inc., No. CV 21-547 MWF (JEMX), 2021 WL 4815008, at *3 (C.D. Cal. Apr. 27, 2021) (sanctioning counsel for filing a notice of removal with two misrepresentations after finding a reasonable and competent inquiry would have revealed to him that the defendant had not been served with a copy of the complaint, as falsely stated in the notice of removal); *see also Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 984 (E.D. Cal. 2005) (ignorance is no defense to Rule 11 violation).

Doniger/Burroughs' "Notice of Errata" (which attaches what is essentially a different motion and that seeks to conceal from the Court that the original motion had been based on material falsehoods that constituted **one-third** of that original motion) is procedurally improper and insufficient to satisfy their obligations under Rule 11 and duties of candor and truth. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (explaining that, "Notices of errata to clarify clerical errors are substantively different from attempts to file supplemental briefs unauthorized by local rules."); *accord Hoffman v. Goli Nutrition, Inc.*, No. 2:23-CV-06597-CAS-MAAX, 2025 WL 2161335, at *3 (C.D. Cal. July 30, 2025) (striking the plaintiffs' errata, finding that "[e]rrata may only be filed to correct a clerical or typographical error, not to raise substantive issues before the Court.") (citations omitted); *Brent v. The Boeing Co.*, No. 217CV04429ODWEX, 2019 WL 4450424, at *8 (C.D. Cal. Sept. 17, 2019) (construing the plaintiff's "Notice of Errata" as an impermissible sur-reply after finding the plaintiff's "Notice of Errata and supplemental documents . . . attempt[ed] to correct some of the deficiencies identified by

Defendants Reply.  Though couched as a "Notice of Errata," there [was] no doubt
that [plaintiff] [was] introducing new arguments and evidence for the Court's
consideration.").  The only rule-compliant response to remedy the deficiencies in
the Ferrara Motion was for Doniger/Burroughs to withdraw the offending motion
(as they did the Butler Motion).

The court's admonition and substantial sanctions in *Benke* was evidently not
sufficient to deter Doniger/Burroughs' apparent pattern and practice of making
false claims before this tribunal.  Doniger/Burroughs' conduct is reprehensible and
warrants Rule 11 sanctions sufficient to deter any further offending conduct.

**B.    Doniger/Burroughs Should be Sanctioned Under 28 U.S.C. § 1927**

In addition, Doniger/Burroughs should be required to reimburse the
attorneys' fees that the PC Defendants incurred in responding to the Ferrara Motion
(conservatively totaling $40,693).  (*See* Akley Decl. ¶ 13.)

The law is clear that an attorney "who so multiplies the proceedings in any
case unreasonably and vexatiously may be required by the court to satisfy
personally the excess costs, expenses, and attorneys' fees reasonably incurred
because of such conduct."  28 U.S.C. § 1927.

Sanctions may be awarded under Section 1927 when an attorney behaves
recklessly and frivolously.  *See Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001).
"[I]n the contexts of § 1927, frivolousness should be understood as referring to
legal or factual contentions so weak as to constitute objective evidence of improper
purpose."  *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010).

"[D]amages under section 1927 are appropriate where there is no obvious
violation of the technical rules, but where, within the rules, the proceeding is
conducted in bad faith for the purpose of delay or increasing costs."  *In re Yagman*,
796 F.2d 1165, 1187 (9th Cir. 1986).  The statute applies to "unnecessary filings
and tactics once a lawsuit has begun."  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d

431, 435 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (citations omitted). Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (internal citations omitted). The decision to sanction a party under section 1927 rests in the sound discretion of the district court. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (noting district court's award of sanctions pursuant to Section 1927 is reviewed for abuse of discretion).

Doniger/Burroughs' conduct is the definition of bad faith. Doniger/Burroughs has vexatiously and frivolously multiplied these proceedings by filing the Ferrara Motion (replete with fabrications), forcing the PC Defendants to respond to the falsehoods set forth in that motion, and then improperly filing a "Notice of Errata" seeking to eliminate one-third of the Ferrara Motion as if the misrepresentations littered throughout were mere typographical or clerical errors. Doniger/Burroughs' bad-faith actions were clearly intended to harass the PC Defendants and increase the costs of this litigation.

## V.   CONCLUSION

For the foregoing reasons, the PC Defendants respectfully request: (i) an award of appropriate monetary sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority against Plaintiffs' counsel Stephen Doniger, Scott Burroughs, Benjamin Tookey, and the law firm Doniger/Burroughs, including for the PC Defendants' attorneys' fees incurred opposing the Ferrara Motion ($40,693.00); (ii) an Order summarily denying, rejecting, and/or striking the Ferrara Motion; and (iii) such other and further relief as the Court deems just and proper to deter Doniger/Burroughs from repeating their conduct.

1

2      September 26, 2025

3      **PRYOR CASHMAN LLP**

4      By: */s/ /Benjamin S. Akley*

       Donald S. Zakarin (*dzakarin@pryorcashman.com*)
5      Frank P. Scibilia (*fscibilia@pryorcashman.com*)
6      James G. Sammataro (*jsammataro@pryorcashman.com*)
       Benjamin S. Akley (*bakley@pryorcashman.com*)
7      Shamar Toms-Anthony (*stoms-anthony@pryorcashman.com*)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                            16