Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RODNEY SEBASTIAN CLARK DONALDS, et al., <br><br> Defendants. | Case No. 2:21-cv-02840-AB-AJR <br> <u>Hon. André Birotte Jr. Presiding</u> <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND 28 U.S.C. § 1927 (DKT. 801)** <br><br> Date: November 7, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 7B |

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………………1

II. STATEMENT OF FACTS……………………………………………………………2

III. ARGUMENT………………………………………………………………………….3

    A. Defendants' motion must be denied because Plaintiffs promptly withdrew the challenged contentions……………………………………..3

    B. Defendants' motion must be denied because it is substantively different from the Rule 11 motion served on Plaintiffs and Defendants failed to confer at all over their new request for Section 1927 sanctions………………………………………………………4

    C. This Court should order the PC Defendants to pay Plaintiffs' attorneys' fees under Rule 11(c)(2) for contravening Rule 11 by filing a procedurally improper and substantively baseless motion……………………………………………………………………..6

        1. A notice of errata is an appropriate way to withdraw errors and comply with Rule 11……………………………………………….6

        2. Plaintiffs' redacted motion to exclude Ferrara is not "essentially a different motion," just a simplified on that removes errors………………………………………………….8

        3. Plaintiffs' challenge to Ferrara is well grounded and independent of the withdrawn errors……………………………..9

        4. Pryor Cashman's arguments of bad faith are frivolous and hypocritical………………………………………………………11

    D. There is no basis for sanctions under Section 1927 or the Court's inherent authority………………………………………………………..13

IV. CONCLUSION……………………………………………………………………...15

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Access Ins. Co. v. Peralta*,
   2015 WL 13036938 (C.D. Cal. Oct. 13, 2015) ............................................................... 13

*B.K.B. v. Maui Police Dep't*,
   276 F.3d 1091 (9th Cir. 2002) ............................................................................................ 14

*Baranski v. Serhant*,
   106 F.R.D. 247 (N.D. Ill. 1985) ......................................................................................... 14

*Barber v. Miller*,
   146 F.3d 707 (9th Cir. 1998) ............................................................................................... 4

*Bias v. Moynihan*,
   508 F.3d 1212 (9th Cir. 2007) ............................................................................................. 7

*Brent v. Boeing Co.*,
   No. 2:17-cv-04429-ODW(Ex), 2019 WL 4450424 (C.D. Cal. Sept. 17, 2019) ............. 7

*Browne v. Clark*,
   2025 WL 1683640, at *9-12 (C.D. Cal. June 12, 2025) ................................................. 11

*Browne v. Donalds*,
   2023 WL 4626697, at *1 n.1 (C.D. Cal. Apr. 13, 2023) ................................................. 11

*Carruthers v. Flaum*,
   450 F.Supp.2d 288 (S.D.N.Y. 2006) ................................................................................. 8

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ............................................................................................................. 14

*EM Gen., LLC v. Ecommerce, LLC*,
   2021 WL 4497888 (C.D. Cal. July 28, 2021) ................................................................... 4

*Eric Hodgson, v. Randle Roper, et al.*,
   2022 WL 297089 (E.D. Cal. Feb. 1, 2022) ........................................................................ 5

*Est. of Blas Through Chargualaf v. Winkler*,
   792 F.2d 858 (9th Cir. 1986) ............................................................................................. 14

*Fink v. Gomez*,
    239 F.3d 989 (9th Cir. 2001) ............................................................................... 14

*Govea v. Monrovia Unified Sch. Dist.*,
    2017 WL 10526059 (C.D. Cal. July 7, 2017) ..................................................... 13

*Hoffman v. Goli Nutrition, Inc.*,
    No. 2:23-cv-06597-CAS-MAAx, 2025 WL 2161335 (C.D. Cal. July 30, 2025) ............ 7

*Holgate v. Baldwin*,
    425 F.3d 671 (9th Cir. 2005) ................................................................................. 6

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
    243 F.R.D. 322 (N.D. Iowa 2007) ......................................................................... 5

*In re Cash Cloud Inc.*,
    2025 WL 1249130 (D. Nev. April 30, 2025) ........................................................ 4

*In re Quinones*,
    543 B.R. 638 (Bankr. N.D. Cal. 2015) .................................................................. 4

*Lofton v. Verizon Wireless (VAW) LLC*,
    308 F.R.D. 276 (N.D. Cal. 2015) ......................................................................... 14

*Moser v. Bret Harte Union High Sch. Dist.*,
    366 F.Supp. 2d 944 (E.D. Cal.2005) ..................................................................... 5

