Kenneth D. Freundlich (SBN 119806)
Jonah A. Grossbardt (SBN 283584)
Hugh H. Rosenberg (SBN 360544)
FREUNDLICH LAW, APC
16133 Ventura Boulevard, Suite 645
Encino, CA 91436
P:  (310) 275-5350
F:  (310) 275-5351
E-Mail:  ken@freundlichlaw.com
            jonah@freundlichlaw.com

Attorneys for Defendants RIMAS
ENTERTAINMENT, LLC erroneously sued as
RIMAS MUSIC, LLC and BENITO
ANTONIO MARTÍNEZ OCASIO P/K/A BAD
BUNNY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CLEVELAND CONSTANTINE BROWNE., an individual, et al.

Plaintiffs,

RODNEY SEBASTIAN CLARK DONALDS, an individual, et al.,

Defendants.

CASE NO. 2:21-cv-02840-AB-AJR

*Assigned To: Hon. Andre Birotte Jr.*

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR (i) RECONSIDERATION OF THE COURT'S JULY 1, 2026, ORDER (DKT. No 841) OR (ii) FOR CERTIFICATION OF THE ISSUE FOR IMMEDIATE APPEAL TO THE NINTH CIRCUIT**

**PURSUANT TO LOCAL RULE 7-18 AND  28 U.S.C. § 1292(b)**

**Date:          Aug. 14, 2026**
**Time:          10:00 a.m.**
**Courtroom:   7B, 7th Floor**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

1

NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT

**PLEASE TAKE NOTICE** that on August 14, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7B located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants Rimas Entertainment LLC erroneously sued as Rimas Music, LLC and Benito Antonio Martínez Ocasio p/k/a Bad Bunny (collectively, the "Rimas Defendants") hereby move for (i) reconsideration of this Court's July 1, 2026, Order Denying Defendants' Motion for Summary Judgment (Dkt. No. 841, the "Order") or (ii) for certification of the issue for immediate appeal to the Ninth Circuit. This Motion is made pursuant to Central District Local Rule 7-18(c) and 28 U.S.C. §1292 (b).

While the Order reflects the Court's determination that the parties' dispute over the protectability of the Plaintiffs' supposed selection and arrangement (what the Court calls the "Fish Market Elements") is a question for the trier of fact, it does not reflect consideration of a distinct, antecedent question the Court raised at the outset of the hearing: whether a single work even exists that contains all of the so-called "Fish Market Elements" claimed by Plaintiffs to constitute their selection and arrangement.  If answered in the negative, Plaintiffs' claim for compositional copyright infringement must fail.[1]

This Motion is based upon this Notice of Motion and Motion, as well as the following Memorandum of Points and Authorities and the accompanying Declaration of Counsel ("Counsel Decl."), together with the pleadings and papers on file in this action and any further arguments or evidence that the Court may receive before or at the hearing on this Motion.

---

[1] That would leave the remaining alleged sound recording infringement claims to be litigated.

2

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

**L.R. 7-3 Statement of Compliance**

This Motion is made following the videoconference of counsel pursuant to Local Rule 7-3 which took place on July 10, 2026.

Dated:  July 15, 2026

FREUNDLICH LAW

BY:_____

Kenneth D. Freundlich
Jonah A. Grossbardt
Attorneys for Defendants
RIMAS ENTERTAINMENT LLC
erroneously sued as RIMAS MUSIC, LLC
and BENITO ANTONIO MARTINEZ
OCASIO P/K/A BAD BUNNY

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................6

BACKGROUND ..................................................................................7

ARGUMENT .....................................................................................8

    I.     RECONSIDERATION IS PROPER UNDER LOCAL RULE 7-18....8

    II.    THE EXISTENCE OF A SINGLE WORK CONTAINING ALL OF THE "FISH MARKET" ELEMENTS IS A QUESTION OF LAW FOR THE COURT................................................................9

    III.   PLAINTIFFS' SUPPOSED SELECTION AND ARRANGEMENT DOES NOT EXIST IN ANY SINGLE WORK; THEY HAVE ASSEMBLED A "FRANKENSTEIN" ACROSS THREE SEPARATE SONGS................................................................10

    IV.   IF THE COURT ADHERES TO ITS ORDER OR DECLINES TO RECONSIDER ITS ORDER, IT SHOULD CERTIFY THE ISSUE FOR IMMEDIATE APPEAL TO THE NINTH CIRCUIT UNDER 28 U.S.C. § 1292(b) ............................................................13

