**PRYOR CASHMAN LLP**
Benjamin S. Akley (State Bar No. 278506)
*bakley@pryorcashman.com*
Shamar Toms-Anthony (State Bar No. 323246)
*stoms-anthony@pryorcashman.com*
1901 Avenue of the Stars, Suite 900, Los Angeles, California 90067
Telephone: (310) 683-6900

Donald S. Zakarin (admitted *pro hac vice*)
*dzakarin@pryorcashman.com*
Frank P. Scibilia (admitted *pro hac vice*)
*fscibilia@pryorcashman.com*
7 Times Square, 40th Floor, New York, New York 10036
Telephone: (212) 421-4100

James G. Sammataro (State Bar No. 204882)
*jsammataro@pryorcashman.com*
255 Alhambra Circle, 8th Floor, Miami, Florida 33134
Telephone: (786) 582-3003
*Attorneys for the Pryor Cashman-Represented Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, *ET AL.*, <br><br> Plaintiffs, <br> v. <br> RODNEY SEBASTIAN CLARK, an individual, *ET AL.*, <br><br> Defendants. | Case No.: 2:21-cv-02840-AB-AJR <br><br> **PC DEFENDANTS' JOINDER IN THE RIMAS DEFENDANTS' MOTION FOR RECONSIDERATION OR CERTIFICATION** <br><br> Date:  Aug. 14, 2026 <br> Time:  10:00 a.m. <br> Courtroom:  7B |

The Pryor Cashman-Represented Defendants ("PC Defendants"), through their undersigned counsel of record, respectfully join every argument raised in the Rimas Defendants' Motion for Reconsideration of this Court's July 1, 2026 Order (the "Order," Dkt. No. 841) or certification of the issue for immediate appeal (the "Motion"). The PC Defendants hereby adopt and incorporate by reference the Motion in its entirety.

As outlined in the Motion, the Court's Order  failed to consider undisputed material facts presented in the briefing and at oral argument—specifically: that there is no genuine dispute of material fact that ***none of Plaintiffs' claimed works (i.e., "Fish Market," "Dem Bow," or "Pounder") contains the supposed selection and arrangement of seven "Fish Market Elements"*** set forth in Plaintiffs' SCAC.  (Dkt. Nos. 706-1 and 739, DSUF 31, 130, 133, 136.)  Consequently, Plaintiffs' copyright infringement claim, which is premised entirely on a supposed selection and arrangement that indisputably does not exist, fails as a matter of law.  There is no authority in the Ninth Circuit—or elsewhere—that permits a plaintiff to claim infringement of a supposed selection-and-arrangement that only exists based on pulling elements from separate copyrighted works rather than there being a coherent pattern that exists in a single copyrighted work.

To the contrary, the law is clear that "[t]o assert a selection-and-arrangement argument, a copyright plaintiff must identify 'a combination of…elements…numerous enough' and with a 'selection and arrangement original enough that their combination constitutes ***an*** original work of authorship."  *Yonay v. Paramount Pictures Corp.*, 163 F.4th 685, 696 (9th Cir. 2026) (quoting *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (*en banc*)); *see, e.g., Cisco Sys. Inc v. Arista Networks, Inc.*, No. 14-CV-05344-BLF, 2016 WL 4440239, at *3 (N.D. Cal. Aug. 23, 2016) (denying copyright protection to alleged compilation where "it [was] not clear whether the [alleged work], as one compilation, existed prior to litigation.").

2

The word "an" is singular not plural and refers to a singular work, not an aggregation of separate works.

Defendants raise this issue not to relitigate what the Court has decided, but because the Order's reasoning leaves a foundational question unanswered: if a selection-and-arrangement claim may be assembled from three separate works—a combination that appears in none of the three individually—what confines the theory to three works?  Could these Plaintiffs, whose catalog spans more than 400 works, extract elements from across that entire body and assert the resulting composite as a protected arrangement?  The Order identifies no limiting principle, and Defendants submit that none exists—because the claimed "work" would be one that no author ever fixed, no audience ever encountered, and no registration ever covered, defined only after the fact by reference to Defendants' own creation.

Selection and arrangement claims are a narrowly tailored, judicially created exception to the denial of copyright protection to commonplace musical elements that exist in prior art when the combination of commonplace elements is sufficiently numerous and the arrangement forms a coherent pattern that is original enough to be considered an original work.  This narrow exception would swallow up its intended limitation if, instead of the combination existing in a single work, it could be drawn from a potentially unlimited number of works, in none of which all of the elements exist.

Accordingly, for the foregoing reasons, and as set forth in the Rimas Defendants' Motion, the PC Defendants respectfully request that Court reconsider its Order on Defendants' Motions for Summary Judgment or certify the issue for immediate appeal.

3

Respectfully submitted on July 15, 2026

**PRYOR CASHMAN LLP**

By: */s/ Benjamin S. Akley*
Donald S. Zakarin (*dzakarin@pryorcashman.com*)
Frank P. Scibilia (*fscibilia@pryorcashman.com*)
James G. Sammataro (*jsammataro@pryorcashman.com*)
Benjamin S. Akley (*bakley@pryorcashman.com*)
Shamar Toms-Anthony (*stoms-anthony@pryorcashman.com*)