EDWIN F. McPHERSON (SBN 106084)
MCPHERSON LLP
Email: emcpherson@mcpherson@mcpherson-llp.com
1900 Avenue of the Stars
25th Floor
Los Angeles, CA 90067
Telephone: (310) 553-8833
Facsimile: (310) 553-9233

RICHARD C. WOLFE (*Admitted Pro Hac Vice*)
WOLFE LAW MIAMI, P.A.
Email: rwolfe@wolfelawmiami.com
Latitude One Building
175 SW 7th Street, Suite 2410
Miami, Florida 331310
Telephone: (305) 384-7370
Facsimile: (305) 384-7371

Attorneys for Defendants Llandel Veguilla pka "Yandel,"
Juan Luis Morera Luna pka "Wisin,"
Ernesto Padilla, Marcos Ramirez, Victor Torres,
Juan Luis Londono Arias pka "Maluma"
Carlos Alberto Vivies Restrepo pka "Carlos Vives,"
Daniel Oviedo pka "Ovy on the Drums,"
Michael Monge pka "Myke Tower,"
Geoffrey Royce Rojas pka "Prince Royce,"
Rafael Torres pka "De La Ghetto"
Richard Camacho,
Erick Brian Colon,
Christopher Velez and
Zabdiel De Jesus,

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>RODNEY SEBASTIAN CLARK DONALDS, et al.<br><br>Defendants. | Case No.: 2:21-cv-02840-AB-AFM<br><br>Assigned to: Hon. André Birotte<br><br>**DEFENDANTS' NOTICE OF JOINDER IN THE RIMAS DEFENDANTS' MOTION FOR RECONSIDERATION OR CERTIFICATION**<br><br>**Date; August 14, 2026**<br>**Time: 10 am**<br>**Courtroom: 7B** |

Defendants Llandel Veguilla pka "Yandel," Juan Luis Morera Luna pka "Wisin," Ernesto Padilla, Marcos Ramirez, Victor Torres, Juan Luis Londono Arias pka "Maluma" Carlos Alberto Vivies Restrepo pka "Carlos Vives," Daniel Oviedo pka "Ovy on the Drums," Michael Monge pka "Myke Tower," Geoffrey Royce Rojas pka "Prince Royce," Rafael Torres pka "De La Ghetto" Richard Camacho, Erick Brian Colon, Christopher Velez and Zabdiel De Jesus (collectively referred to as the "Defendants"), by and through undersigned counsel, respectfully join every argument raised in the Rimas Defendants' Motion for Reconsideration of this Court's July 1, 2026 Order (the "Order," Dkt. No. 841) or certification of the issue for immediate appeal (the "Motion"). The Defendants herein hereby adopt and incorporate by reference the Motion in its entirety.

As outlined in the Motion, the Court's Order failed to consider undisputed material facts presented in the briefing and at oral argument—specifically: that there is no genuine dispute of material fact that ***none of Plaintiffs' claimed works (i.e., "Fish Market," "Dem Bow," or "Pounder") contains the supposed selection and arrangement of seven "Fish Market Elements"*** set forth in Plaintiffs' SCAC. (Dkt.

2

Nos. 706-1 and 739, DSUF 31, 130, 133, 136.) Consequently, Plaintiffs' copyright infringement claim, which is premised entirely on a supposed selection and arrangement that indisputably does not exist, fails as a matter of law. There is no authority in the Ninth Circuit—or elsewhere—that permits a plaintiff to claim infringement of a supposed selection-and-arrangement that only exists based on pulling elements from separate copyrighted works rather than there being a coherent pattern that exists in a single copyrighted work.

To the contrary, the law is clear that "[t]o assert a selection-and-arrangement argument, a copyright plaintiff must identify 'a combination of…elements…numerous enough' and with a 'selection and arrangement original enough that their combination constitutes an original work of authorship." *Yonay v. Paramount Pictures Corp.*, 163 F.4th 685, 696 (9th Cir. 2026) (quoting *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074 (9th Cir. 2020) (en banc)); see, e.g., *Cisco Sys. Inc v. Arista Networks, Inc.*, No. 14-CV-05344-BLF, 2016 WL 4440239, at *3 (N.D. Cal. Aug. 23, 2016) (denying copyright protection to alleged compilation where "it [was] not clear whether the [alleged work], as one compilation, existed prior to litigation."). The word "an" is singular not plural and refers to a singular work, not an aggregation of separate works.

Defendants raise this issue not to relitigate what the Court has decided, but because the Order's reasoning leaves a foundational question unanswered: if a selection-and-arrangement claim may be assembled from three separate works—a combination that appears in none of the three individually—what confines the theory to three works? Could these Plaintiffs, whose catalog spans more than 400 works, extract elements from across that entire body and assert the resulting composite as a protected arrangement? The Order identifies no limiting principle, and Defendants submit that none exists—because the claimed "work" would be one that no author ever fixed, no audience ever encountered, and no registration ever covered, defined only after the fact by reference to Defendants' own creation.

Selection and arrangement claims are a narrowly tailored, judicially created exception to the denial of copyright protection to commonplace musical elements that exist in prior art when the combination of commonplace elements is sufficiently numerous and the arrangement forms a coherent pattern that is original enough to be considered an original work. This narrow exception would swallow up its intended limitation if, instead of the combination existing in a single work, it could be drawn from a potentially unlimited number of works, in none of which all of the elements exist.

Accordingly, for the foregoing reasons, and as set forth in the Rimas Defendants' Motion, the Defendants herein respectfully request that Court reconsider its Order on Defendants' Motions for Summary Judgment or certify the issue for immediate appeal.

Respectfully submitted,

DATED: July17, 2026

/s/ Richard C. Wolfe
Richard C. Wolfe
(*Pro Hac Vice*)
Email: rwolfe@wolfelawmiami.com
WOLFE LAW MIAMI, P.A.
Latitude One Building
175 SW 7th Street, Suite 2410
Miami, Florida 33130
Telephone: (305) 384-7370
Fax: (305) 384-7371

*Attorneys for Defendants* Llandel Veguilla pka "Yandel," Juan Luis Morera Luna pka "Wisin," Ernest Padilla, Marcos Ramirez, Victor Torres, Juan Luis Londono Arias pka "Maluma," Carlos Alberto Vives Restrepo pka "Carlos Vives," Daniel Oviedo pka "Ovy on the Drums," Michael Monge pka

4

"Myke Tower," Geoffrey Royce Rojas pka "Prince Royce," Rafael Torres pka "De La Ghetto," Richard Camacho, Erick Brian Colon, Christopher Velez and Zabdiel De Jesus

Dated: July 17, 2026,                    **WOLFE LAW MIAMI, P.A.**

By: s/ Richard C. Wolfe
         Richard C. Wolfe, Esq.

5