Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RODNEY SEBASTIAN CLARK DONALDS, *et al.*<br><br>Defendants. | Case No. 2:21-cv-02840-AB- AJR<br>*Hon. André Birotte Jr. Presiding*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' RIMAS ENTERTAINMENT, LLC AND BENITO OCASIO P/K/A BAD BUNNY MOTION FOR RECONSIDERATION OR ALTERNATIVELY CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Date: Aug. 14, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7B |

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Bad Bunny provides no basis for reconsideration .......... 2

1. This motion merely rehashes arguments this Court has already addressed .......... 2

2. This motion improperly seeks to raise new summary judgment arguments for the first time and/or improperly revisit this Court's Order denying Bad Bunny's motion to dismiss .......... 5

B. Bad Bunny provides no basis for certification for interlocutory appeal .......... 8

1. Bad Bunny's request for interlocutory appeal improperly seeks review of application of law to particular facts, not of pure law .......... 9

2. Bad Bunny shows no substantial ground for difference of opinion .......... 12

3. Interlocutory appeal would needlessly prolong resolution of this case .......... 14

III. CONCLUSION .......... 16

# TABLE OF AUTHORITIES

Page(s)

Cases

*389 Orange St. Partners v. Arnold*, 179 F.3d 656 (9th Cir. 1999) .......... 2

*Ahmed v. Ashcroft*, 388 F.3d 247 (7th Cir. 2004) .......... 5

*Browne v. Donalds*, 2024 WL 3468898 (C.D. Cal. May 28, 2024) .......... 6, 10

*Carroll Shelby Licensing, Inc. v. Halicki*, 2023 WL 2347391 (C.D. Cal. Jan. 30, 2023) .......... 11, 15

*Cisco Sys. Inc v. Arista Networks, Inc.*, 2016 WL 4440239 (N.D. Cal. Aug. 23, 2016) .......... 12

*Clemons v. Miss.*, 494 U.S. 738 (1990) .......... 3

*Cooper v. Tokyo Elec. Power Co., Inc.*, 166 F. Supp. 3d 1103 (S.D. Cal. 2015) .......... 13

*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978) .......... 8

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010) .......... 9, 12

*CraftShack, Inc. v. Critical Tel. Applications, Inc.*, 2026 WL 396781 (C.D. Cal. Jan. 16, 2026) .......... 4

*Disney Enters., Inc. v. VidAngel Inc.*, 2017 WL 6820014 (C.D. Cal. Aug. 2, 2017) .......... 7

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978 (9th Cir. 2017) .......... 11

*El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, 2005 WL 3453913 (E.D. Cal. Dec. 16, 2005) .......... 12

*Envt'l Prot. Info. Ctr. v. Pac. Lumber Co.*, 2004 WL 838160 (N.D. Cal. 2004) .......... 13, 14

*Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957 (E.D. Cal. 2010) .......... 14

*Getz v. Boeing Co.*, 2009 WL 3765506 (N.D. Cal. June 16, 2009) .......... 15, 16

*In Cement Antitrust Litigation*, 673 F.2d 1020 (9th Cir. 1981) .......... 9, 10, 14, 16

*James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002) .......... 9

*Kearns v. LoanDepot.com, LLC*,
2024 WL 250130 (C.D. Cal. Jan. 16, 2024) ... 11
*Kraft v. Old Castle Precast Inc.*,
2016 WL 4120049 (C.D. Cal. Aug. 2, 2016) ... 5
*Mann v. Cnty. of San Diego*,
2016 WL 245480 (S.D. Cal. 2016) ... 13
*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) ... 5
*Matsunoki Group v. Timberwork Or., Inc*,
2011 WL 940218 (N.D. Cal. 2011) ... 10
*Maxim v. Guangzhou Netease Computer Sys. Co.*,
2021 WL 12301425 (C.D. Cal. Nov. 9, 2021) ... 3, 4
*Moffett v. Recording Radio Film Connection, Inc.*,
2020 WL 6143595 (C.D. Cal. Jan. 31, 2020) ... 9
*Morrison-Knudsen Co. v. Archer*,
655 F.2d 962 (9th Cir. 1981) ... 16
*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) ... 13
*Roy v. Cnty. of Los Angeles*,
2018 WL 3439168 (C.D. Cal. July 11, 2018) ... 3
*See Device Inc. v. Korean Broad. Sys.*,
2025 WL 1720196 (C.D. Cal. May 9, 2025) ... 16
*Silvers v. Sony Pictures Ent., Inc.*,
402 F.3d 881 (9th Cir. 2005) ... 11
*Simmons v. Akanno*,
2011 WL 1566583 (E.D. Cal. 2011) ... 10
*Spread Your Wings, LLC v. AMZ Grp. LLC*,
2020 WL 7122513 (N.D. Cal. Dec. 4, 2020) ... 13
*Stanwood v. Mary Kay, Inc.*,
941 F. Supp. 2d 1212 (C.D. Cal. 2012) ... 13
*Tsyn v. Wells Fargo Advisors, LLC*,
2016 WL 1718139 (N.D. Cal. Apr. 29, 2016) ... 9, 16
*U.S. Rubber Co v. Wright*,
359 F.2d 784 (9th Cir. 1966) ... 16
*United States v. Woodbury*,
263 F.2d 784 (9th Cir. 1959) ... 9, 14
*Valdovinos v. McGrath*,
2007 WL 2023505, at *4 (N.D. Cal. July 12, 2007) ... 15
*Velo-Bind, Inc. v. 3M Co.*,
647 F.2d 965 (9th Cir. 1981) ... 7
*Warm v. Innermost Ltd.*,
2022 WL 3449812 (C.D. Cal. June 13, 2022) ... 14, 15, 16

