Kenneth D. Freundlich (SBN 119806)
Jonah A. Grossbardt (SBN 283584)
Hugh H. Rosenberg (SBN 360544)
FREUNDLICH LAW, APC
16133 Ventura Boulevard, Suite 645
Encino, CA 91436
P: (310) 275-5350
F: (310) 275-5351
E-Mail: ken@freundlichlaw.com
jonah@freundlichlaw.com

Attorneys for Defendants RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC and BENITO ANTONIO MARTINEZ OCASIO P/K/A BAD BUNNY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CLEVELAND CONSTANTINE BROWNE., an individual, et al.

Plaintiffs,

RODNEY SEBASTIAN CLARK DONALDS, an individual, et al.,

Defendants.

**CASE NO. 2:21-cv-02840-AB-AJR**

***Assigned To: Hon. Andre Birotte Jr.***

**REPLY IN FURTHER SUPPORT OF**

**RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC AND BENITO ANTONIO MARTÍNEZ OCASIO P/K/A BAD BUNNY MOTION FOR (i) RECONSIDERATION OF THE COURT'S JULY 1, 2026, ORDER (DKT. No 841) OR (ii) FOR CERTIFICATION OF THE ISSUE FOR IMMEDIATE APPEAL TO THE NINTH CIRCUIT**

**PURSUANT TO LOCAL RULE 7-18 AND 28 U.S.C. § 1292(b)**

**Date:** **Aug. 14, 2026**
**Time:** **10:00 a.m.**
**Courtroom:** **7B, 7th Floor**

**TABLE OF CONTENTS**


INTRODUCTION .....5

I. THE MOTION IS PROPERLY BEFORE THIS COURT AND IS NOT A REHASH .....7

II. THE PATTERN PLAINTIFFS PLEADED (SAC ¶ 188) IS NOT IN THE COMPOSITION .....9

III. NO SINGLE WORK PLAINTIFFS OWN CONTAINS BOTH THE TAMBOURINE AND TIMBALE ELEMENTS DEPICTED IN SAC ¶ 188 .....11

IV. THE LAW DOES NOT LET A PLAINTIFF BUILD ITS WORK IN THE COMPLAINT .....11

V. IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THE QUESTION .....13

CONCLUSION .....14

# TABLE OF AUTHORITIES

**Cases**

*Cisco Sys., Inc. v. Arista Networks, Inc.*, 2016 WL 4440239 (N.D. Cal. Aug. 23, 2016) .......... 12

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001) .......... 7

*Corbello v. Valli*, 974 F.3d 965 (9th Cir. 2020) .......... 13

*Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010) .......... 13

*Gray v. Hudson*, 28 F.4th 87 (9th Cir. 2022) .......... 8, 10, 12, 13

*Hoffman v. Tonnemacher*, 593 F.3d 908 (9th Cir. 2010) .......... 7

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022) .......... 13

*Kroencke v. Gen. Motors Corp.*, 270 F. Supp. 2d 441 (S.D.N.Y. 2003) .......... 12

*Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004) .......... 10

*Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011) .......... 13

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) .......... 8

*School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) .......... 7

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc) .......... 8, 11, 12

*Wolk v. Green*, 516 F. Supp. 2d 1121 (N.D. Cal. 2007) .......... 7

**Statutes**

28 U.S.C. § 1292(b) ........................................ 5, 13

**Rules**

Fed. R. Civ. P. (pleading requirements) ........................................ 10

L.R. 7-18 ........................................ 1, 6

L.R. 11-6 ........................................ 14

## INTRODUCTION

More than five years into this litigation, Plaintiffs still cannot name the single musical composition they own that contains the two-bar pattern they drew in their Second Consolidated Amended Complaint ("SAC") at paragraph 188 (Dkt. No. 305) and hold out as their protected Work. They cannot name it because that pattern is not a song. It is a picture assembled for this lawsuit.

