Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RODNEY SEBASTIAN CLARK DONALDS, *et al.* <br><br> Defendants. | Case No. 2:21-cv-02840-AB- AJR <br> *Hon. André Birotte Jr. Presiding* <br><br> **OBJECTION TO AND REQUEST TO STRIKE DEFENDANT'S NEW ARGUMENT RAISED FOR THE FIRST TIME ON REPLY, OR ALTERNATIVELY FOR LEAVE TO FILE A SUR-REPLY** <br><br> Date:      Aug. 14, 2026 <br> Time:      10:00 a.m. <br> Courtroom:   7B |

- 1 -

OBJECTION TO AND REQUEST TO STRIKE
DEFENDANT'S NEW ARGUMENT RAISED FOR THE FIRST TIME ON REPLY

## MEMORANDUM OF POINT AND AUTHORITIES

The general rule is that a moving party must raise all of its legal arguments in its moving brief, rather than in reply. *Perez-Farias v. Glob. Horizons, Inc.*, 2009 WL 10690337, at *1 (E.D. Wash. Nov. 12, 2009). Otherwise, "absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new arguments. It is simply a matter of fairness." *Id*. Thus, courts "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Griggs*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

Here, Defendant Benito Ocasio p/k/a "Bad Bunny" improperly argues for the first time in his reply (Dkt. 857) that "Plaintiffs' experts did not even transcribe the real recording; they worked from files their client 'recreated' in 2021 that 'include things that don't exist in the actual "Fish Market" deposit copy.'" *Id*. at 10; *see also id*. at 12 (alleging that "A two-bar chart that exists only in the complaint, spliced together from non-adjacent measures and files recreated for the case, is that forbidden reconstruction" and that "Plaintiffs' own witness admits it was recreated in 2021 for this case"). This argument is nowhere in Bad Bunny's motion (Dkt. 842), and there is no justification for him withholding it until reply.

This is especially so given that, tellingly from his lack of evidentiary citations in support of that argument, Bad Bunny grossly misrepresents the record in this case, misrepresentations he did not make in his affirmative motion because he never raised the above argument. Indeed, the words "files" and "recreated" are never even used in the affirmative motion.

By (seemingly purposefully) waiting until the reply, Bad Bunny has deprived Plaintiffs of a full and fair opportunity to respond to this new argument. Because Bad Bunny's new argument "should have been included in the initial brief" yet was raised for the first time on reply, "as a matter of fairness, the Court should strike [his] new

argument[.]” *See Miller v. Boilermaker-Blacksmith Nat'l Pension Tr.*, 2021 WL 6246625, at *2 (E.D. Wash. May 20, 2021).

Alternatively, this Court “should permit [Plaintiffs] to file [a] sur-reply brief[.]” *See id.*; *see also McGechie v. Atomos Ltd.*, 2023 WL 2918681, at *1 (E.D. Cal. Apr. 12, 2023) (“[D]efendant's reply appears to raise new arguments . . . . [P]laintiff has stated good cause for the filing of a sur-reply.”); *Jordan v. Terhune*, 2009 WL 276764, *3 (E.D. Cal. Feb. 5, 2009) (citing *El Pollo Loco. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003)) (“[W]hen a party has raised new arguments . . . in a reply to an opposition, the court may permit the other party to counter the new arguments[.]”); *Ioane v. C.I.R.*, 2010 WL 2600689, *3 (D. Nev. Mar. 11, 2010) (“Because Plaintiff's reply raised issues not in his initial motion, the Court grants Defendant leave to file a surreply and will consider Defendant's arguments raised in its surreply”).

Plaintiffs' sur-reply, if allowed, will be “limited to addressing” why Bad Bunny's improper new argument fails. *See Miller*, 2021 WL 6246625 at *2. As an offer of proof, Plaintiffs provides the following:

First, this improper new argument surreptitiously seeks reconsideration of the Court's denial of Defendants' motion to exclude Plaintiffs' experts,'[1] denial of Defendants' evidentiary objections,[2] and prior denial of Defendants' motion to strike Plaintiffs' experts' testimony under Rule 37(c).[3]

---

[1] Dkt. 841 at 9-13, 13-16, and 16-19 (denying “Judith Finell Motion to Exclude,” “Peter Ashbourne-Firman *Daubert* Motion,” and “Kenneth Bilby *Daubert* Motion” making this argument).

[2] *Id.* at 37 n.1 (“Any objections to evidence relied on herein are overruled. All other objections are overruled as moot.”).

[3] Dkt. 826 (denying “Defendants' Motion to Strike Untimely and Contradictory Expert Declarations” alleging, again wrongly, that “Finell relied upon these fake ‘stems' . . . in providing her opinions in her report”).