*New Alaska Dev. Corp. v. Guetschow*,
    869 F.2d 1298 (9th Cir. 1989) ............................................................................. 14

*New Old Music Grp., Inc. v. Gottwald*,
    122 F. Supp. 3d 78 (S.D.N.Y. 2015) ..................................................... 1, 9, 10, 11

*Operating Eng'r Pension Tr. v. A-C Co.*,
    859 F.2d 1336 (9th Cir. 1988) ............................................................................... 4

*Pham v. Talkdesk, Inc.*,
    2023 WL 6892582 (C.D. Cal. Sept. 29, 2023) ....................................................... 6

*Pines v. State Farm Gen. Ins. Co.*,
    1992 WL 92398 (C.D. Cal. Feb. 25, 1992) ........................................................... 14

*Sneller v. City of Bainbridge Island*,
   606 F.3d 636 (9th Cir. 2010) ................................................................................ 7

*Swirsky v. Carey*,
   376 F.3d 841 (9th Cir. 2004) ......................................................................... 10, 11

*Unicorn Glob., Inc. v. Hillo Am., Inc.*,
   2021 WL 1034838 (C.D. Cal. Feb. 12, 2021) ..................................................... 13

*Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*,
   46 F.4th 374 (5th Cir. 2022) ................................................................................ 4

*Urenia v. Pub. Storage*,
   2015 WL 3378247 (C.D. Cal. May 7, 2015) ....................................................... 5

**Statutes**

28 U.S.C. § 1927 ........................................................................... 1, 2, 3, 5, 13, 14

**Other Authorities**

L.R. 7-3 .................................................................................................................. 13
L.R. 11-6.2. ............................................................................................................ 15

v
PLAINTIFFS' OPPOSITION TO MOTION FOR RULE 11 SANCTIONS

## I. INTRODUCTION

This motion must be denied, and Defendants should be ordered to pay Plaintiffs' attorneys' fees for opposing since it should never have been filed in the first place.

Rule 11(c)(2) requires that "[a] motion for sanctions . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]" Plaintiffs formally and unequivocally withdrew both the errors alleged by Defendants and any arguments that even colorably relied on them on the same day Defendants served their draft motion. Yet Defendants not only moved forward with their request for Rule 11 sanctions, they did so by filing a substantially *different* motion from their draft motion that also includes additional claims under 28 U.S.C. § 1927 over which the parties never conferred. It is Defendants' conduct, not Plaintiffs', that is sanctionable under Rule 11.

Through their new motion, Defendants argue that Plaintiffs did not fairly "withdraw or appropriately correct" the erroneous quotes through their Notice of Errata, wrongly averring that (1) a notice of errata is not a correct vehicle to correct errors, (2) Plaintiffs' motion to exclude Dr. Lawrence Ferrara somehow became a different motion as a result of the withdrawal of parts of it, and (3) Plaintiffs have acted in bad faith and with no valid basis to exclude Ferrara. These arguments are so meritless that they can only be explained by Defendants' desperation to distract this Court from Plaintiffs' exposure of Ferrara's fundamentally flawed methodology and Defendants' summary judgment arguments—the latter of which entirely fails to address that Ferrara's testimony rests on his same methodology criticized and rejected in *New Old Music Grp., Inc. v. Gottwald*, 122 F. Supp. 3d 78 (S.D.N.Y. 2015) as defying the very nature of music.

This motion should be denied, and Plaintiff should be awarded their attorneys' fees for having to prepare this opposition under Rule 11(c)(2). *Id*. ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

## II. STATEMENT OF FACTS

On August 4, the PC Defendants filed opposition briefs to Plaintiffs' *Daubert* motions to exclude the testimony of Ferrara (Dkt. 767) and Dr. Melvin Butler (Dkt. 769). Those briefs identified several erroneous quotes in Plaintiffs' motions. The next day, Plaintiffs began reviewing their summary judgment filings (i.e., their dispositive motion and *Daubert* motions) to confirm those errors and find any others so they could be corrected or withdrawn. Declaration of Stephen M. Doniger ("Doniger Decl.") ¶ 2.

On August 25, the PC Defendants emailed Plaintiffs' counsel a letter alleging that the above-referenced erroneous quotes in Plaintiffs' *Daubert* motions directed at Ferrara (Dkt. 741) and Butler (Dkt. 757) violated Rule 11 and insisting that Plaintiffs withdraw them. Doniger Decl. ¶ 3, Ex. 1. This section of the letter made no mention of 28 U.S.C. § 1927. *Id*.