CONCLUSION ..................................................................................15

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 14-CV-05344-BLF, 2016 WL 4440239 (N.D. Cal. Aug. 23, 2016) ...............................................................8

*Corbello v. Valli*, 974 F.3d 965 (9th Cir. 2020) ......................................................9

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010)............................................14

*Hoffman v. Tonnemacher*, 593 F.3d 908 (9th Cir. 2010) .........................................8

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022)............................................................................................................13

*Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004) ..............................................12

*Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) ....................14

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) ......................................................10

*Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir. 2005) ...........14

*Skidmore ex rel. Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc)..................................................................................................9, 10

*VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871 (9th Cir. 2016)................................12

**STATUTES**

17 U.S.C. § 114(b)...................................................................................................12

28 U.S.C. § 1292(b) .........................................................................................1, 2, 13

**RULES**

C.D. Cal. Local Rule 7-3 .........................................................................................3

C.D. Cal. Local Rule 7-18 ....................................................................................2, 8

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

At the hearing's outset, the Court identified a fundamental defect in Plaintiffs' case: "I think there's no single work that contains all of the 'Fish Market' elements. So how do you reconcile that with the notion that we need to have a coherent pattern? It seems to be problematic." (Hr'g Tr. at 11.)

Having identified this foundational issue and having expressed its own view that none of Plaintiffs' claimed works embodied the claimed combination of "Fish Market Elements," the Court's Order does not address or even consider the issue. Instead, it appears to assume that one or more of Plaintiffs' alleged three works contains all of the "Fish Market Elements" and focuses solely on whether Plaintiffs' supposed selection and arrangement is original or commonplace (which the Order decided was a disputed issue of fact). Thus, the Court issued its ruling without addressing the logically antecedent and foundational question, the answer to which would determine whether the Court needed to reach the further question of whether Plaintiffs' supposed selection and arrangement is original and protectable or commonplace and unprotectable: **whether Plaintiffs own any single copyrighted work in which their claimed combination exists.**

The Court was entirely correct in its initial observation at the hearing: this question must be answered prior to any question is submitted to the trier of fact because the law is clear that Plaintiffs cannot claim exclusive rights in a selection and arrangement that does not exist in a single work (nor, indeed, would Defendants have any work against which to compare the accused works). And this fundamental question regarding whether Plaintiffs' claimed selection and arrangement even exists in any single work is resolved by the registrations, pleadings and Plaintiffs' own admissions (and is not and could not be disputed by the musicologists).

6

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

The defense extensively briefed, argued, and pressed that question, and the undisputed record conclusively establishes that Plaintiffs are asserting exclusive rights in a "Frankenstein" combination pieced together from three different works (including one work, "Pounder," that is solely a sound recording copyright), **none of which contains all of the required seven "Fish Market Elements" elements** that Plaintiffs claim comprise their allegedly protectable selection and arrangement. (*See, e.g.*, Dkt. Nos. 706-1 and 739, DSUF 31, 130, 133, 136 (it is undisputed that: (i) "Pounder" is not identical to "Fish Market" because there are no tambourines in "Pounder,"; (ii) the tambourine element appears in "Fish Market" but not "Pounder"; and (iii) the deposit copy of "Fish Market" filed with the United States Copyright Office does not contain a timbales roll at the end of every other bar as alleged in the SCAC.) Yet the Order did not decide whether a selection and arrangement can be cobbled together from parts of multiple works, none of which contain the alleged selection and arrangement, and thus the Court's Order, which did not address those antecedent and foundational issues, warrants reconsideration based on the failure to consider material facts presented to the Court before the Order was entered.

## BACKGROUND

This phase of the case was limited to whether Plaintiffs' Claimed Works, "Fish Market," "Dem Bow," and "Pounder (Dub Mix II)," or portions thereof, are original and protectable. (Order at 4.) As the Court recognized, to prevail, Plaintiffs must own a valid copyright and prove copying of original constituent elements from that work. (Order at 6.)

Plaintiffs allege infringement of a supposed "combination of many rhythms on different instruments acting all in concert to form an entire protectable section of music." (SCAC at 219.) They describe that combination variously in Paragraph 180 and Paragraph 648 of their operative complaint (SCAC at 33, 34, 219.)