*Zahedi v. Miramax, LLC*,
2022 WL 17078642 (C.D. Cal. July 18, 2022) .......... 8
*Zahedi v. Miramax, LLC*,
2023 WL 4681537 (C.D. Cal. Jan. 25, 2023) .......... 7

Statutes

28 U.S.C. § 1291 .......... 8
28 U.S.C. § 1292 .......... Passim

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Benito Ocasio, who performs as Bad Bunny, cannot carry the heavy burden necessary for reconsideration. Essentially, he seeks another review of the same arguments previously briefed and argued with no showing that the Court failed to consider material facts, and no real justification for immediate appeal of what the Court found to be a purely factual question. The motion fails, as follows:

***First***, knowing that a motion for reconsideration cannot be used to raise arguments or present evidence that were or could have been raised earlier, Bad Bunny's reconsideration request alleges a "manifest showing of a failure to consider material facts presented to the Court before the Order was entered." Yet Bad Bunny does no more than (1) rehash his summary judgment arguments, and (2) imagine that this Court did not consider them when denying summary judgment while affirmatively ignoring the portions of that Order that clearly show otherwise. This Court can and should summarily dispatch with this improper reconsideration request.

***Second***, Bad Bunny largely mischaracterizes the Court's findings in his request for certification, and utterly fails to establish that this case warrants "exceptional" treatment under Section 1292(b). Critically, he does not dispute the legal framework governing copyright originality and protectability, he just disagrees with the Court's finding of genuine disputes of material fact under that framework. His request to forestall the rest of this case in favor of an immediate appeal of only a purely factual portion of the Court's Order—an extraordinary deviation from the rule that only final judgments are appealable—in no way satisfies any of the three statutory requirements under 28 U.S.C. § 1292(b). To wit:

- Immediate appeal may be appropriate for disputes over pure issues of law. But Bad Bunny's gripe is about the application of the law to the facts of this case.

- There is no intra-circuit conflict or difference of opinion here. Rather, the law in the Ninth Circuit governing the analysis of copyright originality and protectability is clear and controlling—indeed, he takes no issue with the law.
- The interlocutory appeal Bad Bunny seeks will delay resolution of this case and result in piecemeal appeals. His requested relief is itself a piecemeal appeal (i.e., seeking review of only a factual portion of the Court's Order).

Bad Bunny cannot meet his heavy burden under L.R. 7-18 or Section 1292(b) to justify reconsideration or interlocutory appeal. This Court should deny the motion.

## II. ARGUMENT

### A. Bad Bunny provides no basis for reconsideration

Bad Bunny bears the burden to prove reconsideration is proper. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The sole ground he advances for reconsideration is an alleged "manifest showing of a failure to consider material facts" under L.R. 7-18, but he makes no such showing. Instead, he merely repeats the arguments this Court already considered and addressed—precisely what a motion for reconsideration cannot properly do. His motion thus fails.

#### 1. This motion merely rehashes arguments this Court has already addressed

Bad Bunny claims that "the Court did not consider or determine whether the supposed selection and arrangement exist in any of Plaintiffs' Claimed Works" (Dkt. 842 at 8) and that this purported failure warrants reconsideration. Neither are true.

First, the Court squarely addressed this. It recounted what the record reflected with respect to the creation of *Fish Market* and its elements, *Dem Bow*, and *Pounder Dub Mix II* (see Dkt. 841 at 38) and then concluded:

> that the record presents genuine disputes of material fact ***regarding the identification, characterization, and protectability of the Fish Market Elements***, precluding summary judgment in either side's favor. . . . the evidentiary record presents competing, facially credible expert opinions ***regarding what elements exist in the Claimed Works, how those elements function musically, whether they are commonplace or original, and whether they form a coherent and protectable selection and arrangement***. . . . Put

> simply, Plaintiffs' experts advance one account of the relevant musical features and their significance, while Defendants' experts offer a fundamentally different interpretation of those same features. These are classic disputes of fact, not law.

Dkt. 841 at 40 (emphasis added). The Court further explained that "Resolving these disputes would necessarily require the Court to determine which experts are more persuasive, which analytical framework to adopt, and ***which factual account of the works is correct***. The Court cannot do so at summary judgment." Dkt. 841 at 41 (emphasis added).