By their own admissions, the tambourine line and the timbale roll never coexist in a single contiguous passage of any work they own as a composition. That is not a case-management detail to be sorted out later in discovery. It is the absence of the very thing Plaintiffs must own before they can sue, and it requires dismissal of the compositional claim now, before the parties litigate over a thousand comparisons against a work that does not exist.

The Motion asks a simple question: what is the existing Work this case is based on? In Opposition, Plaintiffs do not answer the question and instead respond to the request to name their existing Work by changing the name of their claim. They now call it "the Dem Bow Riddim" and say it "is in all three works." Opposition at 4 (Dkt. No. 855). But they concede the Motion by claiming that "Pounder" uses the riddim "just omitting the tambourine and excerpting a two-bar timbale loop from Fish Market." Opposition at 8. "Omitting the tambourine" means "Pounder" is missing the element they call essential." Excerpting a two-bar timbale loop" means the loop is a cut from "Fish Market," not a passage of it. Plaintiffs have described, in their own brief, a work that exists nowhere in one piece.

Plaintiffs admit the timbale line was "taken from two different segments of 'Fish Market'" that sit 22 bars apart. Transcript at 47, 64. The steady timbale roll in the picture was not written by Plaintiffs at all; it was added later, in the "Pounder (Dub Mix II)" sound recording ("Pounder"), the one work whose composition Plaintiffs concede they do not own. And Plaintiffs' own Opposition (the

"Opposition") admits that "Pounder" drops the tambourine they call essential. The rhythm the SAC depicts thus exists in no single work Plaintiffs own, and there is no work here to compare against the more than 1,800 accused songs.

The Court should therefore reconsider its July 1, 2026, Order (Dkt. No. 841) (the "Order"), hold on the undisputed record that Plaintiffs do not own a single work embodying the claimed selection and arrangement, and dismiss the compositional infringement claim. At the very least, before this case proceeds one step further, the Court should order Plaintiffs to identify the single registered work, and the single contiguous passage within it, that contains the pleaded combination in one place. They cannot do it. In the alternative, the Court should certify the question under 28 U.S.C. § 1292(b).

This issue is not a “battle of the musicologists.” It is a question the Court answers by reading the registrations and Plaintiffs' own admissions. The Court identified the issue at the hearing and put it squarely to Plaintiffs: "I think there's no single work that contains all of the 'Fish Market' elements. So how do you reconcile that with the notion that we need to have a coherent pattern? It seems to be problematic." Transcript at 11. That observation was correct, and it was dispositive. Yet the Order went on to decide only whether the elements are original and never answered the antecedent question the Court itself had flagged, whether any single work Plaintiffs own contains those elements together. The Court should reach it now and dismiss the compositional claim, before the parties spend years and millions of dollars trying to compare over 1,800 accused songs to a work that does not exist.

## I. THE MOTION IS PROPERLY BEFORE THIS COURT AND IS NOT A REHASH

Plaintiffs call this a rehash. It is the opposite, and their "implicit rejection" authorities prove the point. A court impliedly rejects an argument only when it passes over one that it considered. Here the Court did not pass over the single-work question. It raised the question itself and called the answer "problematic." Transcript at 11. An issue the Court flagged and left expressly unresolved is not an issue it silently rejected. The implicit-rejection doctrine Plaintiffs invoke applies to arguments a court silently passed over in resolving a motion, not to an antecedent element the Court expressly identified as "problematic" and left for another day. The motion does not ask the Court to reweigh a single expert or to revisit its originality ruling. It asks the Court to decide the one question the Order reserved, on facts that are not in dispute. Indeed, the Order's denial of summary judgment rested entirely on "genuine disputes of material fact regarding the identification, characterization, and protectability of the Fish Market Elements" that are "driven almost entirely by competing expert analyses." Order at 40. Whether Plaintiffs own any single work that embodies those elements together is not an expert question at all, and the Order never reached it.