- 3 -

Second, the improper new argument is a flat-out misrepresentation. The record this Court considered in issuing its Summary Judgment Order shows, *inter alia*, that Plaintiffs' experts reviewed, described, and/or transcribed the *Fish Market*/*Dem Bow* and *Pounder Dub Mix II* deposit copies in opining that the composition of the *Dem Bow Riddim* is expressed in each. For example:

1) Judith Finell testified that, upon "reviewing, describing, and transcribing the composition of the particular selection and arrangement at issue," "I concluded, as expressed in my affirmative report submission, that the selection and arrangement of the kick drum pattern, snare drum pattern, hi-hat pattern, low 'tom' drum pattern, timbales pattern, tambourine pattern, and bassline in *Fish Market* . . . is original," that the "rhythmic and pitch-based accompaniment of *Dem Bow* constitutes the same compositional expression, "that *Pounder Dub Mix II*, while it omits the tambourine and contains only portions of the timbales pattern in *Fish Market*, otherwise incorporates the same selection and arrangement of interlocking elements as in *Fish Market*," and "that *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II* share such a high degree of correlation that the *Fish Market* composition (i.e., the relevant portions for this analysis) is expressed in *Pounder Dub Mix II*." Dkt. 749 at ¶¶ 12, 14, 16.

2) Dr. Kenneth Bilby testified that after he "analyzed *Fish Market* and filtered out elements that were not part of the particular combination being considered as existing in *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II*," "I concluded, as expressed in my affirmative report, that the particular combination of the kick drum pattern, snare drum pattern, hi-hat pattern, low 'tom' drum pattern, bassline, tambourine pattern, and timbales pattern in *Fish Market* and *Dem Bow*, and the same combination in *Pounder Dub Mix II* (omitting the tambourine pattern and excerpting selected portions of the timbales pattern from *Fish Market*), is original." Dkt. 745 ¶¶ 3-5.

- 4 -

3) Mr. Peter Ashbourne-Firman testified that after being asked to "review *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II*, transcribe them, determine whether they share a particular selection and arrangement of elements, and then determine whether that particular selection and arrangement of elements is original," he provided "full transcriptions of *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II*"; and concluded that "*Dem Bow* and *Pounder Dub Mix II* share the same composite," that "The combination as embodied in *Pounder Dub Mix II* does not include the tambourine pattern," that "*Pounder Dub Mix II* was a remake of *Fish Market* (as embodied in *Dem Bow*) with a digital and quantized (and thus simplified) recreation of portions of the timbale pattern," that "the above-referenced particular combination of elements featured in *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II* is original in its selection and arrangement . . . with and without inclusion of the tambourine pattern, and notwithstanding the lack of total congruence between the entirety of the timbale patterns in *Fish Market* and *Pounder Dub Mix II* (since the relevant portions of the timbale pattern is captured across the three works)." Dkt. 743 ¶¶ 6-11.

4) And even Plaintiff Browne testified based on his personal knowledge that "The *Dem Bow* composition is identical to the *Fish Market* composition, as *Dem Bow* uses the same multitrack recording as *Fish Market*," and that "*Pounder Dub Mix II copies*, virtually identically, the particular selection and arrangement of kick, snare, hi-hat, low 'tom' drum, timbale (specifically, the relevant portions of *Fish Market*'s timbale pattern, meaning there are portions of *Fish Market*'s timbale pattern that were not replayed/covered in *Pounder Dub Mix II*), and bass patterns as in *Fish Market* and *Dem Bow*" and "is thus a derivative work of *Fish Market* and *Dem Bow* and embodies the *Fish Market* composition." Dkt. 750 ¶¶ 16, 18. He also testified that "The relevant portions of *Fish Market*'s timbale pattern occur at approximately time markers 0:02-0:07, 0:30-0:35, 1:18-1:23, and 2:06-2:11 of *Fish Market*." *Id*. ¶ 11.

OBJECTION TO AND REQUEST TO STRIKE
DEFENDANT'S NEW ARGUMENT RAISED FOR THE FIRST TIME ON REPLY

Tellingly, Bad Bunny's improper new argument is devoid of any evidentiary citations, instead mustering only a single citation to a portion of a hearing transcript of Defendants' argument (*see* Dkt. 857 at 10).

And third and finally, Bad Bunny's improper new argument rehashes summary judgment arguments in violation of L.R. 7-18. In considering that same argument on summary judgment, the Court held that "Defendants' criticisms thus amount to a disagreement with [Plaintiffs' experts'] identification and characterization of the relevant musical features, as well as the legal premises informing [their] analysis" (Dkt. 841 at 15), which is why this Court then held that "summary judgment in favor of either side is inappropriate" because the very dispute Bad Bunny's new argument repeats "turn[s] on conflicting expert testimony that the Court may not weigh" (*id*. at 41-42).

Based on the foregoing, Bad Bunny's improper new argument should be stricken or rejected, or alternatively Plaintiffs should be permitted to file a sur-reply to address it.

Respectfully submitted,

Dated: July 31, 2026                    By:    */s/ Stephen M. Doniger*
                                              Stephen M. Doniger, Esq.
                                              Scott Alan Burroughs, Esq.
                                              Benjamin F. Tookey, Esq.
                                              DONIGER / BURROUGHS
                                              *Attorneys for Plaintiff*

## L.R. 11-6.2. Certificate of Compliance

Counsel for Plaintiffs certifies that this brief complies with the type-volume limitation of L.R. 11-6.1, contains fewer than 7,000 words, and complies with the word limit of L.R. 11-6.

Dated: July 31, 2026                    By:    */s/ Benjamin F. Tookey*
                                              Benjamin F. Tookey, Esq.
                                              DONIGER / BURROUGHS
                                              *Attorneys for Plaintiff*

OBJECTION TO AND REQUEST TO STRIKE
DEFENDANT'S NEW ARGUMENT RAISED FOR THE FIRST TIME ON REPLY