On August 29, Plaintiffs finalized and filed Notices of Errata striking and withdrawing both the errors alleged by Defendants and any arguments that even colorably relied on them. *See* Dkts. 787, 788. Plaintiffs also filed a Notice of Errata in connection with their opposition to Defendants' *Daubert* motion directed at Peter Ashbourne-Firman (Dkt. 792), which Defendants had not raised but which Plaintiffs recognized needed to be appropriately corrected just the same.

Also on August 29, only hours before Plaintiffs filed their Notices of Errata, the PC Defendants served a draft Rule 11 motion on Plaintiffs' counsel regarding the erroneous quotes which again omitted any allegations or arguments regarding Section 1927 violations in connection with the erroneous quotes. Doniger Decl. ¶ 5, Ex. 2.

On September 3, the PC Defendants and Plaintiffs met and conferred to discuss their draft Rule 11 motion and two other equally absurd motions Defendants were contemplating and have now filed. Doniger Decl. ¶ 6. Plaintiffs' counsel candidly acknowledged the erroneous quotes in the motions, apologized (and expressed embarrassment) for them, reiterated that they were inadvertent, represented that they had been withdrawn via the Notices of Errata, and further offered to stipulate to the

withdrawal of the portions of the motions that included the erroneous quotes if the PC Defendants believed it necessary. *Id*. PC Defendants' counsel insisted, without citing authority, that wholesale withdrawal of the motions, along with Plaintiffs' counsel paying the PC Defendants' counsel, was the only way to avoid the filing of the Rule 11 motion. *Id*. Again, there was no discussion of alleged Section 1927 violations in connection with the erroneous quotes. *Id*. On the same day, Plaintiffs' counsel sent a confirmatory email explaining, as discussed during the conference, how the portions with the erroneous quotes were separable from the rest of the motions, and reiterating their willingness to stipulate to a partial withdrawal. Doniger Decl. ¶ 7, Ex. 3.

On September 10, less than two weeks after service of Defendants' draft Rule 11 motion, Plaintiffs withdrew their *Daubert* motion directed at Butler in its entirety. Dkt. 796. Going beyond Defendants' allegations in their letter and draft Rule 11 motion, Plaintiffs also withdrew their *Daubert* motion directed at Dr. Joe Bennett. Dkt. 795. Plaintiffs did not withdraw those motions because of Defendants' draft Rule 11 motion, but because the challenged expert testimony, though improper and excludable, ultimately did not create a genuine dispute of fact that the *Dem Bow Riddim* is original and protectable (or otherwise actually helped Plaintiffs' case) such that withdrawal of those motions would streamline proceedings.

Yet on September 26, nearly a month after Plaintiffs' August 29 Notice of Errata in connection with their Ferrara *Daubert* motion, the PC Defendants filed this motion anyway. Dkt. 801. As is plain, it is starkly different from their draft Rule 11 motion.

## III.   ARGUMENT

### A. Defendants' motion must be denied because Plaintiffs promptly withdrew the challenged contentions

Under Rule 11(c)(2), "A motion for sanctions . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service[.]" The purpose of this provision is

> to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation . . . . [T]he timely withdrawal of a contention will protect a party against a motion for sanctions.

*Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (citations omitted); *see also EM Gen., LLC v. Ecommerce, LLC*, 2021 WL 4497888 (C.D. Cal. July 28, 2021), citing *Operating Eng'r Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988) ("[I]mposing sanctions under Rule 11 'is an extraordinary remedy, one to be exercised with extreme caution.'").

In this case, Plaintiffs filed Notices of Errata on August 29—the same day Defendants served their draft Rule 11 motion. Doniger Decl. ¶¶ 4-5. Those Notices formally and unequivocally withdraw both the erroneous quotes alleged by Defendants and any arguments that relied on them. As a result of Plaintiffs' candid acknowledgment and timely withdrawal, Plaintiffs "will not be subject to sanctions on the basis of [Defendants'] motion" and it therefore must be denied.

**B. Defendants' motion must be denied because it is substantively different from the Rule 11 motion served on Plaintiffs and Defendants failed to confer at all over their new request for Section 1927 sanctions**