7

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

The Court denied both sides' motions for summary judgment because it found genuine disputes over "the identification, characterization, and protectability of the Fish Market Elements[2]," (Order at 40) and it described the expert conflict as reaching "whether [the Fish Market Elements] form a coherent and protectable selection and arrangement." (Order at 40.)  Despite being extensively briefed and argued based on admitted and undisputed facts, and despite identifying the issue during the hearing, the Court did not consider or determine whether the supposed selection and arrangement exists in any of Plaintiffs' Claimed Works.  And, of course, no expert can testify a non-existent work or "selection and arrangement" into existence.

## **ARGUMENT**

### I.  **RECONSIDERATION IS PROPER UNDER LOCAL RULE 7-18.**

A denial of summary judgment is interlocutory and stays open to reconsideration at any time. *Hoffman v. Tonnemacher*, 593 F.3d 908 (9th Cir. 2010). Local Rule 7-18 allows reconsideration on a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.  The Rimas Defendants invoke that ground and ask that the Court reconsider the Order to the extent that it did not consider the above-identified foundational issue (which, if the Court concludes no single work contains the alleged selection and arrangement, is outcome determinative of Plaintiffs' compositional infringement claim).

---

[2] The "Fish Market Elements" label is a convenience, not a finding that a single protectable work exists. (Order at 5.) Whether the pleaded combination even exists in a single work that Plaintiffs' own, which is Plaintiffs' burden to plead and establish, is a foundational part of the protectability inquiry this phase presented, not a separate question for a later phase. (Order at 7.)  Courts decline to recognize a claimed combination the plaintiff cannot show its authors actually created "rather than a creature of its litigation strategy." *Cisco Sys. Inc v. Arista Networks, Inc.*, No. 14-CV-05344-BLF, 2016 WL 4440239 (N.D. Cal. Aug. 23, 2016)

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

## II.   THE EXISTENCE OF A SINGLE WORK CONTAINING ALL OF THE "FISH MARKET" ELEMENTS IS A QUESTION OF LAW FOR THE COURT

As noted above, early on during the hearing, the Court asked Plaintiff if there was a single work at issue (Hr'g Tr. at 11), clearly recognizing that a selection and arrangement claim requires a coherent pattern that exists in a single work, not something pasted together from multiple works but existing in none.  But when it ruled, having asked the question, the Court never decided if there was such a work – and it is undisputed and indisputable that there is none.

The Court found genuine disputes over the "identification, characterization, and protectability of the Fish Market Elements" and whether they "form a coherent and protectable selection and arrangement." (Order at 40).  But having acknowledged that Plaintiffs' claim required a "coherent and protectable selection and arrangement" the Court's Order left untouched the key question it posed: what is the single copyrighted work Plaintiffs claim to own in which the alleged coherent selection and arrangement is fixed?

That question is answered by Plaintiffs' registrations, pleading, and admissions, not by a contest between musicologists. And it is dispositive as a matter of law, because a selection-and-arrangement claim is protectable only where the combination "constitutes an original work of authorship," *Skidmore ex rel. Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (en banc), whose original synthesis exists within a single work the plaintiff owns.  A protectable work cannot exist where, as here, the claimed work is stitched together from three separate songs, one of which Plaintiffs (claim to) own only as a (belatedly registered) sound recording. *See Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020).

9

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

The Ninth Circuit has been emphatic that not just any grouping of elements will do: a combination is protectable "only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003). The word "combination" "cannot mean any 'set' of artistic building blocks"; only a "new combination" or "novel arrangement" the authors in fact created qualifies. *Skidmore*, 952 F.3d at 1076. A plaintiff therefore may not reconstitute a work as a combination of unprotectable elements after the fact and hold the result out as a protectable selection and arrangement. *Id.* Because the question turns on the pleadings and registrations rather than the disputed expert record, it should be decided as a matter of law.

### III.   PLAINTIFF'S SUPPOSED SELECTION AND ARRANGEMENT DOES NOT EXIST IN ANY SINGLE WORK; THEY HAVE ASSEMBLED A 'FRANKENSTEIN' ACROSS THREE SEPARATE SONGS.