Bad Bunny ignores that the Court's Order discusses the parties' cross-motions for summary judgment and incorporates by reference the factual record. Dkt. 841 at 40 (emphasis added) ("***The Court need not recount this factual record***, however, virtually none of these facts fall into the undisputed category that the Court may consider on a motion for summary judgment."). Thus, no "manifest showing of a failure to consider material facts presented to the Court before the Order was entered" can be fairly read from the Court's decision not to expressly repeat that factual record.

Indeed, even a failure to expressly address an argument on summary judgment (as opposed to just the underlying facts) is not properly "taken to mean the Court did not consider that argument; rather, it should be taken to mean the Court *rejected* that argument." *Maxim v. Guangzhou Netease Computer Sys. Co.*, 2021 WL 12301425, at *2 (C.D. Cal. Nov. 9, 2021) (Birotte, J., emphasis in original); *Clemons v. Miss.*, 494 U.S. 738, 747 n.3 (1990) (observing that the court's refusal to address an argument constitutes an implicit rejection of those arguments).[1] Yet here, as demonstrated above, the Court fully addressed Defendants' arguments on summary judgment.

---

[1] *See also Roy v. Cnty. of Los Angeles*, 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) ("[T]he County's contention that the Court did not consider this argument is simply wrong. The Court reviewed and considered all arguments contained in the parties' briefing and raised during oral argument. Further, the Court need not explicitly discuss each and every argument in any order. The Court's refusal to discuss an argument

Imagining that the Court did not consider his arguments and ignoring the evidence Plaintiffs presented at summary judgment, Bad Bunny repeats his view that Plaintiffs have purportedly not identified a single, coherent, protectable copyrighted work at all, rather than a combination assembled across *Fish Market*, *Dem Bow*, and *Pounder (Dub Mix II)*.[2] Bad Bunny is, of course, wrong—the evidence presented at summary judgment established (1) the elements of the *Dem Bow Riddim* featured in the original song *Fish Market*; (2) the use of that *Riddim* in the song *Dem Bow*; and (3) the use of that *Riddim*—i.e., the same compositional elements in the same order, just omitting the tambourine and excerpting a two-bar timbale loop from *Fish Market*—in the replay/derivative work *Pounder Dub Mix II*. *See* Dkt. 790 at 5-9 ("The *Dem Bow Riddim* is in all three works").

But more importantly for purposes of L.R. 7-18, Bad Bunny's motion violates the prohibition that "No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." *Maxim*, 2021 WL 12301425, at *2; *CraftShack*, 2026 WL 396781, at *1–2 ("Whereas BottlecAPPs reraises the same arguments that the Court considered and respectfully

---

constitutes an implicit rejection of those arguments.") (internal citations omitted); *CraftShack, Inc. v. Critical Tel. Applications, Inc.*, 2026 WL 396781, at *1–2 (C.D. Cal. Jan. 16, 2026) ("BottlecAPPs' MFR raises the same arguments regarding reasonableness that it previously advanced in its opposition to CraftShack's motion for attorneys' fees . . . . Courts are not required to address every argument in an order, and courts often reject arguments by omitting discussion of them.").

[2] *See* Dkt. 706 at 23 (Defendants arguing that "this supposed combination does not actually exist in any of Plaintiff's Claimed Works"); Dkt. 742 at 7 (Plaintiffs arguing that "*Pounder Dub Mix II* is a derivative work of *Fish Market* and *Dem Bow* and embodies the *Fish Market* composition"); Dkt. 772 at 3 (Defendants arguing that "the 'Dem Bow Riddim' does not actually exist in any one of Plaintiffs' Claimed Works"); Dkt. 773 at 5 (Bad Bunny arguing "Plaintiffs' claim that they own exclusive copyrights in an unprotectable ever-changing 'combination' that does not actually exist in any of their works"); Dkt. 790 at 5-9 (Plaintiffs arguing that "The *Dem Bow Riddim* is in all three works" and "Nobody genuinely disagrees about how the elements are selected and arranged in the *Dem Bow Riddim*").

rejected when issuing its MAF Order, reconsideration is inappropriate."). This motion thus fails.

**2. This motion improperly seeks to raise new summary judgment arguments for the first time and/or improperly revisit this Court's Order denying Bad Bunny's motion to dismiss**

Bad Bunny's only other argument for reconsideration rests on his assertion that Plaintiffs' ownership of the sound recording copyright in *Pounder Dub Mix II* "does not protect the underlying musical composition" and thus "cannot be a basis for a compositional copyright claim." Dkt. 842 at 12. This fails for at least three reasons.