Reconsideration is available on "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18(c). That is what happened here. The Court's own Statement of Undisputed Facts recited the dispositive facts. It found that "Pounder" is a later replay that "omit[s] certain elements present in 'Fish Market,' such as certain melodic or auxiliary percussion components," Order at 38, and that Plaintiffs own "Pounder" only as a sound recording, not as a composition, Order at 39. The Order set those facts down for background and then never connected them to the question whether any single owned work contains the pleaded combination. To recite material facts while

overlooking their dispositive significance is to fail to consider them within the meaning of the Rule.

The Court also supplied the governing standard and then did not apply it. The Order holds that, to prevail, Plaintiffs "must own a valid copyright and prove copying of original constituent elements from that work." Order at 6. The Order likewise recited the controlling selection-and-arrangement standard: "what a selection and arrangement copyright protects is the particular way in which the artistic elements form a coherent pattern, synthesis, or design." Order at 7. Ownership of a single work that embodies the claimed combination, forming that coherent pattern in one place, is therefore an element of Plaintiffs' own prima facie case, not a detail to be deferred to a later phase. The Order never made that finding, as to any work.

The Court's power to fix this is settled, and the reasons to use it are compelling. A denial of summary judgment stays open and may be revisited "at any time." *Hoffman v. Tonnemacher*, 593 F.3d 908 (9th Cir. 2010). That power is inherent and lasts until final judgment. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001). Reconsideration exists precisely to correct clear error and to prevent manifest injustice. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993); *Wolk v. Green*, 516 F. Supp. 2d 1121 (N.D. Cal. 2007).

The injustice of leaving the Order undisturbed is concrete, not abstract. It would force over 160 defendants into discovery concerning over 1,800 allegedly infringing songs, subjecting them to years of substantial-similarity litigation and millions of dollars in fees, all measured against a "work" that no registration contains and that Plaintiffs' own client and experts admit was assembled for this lawsuit. The Court raised this problem at the outset. It can end it now.

## II. THE PATTERN PLAINTIFFS PLEADED (SAC ¶ 188) IS NOT IN THE COMPOSITION "FISH MARKET" PLAINTIFFS CLAIM TO OWN

Plaintiffs' complaint reproduces a two-bar chart, labels its instruments in tiers, and holds it out as "Fish Market." The chart does not match the composition *Fish Market* which Plaintiffs allege to own SAC ¶¶180, 188. The name is chosen to obfuscate the truth of the matter, which is that Plaintiff does not own the work depicted in the complaint because it does not exist. It is the reason Plaintiffs refuse to identify a single Work that is allegedly infringed, instead relying on a Frankenstein song assembled from parts of three others.

There are two components of the rhythm at issue in the alleged selection and arrangement, the timbale line and the tambourine line. For a selection and arrangement of otherwise unprotectable elements to be protectable at all, those elements must be "numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship," and the combination must be one the authors actually created in a work they own, not a set of parts assembled after the fact. *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003); *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074-76 (9th Cir. 2020) (en banc). Where the claimed combination collapses to a mere handful of elements, the protection is thin, and the Court must not permit a monopoly over commonplace building blocks. *Gray v. Hudson*, 28 F.4th 87, 101-02 (9th Cir. 2022). Plaintiffs have conceded the rest away: they have "never taken the position that … each individual item in isolation … would be entitled to copyright protection," Transcript at 11, and that "the kick on its own, the hi-hat on its own is not compositionally protectable. We have not claimed that." Transcript at 57. Here, after those concessions, only these two elements remain, and for the claim to survive both must exist together in a single work Plaintiffs' own. They do not.