Filed copies of a Rule 11 sanctions motion should be substantially identical to what was served at the start of the safe-harbor period. *See, e.g., Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 389 (5th Cir. 2022) (holding that the "Rule 11 safe harbor provision requires identicality," and finding that a served motion and filed motion were "not identical" because they contained "substantial differences"); *In re Quinones*, 543 B.R. 638, 646 (Bankr. N.D. Cal. 2015) ("[T]he motion served must be the same motion as that filed or presented to the Court[.]"); *In re Cash Cloud Inc.*, 2025 WL 1249130, at *3 (D. Nev. April 30, 2025) ("[A] served motion must be substantially similar to the filed motion but need not be a carbon copy."). Even courts that do not

require "identicality" require that "the grounds for sanctions asserted in the draft Rule 11 motion served . . . are the same as the grounds asserted in the Motion For Sanctions ultimately filed." *Urenia v. Pub. Storage*, 2015 WL 3378247, at *2 (C.D. Cal. May 7, 2015) (quoting *Ideal Instruments, Inc. v. Rivard Instruments, Inc.,* 243 F.R.D. 322, 339 (N.D. Iowa 2007)); *Eric Hodgson, v. Randle Roper, et al.*, 2022 WL 297089, at *12 (E.D. Cal. Feb. 1, 2022) (finding that filed motion procedurally complied with Rule 11, even though it differed from draft motion, only because "it included the same arguments, and any difference caused no prejudice to [the non-movant]").

That is not the case here whatsoever—the filed Rule 11 motion is substantially different from the draft motion served on Plaintiffs, asserting different arguments based largely on events that occurred *after* the draft motion was served. Defendants' nine-page draft motion only complained that "[o]n August 25, 2025, the PC Defendants' counsel served a letter on Doniger/Burroughs outlining the improprieties in the Violative Motions discussed above and requesting that Doniger/Burroughs 'voluntarily remedy the offending conduct without the Court's intervention.'" Doniger Decl. ¶ 4, Ex. 2 at 8. Defendants' argument for sanctions in that motion relied on *Moser v. Bret Harte Union High Sch. Dist*., 366 F.Supp. 2d 944, 984 (E.D. Cal.2005), which awarded sanctions for counsel's "bad faith steadfast refusal to correct the[] errors[.]" Yet as the PC Defendants' filed motion admits, Plaintiffs' Notices of Errata—filed after the PC Defendants served their draft motion—withdrew the erroneous quotes (and arguments based on them).

Thus, since Plaintiffs withdrew the complained-of errors, the PC Defendants had to significantly change the grounds for their motion. They filed a **15-page motion** with entirely different arguments as to why Rule 11 (and now 28 U.S.C. § 1927) sanctions should be awarded (e.g., a Notice of Errata is not a proper way to correct errors, the underlying *Daubert* motion is now different, etc.). Although those arguments are meritless, they should be summarily rejected as procedurally barred because they are substantially different from the putative basis for sanctions raised in the served motion.

5
PLAINTIFFS' OPPOSITION TO MOTION FOR RULE 11 SANCTIONS

**C. This Court should order the PC Defendants to pay Plaintiffs' attorneys' fees under Rule 11(c)(2) for contravening Rule 11 by filing a procedurally improper and substantively baseless motion**

As noted above, Rule 11(c)(2) provides that "A motion for sanctions . . . must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service," and that "[i]f warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." *Id*.

Plaintiffs have acknowledged their mistake, withdrawn the complained-of errors, and offered to confirm that withdrawal any other way short of also withdrawing otherwise proper challenges to Ferrara's improper testimony. That should have been the end of it, but Defendants filed a new motion with new arguments based on new grounds apparently to distract this Court from the fundamental flaws in Ferrara's "expert" analysis. The abject lack of merit of the PC Defendants' filed Rule 11 motion shows that an award of reasonable expenses to Plaintiffs is warranted for having to oppose.

**1. A notice of errata is an appropriate way to withdraw errors and comply with Rule 11**

Defendants' complaint that Plaintiffs did not properly correct their errors because they filed a "mere" or "self-described" Notice of Errata simply does not hold water. A party is shielded by Rule 11's safe harbor if it files a notice of errata to withdraw a filing in its entirety. *See Pham v. Talkdesk, Inc.*, 2023 WL 6892582, at *1, 3 (C.D. Cal. Sept. 29, 2023). The provision is *also* satisfied if a notice of errata withdraws or corrects specific complained-of errors in a filing. *See Holgate v. Baldwin*, 425 F.3d 671 (9th Cir. 2005) ("[Defendant] remedied [improper citations] through errata filed with the court . . . within the 21–day safe harbor period. The district court did not err when it determined that sanctions based on this error were not warranted.").