When the Court made its initial comment to Plaintiff's counsel questioning whether there is a single work that contains all of the "Fish Market" elements, Plaintiffs' answer was an evasion, contrary to what was plain and what Plaintiffs had already admitted: counsel asserted that "Fish Market" contains all of the elements and that "Pounder" merely recreates it. (Hr'g Tr. at 11.) But the undisputed record shows that **none of Plaintiffs' claimed works** contains all of the alleged "Fish Market Elements" that Plaintiffs claim as their selection and arrangement. (Dkt. Nos. 706-1 and 739, DSUF 31, 130, 133, 136.) In fact, the only work that contains the claimed two-bar timbale loop is "Pounder", which Plaintiffs claim to own solely as a sound recording and which does not contain the

NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT

claimed tambourine part. (DSUF 133; Order at 39.)[3]  Moreover, Plaintiffs have expressly and unequivocally admitted that the timbale loop in "Pounder" does not exist in "Fish Market"; rather, in Plaintiff Browne's own words, it was "taken from two different segments of Fish Market."  (Dkt No. 752-35 (Tookey Decl Ex 102) at 84:13-20). ***Simply put, the two-bar chart at Paragraph 188 of the SCAC that Plaintiffs hold out as a transcription of their supposedly original selection and arrangement nowhere exists in any of Plaintiffs' Claimed Work***s. (Hr'g Tr. at 46; (Dkt. Nos. 706-1 and 739, DSUF 31, 130, 133, 136.)).

The defense made the point plainly at the hearing and it was extensively briefed. (*See* PC Defs.' Reply ISO Summary Judgment (Dkt. No. 772) at 12–15; Hr'g Tr. at 46–48, 50.) And, importantly, there is no dispute on this point—that no single work contains Plaintiffs' claimed selection and arrangement is irrefutable and undisputed as evidenced by Plaintiffs' own admissions.  Plaintiffs' claimed selection and arrangement does not exist anywhere, so Plaintiffs are trying to manufacture a work that does not exist from three separate works, none of which includes all of the alleged "Fish Market Elements."  There is no support in the case law for a selection and arrangement claim being fabricated from bits and pieces pulled from separate works.  *Skidmore,* 952 F.3d at 1074–76; *Corbello*, 974 F.3d at 974; *Satava*, 323 F.3d at 811.

Furthermore, nor can Plaintiffs supply what they claim as a crucial element of their supposed claimed "selection and arrangement" that nowhere exists in the compositions they claim to own by borrowing it from the sound recording of "Pounder," in which they claim only a sound recording copyright.  A sound-

---

[3] The timbale and tambourine are the only two of the seven "Fish Market Elements" that Plaintiffs have not conceded are independently or collectively commonplace. Regardless, Plaintiffs  themselves admit that a "single element, the kick on its own, the hi-hat on its own is not compositionally protectable. We have not claimed that. We have claimed their originality and protectability in their entire selection and arrangement which is the seven [Fish Market Elements]." (Hr'g Tr. at 57.)

11

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

recording copyright does not protect against infringement of anything but duplication of the exact sound recording.  It does not protect the underlying musical composition, which is a separate work with its own copyright. *See Newton v. Diamond*, 388 F.3d 1189, 1193–94 (9th Cir. 2004); *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 877–78 (9th Cir. 2016); 17 U.S.C. § 114(b). Again, the seven-note chart Plaintiffs first held out as their protected work, at Paragraph 188 of the complaint, does not represent any two-bar portion of either of Plaintiffs' claimed compositional copyrights ("Fish Market" and "Dem Bow"). (Hr'g Tr. at 46). Counsel showed at the hearing that, as set forth above, Plaintiffs have admitted that they simply pasted together two disconnected and unrelated measures that are 20 bars apart. (Hr'g Tr. at 47; *see also* Hr'g Tr. At 28-31.) .  These two disconnected measures do not form part of any coherent pattern and most assuredly not a two-bar looped pattern that exists only in the Pounder sound recording.

Plaintiffs' counsel's only retort to this problem was to say that "we gave them the copyright registration". (Hr'g Tr. At 50). But there is not one registration, there are three, for three separate and distinct works, none of which contain the selection and arrangement Plaintiffs claim is original and protectable and belongs only to them and one of which, per the Court's decision on the subject, cannot be a basis for a compositional copyright claim.

Importantly, the Court denied summary judgment only because it determined that the originality and protectability of the supposed selection and arrangement is genuinely disputed and turns on competing expert testimony. (Order at 40). But the Court's decision addresses a question that is only relevant if the alleged selection and arrangement actually exists in a single work claimed by Plaintiffs.  And as set forth above, it is undisputed that the alleged selection and arrangement **does not exist in any of Plaintiffs' claimed works.**

12

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

The consequence of this omission is concrete, and it is not merely a case management problem: Plaintiffs are asserting exclusive rights in a supposed selection and arrangement that does not exist. If the case proceeds as is, not only would Plaintiffs impermissibly be asserting exclusive rights in a nonexistent work, but none of the defendants would know what work is being compared to the accused songs. (Hr'g Tr. at 47). Accordingly, the Court's failure to consider these material facts warrants reconsideration of the Order, and judgment for the defense dismissing Plaintiffs' compositional copyright claim because the selection and arrangement claimed by Plaintiffs simply does not exist in any work. (Hr'g Tr. at 48).