First, to the extent Bad Bunny is arguing the originality and protectability of the *Fish Market* or *Pounder Dub Mix II* sound recordings,[3] he cannot do so now because "new arguments and allegations come too late and are not properly before the Court on a L.R. 7-18" motion for reconsideration. *See Kraft v. Old Castle Precast Inc.*, 2016 WL 4120049, at *10 (C.D. Cal. Aug. 2, 2016), *citing Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (reconsideration motion "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

Second, rehashing his summary judgment argument that the sound recording copyright in *Pounder Dub Mix II* purportedly "does not protect the underlying musical composition" and thus "cannot be a basis for a compositional copyright claim," as above, violates L.R. 7-18's prohibition on doing just that. *See* Dkt. 790 at 6 (in response to Defendants' argument that "Plaintiffs have no compositional copyright in 'Pounder,'"

---

[3] *See* Dkt. 742 n.1 ("Defendants' summary judgment motion (Dkt. 706) does not argue and Defendants do not dispute that the sound recordings of *Fish Market* and *Pounder Dub Mix II* are original and entitled to copyright protection."); Dkt. 790 at 3 ("Plaintiffs moved for partial summary judgment to establish the originality and protectability of the *Fish Market* and *Pounder Dub Mix II* sound recordings. Defendants' failure to oppose constitutes textbook waiver."). Indeed, Bad Bunny's summary judgment reply (Dkt. 773) does not even use the phrase "sound recording," much less make this argument.

stating "Defendants are wrong for two reasons. First, the *Pounder Dub Mix II* sound recording deposit copy automatically contains the musical composition embodied therein. And second, the timbale pattern in *Pounder Dub Mix II* is a two-bar excerpt taken from *Fish Market*, resulting in a one-to-one compositional overlap. Because the timbale roll in *Pounder Dub Mix II* is a part of the timbale pattern in and taken from *Fish Market*, it is covered by the *Fish Market* composition.") (internal citations omitted). Again, rearguing is not grounds for reconsideration.

And third, his argument that Plaintiffs cannot claim infringement of the *Dem Bow Riddim* musical composition ***through*** the *Pounder Dub Mix II* sound recording slyly seeks belated reconsideration of the "'By Extension' *Fish Market* Claims" portion of the Court's order denying Bad Bunny's motion to dismiss (*Browne v. Donalds*, 2024 WL 3468898, at *11-12 (C.D. Cal. May 28, 2024)), which is outside the scope of this phase:

> Moving Defendants argue that Plaintiffs cannot sue for infringement with respect to *Pounder Riddim* when they do not claim to own this work or sue for infringement of the *Fish Market* copyright "by extension" for copying of unspecified portions of derivative works. . . .
>
> Here, Plaintiffs allege that *Dem Bow, Pounder Riddim*, and *Pounder Dub Mix II* are derivative works that include original elements of *Fish Market*. . . . While it does not follow that a defendant inevitably infringes the *Fish Market* copyright because the defendant allegedly copied *Dem Bow, Pounder Riddim*, or *Pounder Dub Mix II*, the copying of material derived from protected elements of *Fish Market* will constitute an infringement of the *Fish Market* copyright regardless of whether the defendant copied directly from *Fish Market* or indirectly through a derivative work. Plaintiffs can therefore sue for infringement of such copying regardless of owning a copyright in *Dem Bow, Pounder Riddim*, or *Pounder Dub Mix II.* In other words, Plaintiffs' ownership of copyrights in *Fish Market* entitles them to sue for copying of *Dem Bow, Pounder Riddim*, or *Pounder Dub Mix II* to the extent that the material copied from those works derived from protected elements of *Fish Market*.

*Id*. at *11–12 (internal citations omitted). In so arguing, Bad Bunny "effectively seeks a new, affirmative order precluding" Plaintiffs from asserting "'By Extension' *Fish Market* Claims" in the forthcoming infringement phase of this case when both the Court's

Summary Judgment Order and Motion to Dismiss Order "clearly did not limit [Plaintiffs] from" asserting such claims. *See Zahedi v. Miramax, LLC*, 2023 WL 4681537, at *1 (C.D. Cal. Jan. 25, 2023).

Simply put, Bad Bunny may not use this motion to seek a premature "declaratory judgment" by way of an underhanded and far-too-late reconsideration request—it is in no way "appropriate for resolution" in this motion.[4] *See Disney Enters., Inc. v. VidAngel Inc.*, 2017 WL 6820014, at *3 (C.D. Cal. Aug. 2, 2017) (collecting cases); *cf. Velo-Bind, Inc. v. 3M Co.*, 647 F.2d 965, 974 (9th Cir. 1981) (in affirming district court's denial of motion for modification, holding motion was in essence a motion "for a summary adjudication of an infringement claim").