Plaintiffs' own words prove it, and the Court need not resolve any expert dispute to see it. In their Opposition, Plaintiffs admit that "Pounder" uses the claimed riddim "just omitting the tambourine and excerpting a two-bar timbale loop from Fish Market." Opposition at 8. That sentence is dispositive. The tambourine, one of the two elements Plaintiffs say make the arrangement original is, by their own admission, absent from "Pounder," and the drawn two-bar timbale loop is by their own account, an "excerpt[]" of "Fish Market," not a passage that appears in it. The two elements that must carry the claimed originality therefore never sound together in any one work Plaintiffs own which the Court can decide on the admissions and the registrations alone.

The record only confirms it. Browne admitted the two-bar figure was "taken from two different segments of 'Fish Market'" that sit 22 bars apart, "not one contiguous two-measure timbale pattern," Transcript at 47, 64, and the steady end-of-bar roll the chart depicts was "added" for the "Pounder" recording and appears nowhere in "Fish Market," where the timbale roll sounds only five times in the entire song and never in the back-to-back bars the chart depicts. Marshall Rpt., Dkt. No. 706-21, at 19; Ferrara Rpt., Dkt. No. 786-2, at 11. Plaintiffs' experts did not even transcribe the real recording; they worked from files their client "recreated" in 2021 that "include things that don't exist in the actual 'Fish Market' deposit copy." Transcript at 88-89. The picture depicts no song that exists.

The patent deficiency of Plaintiffs' case as currently constituted is emphasized by their concession that ***__at some point in the future__*** they "will of course be required to specify (through written discovery, depositions, and/or expert discovery) which portions of *Fish Market*, *Dem Bow*, and/or *Pounder Dub Mix II*" they contend have been infringed. (Opp. p. 7 n. 4). This proposition makes nonsense of the pleading requirements of the Federal Rules of Civil Procedure,

which requires a Plaintiff to specify his, her or its claim, not to conceal it or misrepresent it so that it can be manipulated later as the evidence may dictate.

## III. NO SINGLE WORK PLAINTIFFS OWN CONTAINS BOTH THE TAMBOURINE AND TIMBALE ELEMENTS DEPICTED IN SAC ¶188

The two elements pull in opposite directions, and no owned work holds both. The drawn two-bar timbale loop sounds as drawn only in the "Pounder" sound recording, the one work whose composition Plaintiffs concede they do not own. Order at 39. That is fatal because a sound recording and the composition beneath it are "separate works with their own distinct copyrights," and what lives only in a recording cannot be imported into a composition claim. *Newton v. Diamond*, 388 F.3d 1189, 1193-94 (9th Cir. 2004); *Gray v. Hudson*, 28 F.4th 87, 96-97 (9th Cir. 2022). The tambourine seals it from the other side because Plaintiffs' own counsel admitted that "Pounder" has "no tambourine," and that this is “undisputed." Transcript at 57. So, the works Plaintiffs own as compositions, "Fish Market" and "Dem Bow", each have a tambourine line, but not the drawn timbale loop, while "Pounder," the only work with the loop, has no tambourine and is not a composition Plaintiffs own. No single owned work contains the combination they pleaded.

Plaintiffs' rejoinder that the loop is "a two-bar excerpt taken from Fish Market" that is "covered by the Fish Market composition" (Opposition at 6) only confirms the point: a composition copyright is "limited by the deposit copy," and the end-of-bar roll that defines the drawn loop is a "Pounder" recording element outside it. *Skidmore*, 952 F.3d at 1063-64. In all events, an excerpt stripped of the tambourine is not the combination Plaintiffs claim.

## IV. THE LAW DOES NOT LET A PLAINTIFF BUILD ITS WORK IN THE COMPLAINT

The facts end this claim. The law confirms it.