Through their Notice of Errata (Dkts. 788, 788-1), Plaintiffs withdrew every complained-of erroneous quote cited in Defendants' August 25 letter (Dkt. 801-2). This is

exactly what courts in this district and Circuit have held complies with Rule 11 and triggers safe harbor protection from otherwise unwarranted motions like this one. Not one case cited by Defendants holds otherwise. In *Bias v. Moynihan*, the court neither struck any notice of errata nor found one an unsuitable method of correcting or withdrawing claims or arguments. 508 F.3d 1212, 1224 (9th Cir. 2007). And unlike *Hoffman v. Goli Nutrition, Inc.* and *Brent v. The Boeing Co.*, Plaintiffs here did not file a notice of errata to present new arguments or supplement previous arguments, they simply struck erroneous portions of their arguments.[1] *See* 2025 WL 2161335, at *3 (C.D. Cal. July 30, 2025); 2019 WL 4450424, at *8 (C.D. Cal. Sept. 17, 2019).

Citing no authority, the PC Defendants claim that only withdrawal of the entire motion is an acceptable solution. They are wrong—it is enough that the erroneous factual or legal assertions are withdrawn, as illustrated in *Sneller v. City of Bainbridge Island*, 606 F.3d 636 (9th Cir. 2010). There, the Ninth Circuit found an award of sanctions inappropriate where defendant served a Rule 11 motion (on the grounds that certain claims in plaintiffs' pleading lacked merit) and within 21 days thereof plaintiffs moved to amend their complaint to remove just the allegedly violative claims. *Id.* at 637-38. Because the motion had not yet been ruled on, the City nevertheless filed their motion and the Court awarded sanctions, but the Ninth Circuit reversed finding that by the motion to amend plaintiffs timely "withdrew all of the **challenged claims** as required by Rule 11. There is nothing more that [the plaintiffs] were required to do in terms of withdrawing the **challenged claims**." *Id*. at 639 (emphasis added).

Another instructive case is *Carruthers v. Flaum*:

---

[1] Defendants bemoan Plaintiffs having withdrawn "roughly one-third of the contents of the Ferrara Motion," but that includes Plaintiffs' decision to withdraw its argument as to cumulative testimony—not because the reports of Defendants' experts are not cumulative, but rather to eliminate arguments that, even if warranted, do not go to the ultimate merits. By this motion, however, Defendants make it abundantly clear they wish to do the opposite—distract the Court from the underlying merits.

> [W]ithdrawal need not be a formal affair: "If, during this [21-day] period, ***the alleged violation is corrected***, as by withdrawing (whether formally or informally) ***some allegation or contention***, the motion should not be filed with the court." Advisory Committee's Note (1993). What little case law exists in this Circuit holds that if a party indicates an intention to withdraw a contested claim during the safe harbor period, that suffices—even if additional steps remain to be taken under Rule 41. So as long as the plaintiff ***takes some step leading to the withdrawal of the offending claim—whether offering to withdraw the claim or moving for leave to withdraw them***—Rule 11 will be satisfied . . . .
>
> Of course, here the plaintiffs did not make a motion for leave to withdraw their claims. They sent a stipulation of withdrawal for defense counsel's signature. But it defies logic to suggest that a defendant who has served a Rule 11 sanctions motion could render a plaintiff out of time for safe harbor treatment by refusing to sign a stipulation of withdrawal that is timely proffered.

450 F.Supp.2d 288, 306-07 (S.D.N.Y. 2006) (emphasis added). The court also undercut the PC Defendants' extortionist demand for money, stating that "Nothing in Rule 11 requires a plaintiff to agree, as a condition of withdrawing claims, to reimburse his opponent for attorneys' fees already expended. Thus, plaintiffs' proffer of a stipulation of dismissal is sufficient to satisfy the safe harbor requirement of Rule 11." *Id*.

Here, Plaintiffs have clearly and unambiguously withdrawn (and additionally agreed to withdraw via stipulation) their inadvertent errors. There is ample authority supporting Plaintiffs withdrawing and correcting erroneous portions through their Notices of Errata. It is Defendants' contrary argument that lacks any supporting authority, a transparent attempt to put form over substance to justify a motion that never should have been filed.

### 2. Plaintiffs' redacted motion to exclude Ferrara is not "essentially a different motion," just a simplified one that removes errors

Defendants disingenuously claim that Plaintiffs' Notice of Errata "attaches what is essentially a different motion[,]" making it an insufficient correction or withdrawal to shield Plaintiffs from sanctions. Nonsense. After the subtraction of the erroneous

portions, what remains of Plaintiffs' *Daubert* motion aimed at Ferrara is the same basic arguments that Ferrara employed legally and musically unreliable methodology in his improper dissection and filtration of an overall selection and arrangement.[2] *See* Dkt. 788-1 at 5-10. Defendants had every opportunity to address these arguments in their opposition, inexplicably failed to do so, and have no basis to now argue they were prejudiced in any way by Plaintiff's withdrawal of other portions of the motion.