**IV.    IF THE COURT ADHERES TO ITS ORDER OR DECLINES TO RECONSIDER ITS ORDER, IT SHOULD CERTIFY THE ISSUE FOR IMMEDIATE APPEAL TO THE NINTH CIRCUIT UNDER 28 U.S.C. § 1292(b)**

If the Court should either deny this motion and adhere to its Order - effectively determining that a selection-and-arrangement claim can be drawn from more than one separate work where the alleged selection and arrangement does not exist in any one single work - the Rimas Defendants respectfully request that the Court grant certification of that issue for immediate appeal to the Ninth Circuit under 28 U.S.C. § 1292(b).

Certification would be warranted because the Order involves a controlling question of law, there is substantial ground for difference of opinion, and an immediate resolution may materially advance the ultimate termination of the litigation. *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022). The Ninth Circuit has certified precisely this kind of threshold copyright question: in *Silvers*, the district court denied the defendant's dispositive motion and certified the controlling legal question for interlocutory appeal, and the

13

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

Court of Appeals accepted and decided it. *Silvers v. Sony Pictures Ent., Inc.,* 402 F.3d 881 (9th Cir. 2005)) Each requirement is met here.

First, the question of law is controlling - whether a copyright plaintiff may establish a protectable selection and arrangement by combining elements drawn across more than one separately registered work  where the claimed combination exists in no single work the plaintiff owns is a pure question of law that "must be one of law and not fact, and . . . must 'materially affect the outcome of litigation in the district court." *Id.* It turns on the registrations and pleadings, not on any factual dispute, and it is dispositive: an answer for the Rimas Defendants ends the case, and an answer against them redefines what must be tried. The threshold copyright question certified in *Silvers* was no less a question of law than this one. *(Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881 (9th Cir. 2005))

Second, there is clearly a substantial ground for difference of opinion here where "where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed," and a novel issue "may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011). It is likewise satisfied where "novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010).

Whether selection-and-arrangement protection may rest on elements assembled across separate works is such a question, and the Court's own observation that "there's no single work that contains all of the 'Fish Market' elements" and that this "seems to be problematic" (Hr'g Tr. at 11) confirms the point is genuinely unsettled not mere disagreement with settled law.

Finally, an immediate appeal need not be fully dispositive; it is enough that reversal "may materially advance" the case by removing claims or parties. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011). Here the question clears that

14

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**

bar comfortably: because it is antecedent and dispositive, a reversal would end the litigation as to Plaintiffs' composition claims, and even an affirmance ostensibly would fix the identity of the work to be tried before the parties incur the cost of expert proceedings and trial on a claim whose subject has never been defined. Resolving it now "may appreciably shorten the time, effort, or expense of conducting" the proceedings, *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022), especially where what lies ahead is a substantial similarity analysis of over one thousand works.

Accordingly, in the event the Court adheres to its Order or declines to reconsider the ruling, the Court should amend its July 1, 2026, Order to include the statement required by 28 U.S.C. § 1292(b) so that the Rimas Defendants may petition the Ninth Circuit for permission to appeal.

## CONCLUSION

The Rimas Defendants ask the Court to (i) reconsider its July 1, 2026, Order (Dkt. No. 841) and to determine based on the undisputed record that Plaintiffs do not own a single copyrighted work containing the supposed selection and arrangement they assert has been infringed. (Order at 1), or (ii) certify the issue for interlocutory appeal to the Ninth Circuit.

Dated:  July 15, 2026

FREUNDLICH LAW

BY:_____

Kenneth D. Freundlich
Jonah A. Grossbardt
Hugh H. Rosenberg
Attorneys for Defendants
RIMAS ENTERTAINMENT LLC
erroneously sued as RIMAS MUSIC, LLC
and BENITO ANTONIO MARTINEZ
OCASIO P/K/A BAD BUNNY

15

**NOTICE OF MOTION AND MOTION OF DEFENDANTS RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY FOR RECONSIDERATION TO NINTH CIRCUIT**