* * *

Bad Bunny's empty allegation of "the Court's failure to consider [] material facts" (Dkt. 842 at 13) is simply "not a ground of reconsideration authorized by Local Rule 7-18. [Bad Bunny] offers . . . no ***manifest showing*** that the Court failed to consider the facts presented in conjunction with the briefing on the motions. Instead, [Bad Bunny] asks the Court to reweigh his arguments and reevaluate evidence in the record after an

---

[4] And though it is beyond the scope of this motion, his position that "If the case proceeds as is, not only would Plaintiffs impermissibly be asserting exclusive rights in a nonexistent work, but none of the defendants would know what work is being compared to the accused songs" (Dkt. 842 at 13) is just not true. Litigating the "unlawful appropriation" prong of Plaintiffs' copyright infringement claims is straightforward:

- For Plaintiffs' claims of infringement of the sound recordings of *Fish Market* and/or *Pounder Dub Mix II*, Plaintiffs will of course be required to specify (through written discovery, depositions, and/or expert discovery) what recording(s) (and/or which elements of the recording(s)) they contend were sampled and in which of Defendants' Works, with time markers.
- For Plaintiffs' claim of infringement of the composition of the *Dem Bow Riddim*, Plaintiffs will of course be required to specify (through written discovery, depositions, and/or expert discovery) which portions of *Fish Market*, *Dem Bow*, and/or *Pounder Dub Mix II* expressing the *Dem Bow Riddim* on the one hand, and which portions of Defendants' Works on the other hand, they contend are substantially and/or strikingly similar in their expression of the *Dem Bow Riddim* composition, with time markers.

adverse ruling with which he disagrees. That is not the function of a motion under Local Rule 7-18." *Zahedi v. Miramax, LLC*, 2022 WL 17078642, at *1 (C.D. Cal. July 18, 2022) (emphasis added, internal citations omitted). This motion fails.

**B. Bad Bunny provides no basis for certification for interlocutory appeal**

There remains a fundamental factual dispute in this case—at summary judgment, Plaintiffs identified the seven-element combination comprising the *Dem Bow Riddim* (as originally created in *Fish Market* and then licensed to Shabba Ranks for use in *Dem Bow*) and explained that its composition is the same in *Pounder Dub Mix II* other than omitting the tambourine and excerpting a two-bar timbale loop from *Fish Market*. That is, the full selection and arrangement of the *Dem Bow Riddim* is reflected in *Fish Market*, and in turn *Pounder Dub Mix II*, while not the full *Fish Market*, nonetheless reproduces that same selection and arrangement as the portions of *Fish Market* that feature the excerpted two-bar timbale pattern.

Finding that his "Frankenstein" soundbite gained press attention, Bad Bunny seeks to certify for interlocutory appeal whether "a selection-and-arrangement claim can be drawn from more than one separate work where the alleged selection and arrangement does not exist in any one single work." Dkt. 842 at 13. But that pitch rests on a false premise, distorts the Court's Order, and assumes factual findings the Court (rightly) never made. And it does so to seek immediate review of a purely factual question that would not end the lawsuit in any event.

As a general rule, a district court ruling is appealable only after entry of final judgment. *See* 28 U.S.C. § 1291. Section 1292(b) provides for appeal of an interlocutory order upon certification by the district court and with the permission of the Court of Appeals only when "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

Under 28 U.S.C. § 1292(b), a district court should certify an order for interlocutory appeal only if the movant shows (1) the subject of the certification request "involves a

controlling question of law," (2) "to which there is substantial ground for difference of opinion," ***and*** (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. Even if "the statutory criteria of § 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.'" *Tsyn v. Wells Fargo Advisors, LLC*, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016).

Section 1292(b) "must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 (9th Cir. 2002); *see also In Cement Antitrust Litigation*, 673 F.2d 1020, 1027 (9th Cir. 1981) ("Section 1292(b) is to be applied sparingly and only in exceptional cases"); *United States v. Woodbury*, 263 F.2d 784, 787-88, 799 n.11 (9th Cir. 1959) ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit.").

"The standard to certify a question of law is high and a district court generally should not permit such an appeal where 'it would prolong litigation rather than advance its resolution.'" *Moffett v. Recording Radio Film Connection, Inc.*, 2020 WL 6143595, at *4 (C.D. Cal. Jan. 31, 2020). Bad Bunny must demonstrate that Section 1292(b)'s requirements are satisfied. *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (dismissing interlocutory appeal, no substantial ground for difference of opinion).

This motion fails to satisfy all three of Section 1292(b)'s requirements: (1) it seeks review of the application of law to particular facts (not a pure legal issue), (2) there is no substantial ground for difference of opinion in the Ninth Circuit on the authority governing the analysis of copyright originality and protectability, and (3) an immediate, piecemeal appeal would needlessly delay resolution of this case. This motion fails.

**1. Bad Bunny's request for interlocutory appeal improperly seeks review of application of law to particular facts, not of pure law**

Bad Bunny begins his pitch with the claim that appellate resolution of a purely legal question could substantially impact the outcome of the litigation *if* decided in his favor. Dkt. 842 at 13-14. But the review he seeks requires a factual finding as to whether

the omission of one of the elements from the *Dem Bow Riddim* in *Pounder Dub Mix II* (the tambourine) makes it materially different from the *Dem Bow Riddim* as originally expressed in *Fish Market*.[5] Plaintiffs maintain that it does not, but that is part of what this Court found to be a question for a factfinder. And bad Bunny entirely fails to address how this case is appropriate for appellate review with that question remaining unresolved.