The *en banc* Ninth Circuit drew the line that governs here. Only a "new" combination the authors actually created qualifies, and a plaintiff "cannot establish substantial similarity by reconstituting the copyrighted work as a combination of unprotectable elements." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1074-76 (9th Cir. 2020) (*en banc*). A two-bar chart that exists only in the complaint, spliced together from non-adjacent measures and files recreated for the case, is that forbidden reconstruction. Nor can Plaintiffs salvage the claim by assembling it across three separate registrations rather than within a single work: the Copyright Act protects a "work" in the singular, and courts reject efforts to prove a claim by aggregating separate works that bear little relation to one another. *See Kroencke v. Gen. Motors Corp.*, 270 F. Supp. 2d 441, 443-44 (S.D.N.Y. 2003) (rejecting the theory that a defendant infringed "some copyrightable aspect common to all seven of her works when those works are viewed in the aggregate"). Courts decline to recognize a claimed compilation that is "a creature of its litigation strategy" rather than something its authors actually created. *Cisco Sys., Inc. v. Arista Networks, Inc.,* 2016 WL 4440239 (N.D. Cal. Aug. 23, 2016); see Transcript at 30. That describes this chart exactly, for Plaintiffs' own witness admits it was recreated in 2021 for this case.

Whether the claimed work exists is the Court's question, not the jury's. The objective side of a copyright claim "is often resolved as a matter of law," and the Court must confirm that the claimed work is "legally sufficient to serve as the basis of a copyright infringement claim regardless of the jury's views." *Gray v. Hudson*, 28 F.4th 87 (9th Cir. 2022). The Court performs that gatekeeping before anything goes to a jury. *Corbello v. Valli,* 974 F.3d 965 (9th Cir. 2020).

## V. IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THE QUESTION

If the Court is not prepared to grant reconsideration, the same question is a clean candidate for interlocutory appeal under 28 U.S.C. § 1292(b). Taking Plaintiffs' own account of the record as given, the controlling question is purely legal: may a plaintiff hold and enforce a protectable selection and arrangement that appears in no single work it owns as a composition, but only across three separate registrations, one of which it holds solely as a sound recording? That turns on the registrations and pleadings, not on any fact a jury must find. *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125 (9th Cir. 2022). It is novel, and a substantial ground for difference of opinion exists where reasonable jurists could disagree, not only where they already have. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681 (9th Cir. 2011); *Couch v. Telescope Inc.*, 611 F.3d 629 (9th Cir. 2010). Deciding it now, before over 160 defendants are put to a substantial-similarity trial against over 1,800 accused songs, would "appreciably shorten the time, effort, or expense" of the case. *ICTSI supra*. Defendants ask for certification only if the Court declines to reconsider.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court: (1) reconsider its July 1, 2026 Order and hold, on the undisputed record, that Plaintiffs do not own a single copyrighted work embodying the claimed selection and arrangement, and dismiss the compositional infringement claim; or, in the alternative, (2) before permitting the compositional claim to proceed to discovery, order Plaintiffs to identify, by copyright registration number and by a single, contiguous location in the "Fish Market" deposit copy, the two consecutive bars that contain all of the pleaded elements together, including both the tambourine line and the regular end-of-bar timbale roll depicted at SAC ¶ 188; or, in the further alternative, (3) certify the controlling question for immediate appeal under 28 U.S.C. § 1292(b).

Dated: July 31, 2026

FREUNDLICH LAW

BY: /s/ Kenneth D. Freundlich
Kenneth D. Freundlich
Jonah A. Grossbardt
Hugh H. Rosenberg
Attorneys for Defendants
RIMAS ENTERTAINMENT LLC
erroneously sued as RIMAS MUSIC, LLC
and BENITO ANTONIO MARTINEZ
OCASIO P/K/A BAD BUNNY

The Undersigned counsel of record for Defendants RIMAS ENTERTAINMENT LLC erroneously sued as RIMAS MUSIC, LLC and BENITO ANTONIO MARTINEZ OCASIO P/K/A BAD BUNNY, certifies that this brief contains 2,890 words, which complies with the work limit of L.R. 11-6.

Dated: July 31, 2026

By: */s/ Kenneth D. Freundlich*
Kenneth D. Freundlich