Plaintiffs' counsel expressly pointed out to the PC Defendants' counsel that the remainder of the Ferrara *Daubert* motion was independent of the erroneous quotes, including the arguments that Ferrara's testimony in this case applied the same methodology that *New Old Music Grp., Inc. v. Gottwald*, 122 F. Supp. 3d 78, 88–89 (S.D.N.Y. 2015) criticized and rejected for contravening what "anyone who has ever played music knows[.]" The PC Defendants' counsel did not respond, failed to confer over that point, and failed to meaningfully address that point in their filed Rule 11 motion. It is entirely improper for them to *now* offer some new argument on that point.

In short, Defendants' claim that Plaintiffs' Notice of Errata resulted in a substantially "different motion" is unfounded. Plaintiffs properly withdrew the portions containing errors while leaving intact the remainder of the arguments concerning Ferrara's methodology and credibility opinions—arguments that are supported by the record, were fully available for Defendants to address in their opposition, and caused no prejudice.

**3. Plaintiffs' challenge to Ferrara is well grounded and independent of the withdrawn errors**

As set forth more fully in Plaintiffs' summary judgment briefing, the *Dem Bow Riddim* is a particular selection and arrangement of seven discrete elements, two of which (the kick and snare) have the rhythmic values of either an abstracted "habanera" rhythm (if the "ghost" note in the snare pattern is disregarded) or a so-called "surf beat" (if the "ghost" note is accounted for). Defendants deny that the remaining five elements make

---

[2] Ferrara's improper methodology is discussed further *supra*, Section III.C.3.

9

PLAINTIFFS' OPPOSITION TO MOTION FOR RULE 11 SANCTIONS

the *Dem Bow Riddim* original based almost entirely[3] on the same substantive testimony from Ferrara that was rejected in *New Old Music Grp.* for lacking musicological integrity. Specifically, Ferrara argues that somehow *all* elements other than the kick and snare must be filtered out—utterly disregarding instrumentation and interplay to consolidate separate non-pitched elements (as he does with the drum and percussion elements) and treat an undisputedly pitched element as a non-pitched element to do the same (as he does with the bassline)—all without a single citation to any musicological literature supporting his unreliable methodology.

The testimony offered by Ferrara in this case is methodologically his same testimony that the court in *New Old Music Grp.* found "defies logic, suggesting that, as a general proposition, a composer writes music without considering any qualities of the musical work other than" rhythm. *See* 122 F. Supp. 3d at 88 (finding that Ferrara offered no "support for the proposition that instrumentation is not a compositional component to a musical work—a proposition that is contradicted by other authority. *See Swirsky v. Carey,* 376 F.3d 841, 849 (9th Cir. 2004). Taken to its logical extreme, [his] argument would necessitate the conclusion that any song featuring continuous 16th notes played by any instrument would contain the same compositional element as Zimba Ku and Price Tag."); Dkt. 790-16 ("Finell Dep.") 72:15-17 ("[A] composer writes music . . . based on various choices available. Rhythmic choices, pitch choices, et cetera.").

Essentially, Ferrara simply disregards the bassline, low "tom," and hi-hat elements that occasionally rhythmically overlap with the kick (it is undisputed none overlap with the snare), ignoring that (1) their instrumentation—pitch (as with the bassline) and timbre (as with the different frequencies and sound qualities of the drum and percussion elements)—and (2) the ordering of which instruments play which patterns (in the words of *Swirsky*, the "interplay of instruments"), are discrete and defining compositional characteristics that are part of what makes the *Dem Bow Riddim*'s selection and

---

[3] Defendants' other experts merely testify that each individual element is not protectable or that the "idea" of the Riddim is not original.

arrangement original and protectable. *See New Old Music Grp.*, 122 F. Supp. 3d at 88 (citing *Swirsky*, 376 F.3d at 849 ("[T]imbre, . . . accents, . . . combinations, interplay of instruments, basslines . . . can all be elements of a musical composition.")). Ferrara's opinions are so unsound and antithetical to musicological and legal principles that they do not create a genuine dispute that the *Dem Bow Riddim* is original and protectable.

Plaintiffs raised this precise challenge in their motion to exclude Dr. Ferrara, including specifically citing to *New Old Music Grp. See* Dkt. 788-1 at 7-9. Far from presenting a new or shifting theory, Plaintiffs have consistently argued that Ferrara's methodology is unsound as set forth above. Defendants failed to address this argument when they opposed Plaintiff's motion to exclude Ferrara—failing to even cite, let alone discuss, *New Old Music Grp.*—and again fail to address this argument now. And they are silent as to why they failed to do so.