A controlling question of law must be a discrete *pure legal* issue, not a mixed question of law and fact or an application of law to a particular set of facts. *Cement*, 673 F.2d at 1026. The review of such a "pure" question of law should not necessitate a detailed inquiry into the record. *See, e.g., Simmons v. Akanno*, 2011 WL 1566583, at *3 (E.D. Cal. 2011) (stating Section 1292(b) appeals should be "reserved for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts") (citation and internal quotations omitted); *Matsunoki Group v. Timberwork Or., Inc*, 2011 WL 940218, at *2 (N.D. Cal. 2011) (stating that a "question of law" is "something the court of appeals could decide quickly and cleanly without having to study the record").

Bad Bunny does not dispute the legal principles in the Ninth Circuit governing the analysis of originality and protectability under the Copyright Act as set out in the Court's Order. *See* Dkt. 841 at 4-8 (Section II setting forth applicable legal framework for "scope of this phase," "originality standard," and "protectability & filtration doctrine"). These principles are well-established, clear, and controlling in this Circuit. *See Simmons*, 2011 WL 1566583, at *4 (stating that courts "ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed"). Rather, Bad Bunny disagrees with the result this Court reached in applying that authority.

[5] The only other compositional "change" from *Fish Market* to *Pounder Dub Mix II* is that the latter loops a two-bar timbale pattern from sections of *Fish Market*. Looping part of an original composition into a new derivative cannot deprive the original composition copyright holder of the right to enforce their copyright in the original work to the extent it is part of a derivative that is copied. *See Browne*, 2024 WL 3468898, at *11-12.

Unquestionably, Bad Bunny seeks review of an application of law to particular facts, not of a pure legal question.[6] Unless it summarily affirms the Court's Order (in which case the requested appeal would be a waste of time), the Ninth Circuit would have to review the parties' cross-motions for summary judgment at issue. That is not the type of review contemplated under Section 1292(b)'s first factor. *See Kearns v. LoanDepot.com, LLC*, 2024 WL 250130, at *1–2 (C.D. Cal. Jan. 16, 2024) ("[T]he issue of whether the disclosure was 'clear and conspicuous' is a question of fact, not a question of law as required by the first prong.").

Moreover, the question Bad Bunny poses for review—"whether a copyright plaintiff may establish a protectable selection and arrangement by combining elements drawn across more than one separately registered work where the claimed combination exists in no single work the plaintiff owns" (Dkt. 842 at 14)—assumes factual findings this Court did not make and is thus "defective in [its] premise[.]" *See Carroll Shelby Licensing, Inc. v. Halicki*, 2023 WL 2347391, at *2 (C.D. Cal. Jan. 30, 2023) (denying motion to certify interlocutory appeal in part because the issue identified in the motion was "not presented or decided at summary judgment"). The Court found genuine disputes of material fact "regarding what elements exist in the Claimed Works, how those elements function musically, whether they are commonplace or original, and whether they form a coherent and protectable selection and arrangement." Dkt. 841 at 40. Indeed, the Court stated that "These are classic ***disputes of fact, not law***." *Id*. (emphasis added).

[6] Bad Bunny's citation to *Silvers v. Sony Pictures Ent., Inc.,* 402 F.3d 881 (9th Cir. 2005), does not help his cause. *Silvers* considered a pure legal question: whether the bare assignment of an accrued cause of action confers standing to sue under the Copyright Act (it does not). Standing in a copyright case is a question of law. *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982 (9th Cir. 2017). Not so here. The question Bad Bunny poses is purely factual question, he does not take issue with governing law. Additionally, Bad Bunny attributes a false quote to *Silvers*: the quoted language "must be one of law and not fact, and . . . must 'materially affect the outcome of litigation in the district court" (Dkt. 842 at 14) appears nowhere in *Silvers*.

Bad Bunny disingenuously claims his question is rooted in what the Court's Order "effectively determin[ed]" (Dkt. 842 at 13). Nonsense. This Court did not make any findings on "whether a copyright plaintiff may establish a protectable selection and arrangement by combining elements drawn across more than one separately registered work where the claimed combination exists in no single work the plaintiff owns" (*id*. at 14), and "[t]his court cannot certify for appeal an issue that was not decided by this court in the first place" (*see El Dorado Irrigation Dist. v. Traylor Bros., Inc.*, 2005 WL 3453913, *2 (E.D. Cal. Dec. 16, 2005)). The question presented is simply improper.[7]

And Bad Bunny concedes that under no circumstances would interlocutory review end the whole case—at the very least, Plaintiffs' claims of unauthorized sampling of the *Fish Market* and/or *Pounder Dub Mix II* sound recordings survive. And tellingly, Bad Bunny cites no decision in a copyright infringement case where a court, after denying summary judgment on copyright originality and protectability, certified only the factual portion that decision for interlocutory appeal based on facts not found in that decision.