The point, of course, is that the Ferrara *Daubert* motion was and is well grounded and remains valid even after the withdrawal of the erroneous quotes. As such, Plaintiffs' refusal to fully withdraw that motion (and in effect give a free pass to improper expert testimony) provides no justification for Rule 11 sanctions in this case.

**4. Pryor Cashman's arguments of bad faith are frivolous and hypocritical**

The PC Defendants' suggestion that Plaintiffs and their counsel intentionally and knowingly included misquotes defies common sense. Since the beginning of this case, Pryor Cashman has been looking for any opportunity to accuse Plaintiffs of misconduct,[4] and Plaintiffs had nothing to gain by giving them an opportunity to cry "foul." Indeed,

---

[4] This Court is no stranger to Pryor Cashman's tactic of incessantly alleging malfeasance. They have sought sanctions **since the service phase**. *See Browne v. Donalds*, 2023 WL 4626697, at *1 n.1 (C.D. Cal. Apr. 13, 2023) ("Defendants requested in their third opposition that the Court sanction Plaintiffs for the 'wasteful, improper, and ineffective manner' in which they handled the issues of service in this matter. The Court finds sanction are not warranted[.]"). It is, as has already been found, "unprofessional and immature" conduct. *Browne v. Clark*, 2025 WL 1683640, at *9-12 (C.D. Cal. June 12, 2025) (sanctioning PC Defendants' counsel Donald Zakarin for deposition misconduct).

11
PLAINTIFFS' OPPOSITION TO MOTION FOR RULE 11 SANCTIONS

Plaintiffs had every expectation that Pryor Cashman would check and respond to the quotes included in the Ferrara *Daubert* motion. Plaintiffs' error only compromises their efforts to challenge testimony that should be properly excluded.

Ignoring this, the PC Defendants claim "evidence" of a pattern of malfeasance by Doniger / Burroughs by citing a single sanctions ruling from 13 years ago. Dkt. 801 at 4-5. That argument is frivolous. As this Court is aware, over the past 20 years, Doniger / Burroughs has handled thousands of copyright (and other) cases with integrity and success.[5] And its partners have been honored with accolades reflecting respect from their peers. Pryor Cashman's accusations are not only unwarranted, they are irresponsible.

Of course, if a single sanctions order from over a decade ago were evidence of a pattern of malfeasance, then Pryor Cashman—who at the end of 2012 was ordered to pay over $21,000 in legal fees for filing a motion that, like this one, was "completely without merit in law . . . and was thus frivolous"—has an established pattern of filing frivolous motions.[6] But Plaintiffs do not need to point to Pryor Cashman's history to justify sanctions against it and its clients here—the lack of merit in the arguments they have advanced in this motion speaks for itself.

---

[5] For example, in 2017, Doniger / Burroughs won three copyright infringement trials: *Unicolors v. H&M Hennes Mauritz, LP.*, 2:16-cv-2322 ($817,920 verdict), *TMB III Movie, LLC v. PFG Entertainment*, 2:13-cv-04949 ($460,000 verdict), and *Desire LLC v. Manna Textile, et al.*, 2:16-cv-4295 ($480,000 verdict). And in 2022, two of Law360's six reported "Biggest Copyright Rulings of 2022" were Doniger / Burroughs cases: the Ninth Circuit's published opinion on fair use in *McGucken v. Pub Ocean*, and the above-referenced Supreme Court's PRO-IP Act clarification in *Unicolors v. H&M*. https://assets.contentstack.io/v3/assets/blt5775cc69c999c255/blt16a66b6196914628/63a0b70dd70a0827292d2b01/221216-the-biggest-copyright-rulings.pdf.

[6] *See* "Pryor Cashman Ordered to Pay $21,000 in Legal Fees," *JD Journal*, https://www.jdjournal.com/2012/11/16/pryor-cashman-ordered-to-pay-21000-in-legal-fees/#:~:text=According%20to%20the%20New%20York%20Law%20Journal%2C%20Pryor,was%20filed%20by%20trustees%20of%20employee%20benefit%20funds (Nov. 16, 2012).

12
PLAINTIFFS' OPPOSITION TO MOTION FOR RULE 11 SANCTIONS

**D. There is no basis for sanctions under Section 1927 or the Court's inherent authority**

Defendants' motion does not meet the standards required by L.R 7-3 or Section 1927. L.R. 7-3 requires parties to engage in a meaningful meet-and-confer before filing a motion, and courts in this district consistently enforce that requirement. Defendants raising Section 1927 arguments for the first time in their new Rule 11 motion flouts this requirement. In addition, sanctions under 28 U.S.C. § 1927 or the Court's inherent authority require a showing of subjective bad faith and conduct that unreasonably multiplies the proceedings. Candidly acknowledging and timely withdrawing a mistake, as was done here, does not rise to that high level. This motion should be denied because it is once again procedurally defective and substantively unsupported.