So owing, Bad Bunny's certification request fails at the first factor.

**2. Bad Bunny shows no substantial ground for difference of opinion**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*. Rather, this factor may be met "if the circuits are in disagreement and the court of appeals in which the district court sits has not decided the

---

[7] Bad Bunny's citation to *Cisco Sys. Inc v. Arista Networks, Inc.*, 2016 WL 4440239, at *3 (N.D. Cal. Aug. 23, 2016), is misplaced. There, the court found genuine disputes of material fact on originality of the compilation at issue because, unlike in this case, "Cisco has not presented evidence of where Cisco CLI comes from or how and when it was compiled" and "Cisco does not have a single copyright registration covering the compilation it calls the Cisco CLI." *Id*. The Court also stated, contrary to Bad Bunny's position, "This may not have been an issue if Cisco had presented evidence about how the Cisco CLI compilation was created but it did not" (*id*.); whereas here, the record reflects evidence about how the *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II* recordings and the *Dem Bow Riddim* were created (*see* Dkt. 841 at 38-39).

issue, the issue involves complicated questions of foreign law, or the issue is a novel and difficult one of first impression." *Cooper v. Tokyo Elec. Power Co., Inc.*, 166 F. Supp. 3d 1103, 1142 (S.D. Cal. 2015) (emphasis added).

The Ninth Circuit law cited in the Court's Order as the standard for analyzing originality and protectability (Dkt. 841 at 4-8) is consistent, settled, and binding. Bad Bunny does not dispute that the Ninth Circuit law controlling this case is clear. He does not demonstrate a single decision by another district court presenting a "substantial" ground for disagreement as to that controlling law. This case does not involve a situation where there is little or no case law. There is no intra-circuit conflict nor a circuit split.

Bad Bunny argues that "[w]hether selection-and-arrangement protection may rest on elements assembled across separate works" is a "novel and difficult question[] of first impression[.]" Dkt. 842 at 14. But, as set forth above, this Court has made no such finding ***and*** Plaintiffs' position is that the relevant selection and arrangement exists in all three works.

Bad Bunny nevertheless erroneously invokes *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011),[8] as cover for rehashing his failed summary judgment argument that the *Dem Bow Riddim* purportedly does not exist in *Fish Market*, *Dem Bow*, or *Pounder Dub Mix II* and his belief that the Court erred in not agreeing with him as a matter of law. Of course, "[t]he mere fact that a party strongly disagrees with a court's ruling is not a substantial ground for difference of opinion warranting certification." *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1224 (C.D. Cal. 2012); *Mann v. Cnty. of San Diego*, 2016 WL 245480, at *3 (S.D. Cal. 2016). Bad Bunny may be "convinced

[8] "*Reese*, however, presented novel and difficult issues of first impression, and it was in that context that the Ninth Circuit further explained that 'when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.' *Reese*, 643 F.3d at 688 (footnote omitted). Unlike *Reese*, the present action is not a matter of first impression and does not present any novel issues." *Spread Your Wings, LLC v. AMZ Grp. LLC*, 2020 WL 7122513, at *3 (N.D. Cal. Dec. 4, 2020).

that the Court got it wrong." *Envt'l Prot. Info. Ctr. v. Pac. Lumber Co.*, 2004 WL 838160, at *4 (N.D. Cal. 2004). That belief, though, "is not tantamount to disagreement" as required by Section 1292(b). *Id.* (internal quotations omitted). Were the rule otherwise, "nearly every judgment would give rise to an interlocutory appeal." *Id.* A conclusory assertion that this is some "novel and difficult[] question of first impression" does not pass muster.

Bad Bunny's certification request fails at the second factor as well.

**3. Interlocutory appeal would needlessly prolong resolution of this case**

Bad Bunny argues that a ruling on his question presented would narrow the scope of the litigation. Dkt. 842 at 14-15. But the high bar set by Section 1292(b) is a dealbreaker for Bad Bunny's certification request because immediate, piecemeal appeal of only a factual portion of the Court's Order would needlessly delay resolution of this case.

A party seeking certification of an interlocutory appeal must show that an immediate appeal "may materially advance the litigation rather than impede or delay its ultimate termination." *Cement*, 673 F.2d at 1026. A district court should not permit an interlocutory appeal where doing so would prolong litigation rather than advance its resolution. *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010); *Woodbury*, 263 F.2d at 787 ("Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation").

Certifying an appeal now would delay resolution of this case, not expedite it. As explained above, Bad Bunny concedes that interlocutory appeal would not dispose of the entire case. *Cf. Warm v. Innermost Ltd.*, 2022 WL 3449812, at *3 (C.D. Cal. June 13, 2022) (denying motion for certification: "Further, even if the Ninth Circuit were to reverse and eliminate the copyright issue, trademark and unfair competition claims remain, including the trademark counterclaim."). Bad Bunny's requested appeal also fails because it comes far too late in this case that has already been pending for five years. *See*

*id*. at *3 (denying motion to certify for interlocutory appeal portion of summary judgment order in part because of the procedural posture of the case).