Regarding L.R. 7-3, like this Court has previously found, "[a] review of the materials submitted demonstrates that the motion filed is the very type Local Rule 7-3 was intended to prevent from being filed." *Govea v. Monrovia Unified Sch. Dist.*, 2017 WL 10526059, at *1 (C.D. Cal. July 7, 2017). Defendants failed to raise Section 1927 in connection with the erroneous quotes in their August 25 letter, in their August 29 draft Rule 11 motion, or during the parties' September 3 conference. Therefore, as in *Govea*, "Defendants disregard the Court's rules and any consideration for its time and resources. The Court will not decide such a motion." *Id*. at *3 ("There is no exception for parties . . . who discussed *other* [] matters that may encompass similar issues as those to be raised in the contemplated motion . . . . Though counsel may have previously discussed substantive matters common to both the TRO and a motion to dismiss when litigating the TRO, defense counsel was required to once again broach those issues specifically in the context of the motion to dismiss."); *see also Access Ins. Co. v. Peralta*, 2015 WL 13036938, at *1 (C.D. Cal. Oct. 13, 2015) (striking motion for failure to satisfy L.R. 7-3); *Unicorn Glob., Inc. v. Hillo Am., Inc.*, 2021 WL 1034838, at *1–4 (C.D. Cal. Feb. 12, 2021) (sending email prior to filing "f[ell] well short of" satisfying L.R.7-3).

Regarding Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A court may impose sanctions under its inherent power only "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). A showing of subjective bad faith is required. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002); *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."). Bad faith is "knowingly or recklessly rais[ing] a frivolous argument or argu[ing] a meritorious claim for the purpose of harassing an opponent." *New Alaska Dev. Corp.*, 869 F.2d at 1306 (quoting *Est. of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)). The showing necessary is a "high threshold," and it is the PC Defendants' burden. *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 285 (N.D. Cal. 2015). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

As factually and legally unsupportable as Defendants' Rule 11 arguments are, Defendants' surprise Section 1927 argument is even less so. They have shown (and cannot show) any remotely colorable basis on which to find that Plaintiffs have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See Pines v. State Farm Gen. Ins. Co.*, 1992 WL 92398, at *7 (C.D. Cal. Feb. 25, 1992) ("Their reasonableness is indicated by the withdrawal of the declarations from consideration once counsel became aware of their defects. The Court therefore does not conclude that sanctions should be awarded on the basis of these declarations. Similarly, the defendants' request for sanctions against attorneys Goldstein, Honig and Bakes on the basis of Bakes' faulty chart is denied. Any errors in the chart appear to be the product of no more than negligence on Bakes' part."); *Baranski v. Serhant*, 106 F.R.D. 247, 250 (N.D. Ill. 1985)

("The lawsuit which confronts this court is a large and complex one, and it is understandable if, during its long course, an oversight takes place. 'Mistakes are the inevitable lot of mankind.'"). If anything, it appears the PC Defendants (and any other Defendants who joined this motion) are projecting.

Their sanctions request should be denied and they should be ordered to pay Plaintiffs' costs and fees incurred in connection with this motion.

## IV. CONCLUSION

It takes a certain chutzpah for a law firm to file a Rule 11 motion that Rule 11 expressly forbids filing, couple it with two other baseless and redundant motions that (with no small irony) accuse Plaintiffs of unnecessarily multiplying these proceedings, and argue that a single judicial determination from over a decade ago establishes a pattern of malfeasance when it has just such a history of being sanctioned for frivolous filings. Yet that is precisely what the PC Defendants have done. And, unfortunately, these latest filings are part of a truly troubling pattern of baseless mudslinging against Plaintiffs and their counsel. It must stop, and this motion should be denied with an Order that the PC Defendants and their counsel pay Plaintiffs' costs and fees incurred.

Respectfully submitted,

Dated: October 15, 2025         By:    /s/ Stephen M. Doniger
                                       Stephen M. Doniger, Esq.
                                       Scott Alan Burroughs, Esq.
                                       Benjamin F. Tookey, Esq.
                                       Andres Navarro, Esq.
                                       DONIGER / BURROUGHS
                                       *Attorneys for Plaintiffs*

### L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Plaintiffs, certifies that this brief complies with the word limit of L.R. 11-6.1.

Dated: October 15, 2025         By:    /s/ Stephen M. Doniger
                                       Stephen M. Doniger, Esq.