After entry of final judgment, Bad Bunny will certainly ask the Ninth Circuit to review the originality and protectability of the composition of the *Dem Bow Riddim*, along with the losing side at trial seeking the Ninth Circuit's review of any further orders on dispositive motions, pretrial rulings, trial rulings, and the jury verdict. "[P]iecemeal and successive further appeals, whether after trial or beyond, would [not] be pragmatic or beneficial to the parties or the court system, particularly given the implicit gatekeeping function of the district courts under § 1292(b)." *Warm*, 2022 WL 3449812 at *3; *Valdovinos v. McGrath*, 2007 WL 2023505, at *4 (N.D. Cal. July 12, 2007) ("[O]ne party may take a second appeal, thus burdening the court of appeals with two appeals in the same case").

Furthermore, if the Court granted this motion, the Ninth Circuit granted review, and then affirmed this Court's decision, "the case will return to this Court in the same position in which it stands today," and after litigating the remaining elements of Plaintiffs' infringement claims "the parties will prepare for a [jury] trial that likely will require more time and resources . . . given that witnesses', counsel's, and the Court's familiarity with the case will erode." *See Carroll Shelby Licensing, Inc. v. Halicki*, 2023 WL 2347391, at *4 (C.D. Cal. Jan. 30, 2023) (denying motion to certify interlocutory appeal). An appeal of originality and protectability, and a subsequent appeal of further dispositive motions, pretrial rulings, trial rulings, and the jury verdict, would not materially advance this litigation. *See Warm*, 2022 WL 3449812, at *4.

Bad Bunny's argument that interlocutory appeal will conserve resources *if* he prevails is the very type of speculative, outcome-determinative argument that is insufficient to satisfy this factor *precisely because* it is theoretical. *See Getz v. Boeing Co.*, 2009 WL 3765506, at *2 (N.D. Cal. June 16, 2009) (denying motion to certify order for interlocutory appeal: "[A]n interlocutory appeal, if successful, would likely advance the ultimate termination of this litigation. This is true anytime a case-dispositive motion

is denied."). Plus, the other side of Bad Bunny's "if," which he appears to largely ignore, is that if his "appeal were to fail, the termination of the litigation would be delayed, and the Court of Appeals would be burdened with a second appeal." *See Getz*, 2009 WL 3765506 at *2. In short, "there are too many 'ifs' required[.]" *Warm*, 2022 WL 3449812, at *4.

Consequently, Bad Bunny's certification request fails the third factor. It will delay the resolution of the rest of this case, increase the risk and magnitude of wasted time and resources spent on reviewing Ninth Circuit authority that is not subject to reasonable dispute, and result in piecemeal appeals. *Cf. U.S. Rubber Co v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (vacating order granting interlocutory appeal).

* * *

Bad Bunny does not satisfy any of Section 1292(b)'s factors. This Court should deny his motion[9] so the parties can proceed to the infringement phase of this case.

## III. CONCLUSION

Bad Bunny has made no manifest showing of a failure to consider material facts presented to the Court. His dissatisfaction with the result of his summary judgment motion is "hardly a basis for the . . . sly (and annoying) request for reconsideration." *See Device Inc. v. Korean Broad. Sys.*, 2025 WL 1720196, at *3 (C.D. Cal. May 9, 2025). And his Section 1292(b) pitch—though framed in the language of the statute ("controlling question of law," "substantial grounds for difference of opinion," etc.)—"simply takes issue with the court's summary-judgment holding. Beyond that, [he] do[es] not show that this is the sort of 'exceptional' case that should be reviewed now, rather

[9] If this Court is inclined to grant the motion, any stay should only be granted if the Ninth Circuit actually accepts Line's requested appeal. *See Cement*, 673 F.2d at 1026 (if the district court includes findings on Section 1292(b)'s three factors in its order, the circuit court will then determine "whether the district court has properly found that the certification requirements of [§ 1292(b)] have been met," and whether it will, in its discretion, permit the appeal); *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 966 (9th Cir. 1981) (stating Section 1292(b)'s "mechanism permits the Court of Appeals to protect its docket by determining for itself whether to accept the issue for review").

than follow the normal course of full disposition and unitary appeal." *See Tsyn*, 2016 WL 1718139 at *4. This Court should deny this motion.

Respectfully submitted,

Dated: July 24, 2026 By: <u>*/s/ Scott Alan Burroughs*</u>
Scott Alan Burroughs, Esq.
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiffs*

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 6,089 words, which complies with the word limit of L.R. 11-6.

Dated: July 24, 2026 By: <u>*/s/ Benjamin F. Tookey*</u>
Benjamin F. Tookey, Esq.