Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLEVELAND CONSTANTINE BROWNE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RODNEY SEBASTIAN CLARK DONALDS, *et al.*<br><br>Defendants. | Case No. 2:21-cv-02840-AB- AJR<br>*Hon. André Birotte Jr. Presiding*<br><br>**PLAINTIFFS' AND DEFENDANTS' SEPARATE PROPOSED PLANS REGARDING CASE ADMINISTRATION**<br><br>Requested Sched. Conf.: Sept. 4, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7B |

Pursuant to the Order Granting Stipulation Re: Case Administration (Dkt. 143), Plaintiffs and Defendants hereby provide the Court with their respective proposals for the further administration of this case:

# I. PLAINTIFFS' PROPOSAL

## A. Phase 2 should orderly complete discovery, motion practice, and trial on the remaining elements of and defenses to liability for copyright infringement

The next phase of this case should resolve the remaining liability issues (i.e., ownership of valid copyright, access and substantial similarity, and defenses), after which any/all surviving claims will enter a third phase to address damages on those works found to infringe Plaintiffs' compositional or sound recording copyrights.[1]

Plaintiffs' proposal is consistent with the parties' stipulation, and the Court's order, regarding phasing—Defendants' is not. The parties stipulated to, and the Court ordered, an initial phase of "limited fact and expert discovery concerning whether Plaintiffs' claimed works and/or portions thereof possess sufficient originality of authorship and are otherwise protectable under copyright law, and (b) limited summary judgment motions solely on these issues. No additional discovery or other case activities shall proceed pending the full adjudication of any and all such limited summary judgment motions." Dkt. 143 at 1-2. The parties further stipulated, and the Court ordered, that

> Within sixty (60) days of the aforesaid full adjudication, if the Court has not dismissed the totality of the FCAC or SCAC, it shall hold a Scheduling Conference with the remaining parties to discuss further phasing (e.g., standing/chain-of-title, access, substantial similarity, affirmative defenses, and damages phases), *inter alia*, and thereafter issue a Scheduling Order setting, *inter alia*, discovery and motion deadlines on a phase-by-phase basis. Prior to the Scheduling Conference, the parties shall meet and confer and submit a proposed discovery plan (including, but not limited to, a proposed case administration plan addressing further phasing) according to the timeframes (keyed off the date of the Scheduling Conference) and other

[1] The Court summarized the procedural posture of this case in its order denying summary judgment (Dkt. 841 at 4), which Plaintiffs incorporate by reference.

> requirements of Fed. R. Civ. P. 26(f), Local Rule 26, and the Court's (Standing) Order Setting Scheduling Conference.

*Id*. at 2.

The parties subsequently stipulated, and the Court ordered, that "Within 21 days of the Court's ruling on the aforementioned motions (assuming one or more claims survive), . . . the parties shall meet and confer and submit a joint proposed plan for the remainder of the case." Dkt. 427 at 2. In denying summary judgment, the Court ordered that, "as reflected in the Court's Order on Joint Report and Stipulation (Dkt. No. 427), the parties shall, within 21 days of this Order, meet and confer and submit a joint proposed plan ***for the remainder of the case***." Dkt. 841 at 44 (emphasis added). The parties then stipulated to, and the Court approved, continuing that deadline to August 21, 2026. Dkt. 856.

Plaintiffs propose that, commencing on October 2, 2026, the parties engage in a phase limited to discovery and motion practice on the remaining liability elements and defenses in the same manner as Phase 1, with a trial limited to liability to follow:

1. Fact discovery for this phase will end on August 2, 2027;
2. Initial expert disclosures shall be served by August 9, 2027;
3. Rebuttal expert disclosures shall be served by November 8, 2027;
4. Expert discovery for this phase will end on January 10, 2028;
5. Summary judgment practice shall proceed as follows:
    a. Defendants shall file any motions for summary judgment (the parties will meet and confer on and stipulate to page limits for each separately represented group of Defendants) on or before March 10, 2028;
    b. Plaintiffs shall file their oppositions and cross motions (the parties will meet and confer on and stipulate to page limit in advance) on or before May 5, 2028;
    c. Defendants shall file their replies (the parties will meet and confer on and stipulate to page limits for each separately represented group of Defendants) on or before June 2, 2028; and

d. Plaintiffs shall file their replies to any cross-motion(s) (the parties will meet and confer on and stipulate to page limit in advance) on or before June 30, 2028.

6. Summary judgment motions shall be set for hearing on August 11, 2028; and

7. Trial following Phase 2 shall be scheduled for late October or early November of 2028 based on the Court's schedule and availability.

**B. Defendants' proposal is improper, unnecessary, and unduly prejudicial**

Rather than propose a plan *for the remainder of the case* as required by this Court, Defendants request a procedurally dubious "hearing" on a "gating issue" they manufactured after summary judgment, and then a trial on the first phase only, to reargue the originality and protectability of the composition of the *Dem Bow Riddim*. That proposal would be a waste of time and should be rejected.

***First***, Defendants' proposal is improper because it reneges on and completely distorts the Case Administration Order. Defendants previously agreed, and the Court ordered, that after Phase 1 the parties would discuss "further phasing (e.g., standing/chain-of-title, access, substantial similarity, affirmative defenses, and damages phases)," and then abide by "a Scheduling Order setting, *inter alia*, ***discovery and motion deadlines on a phase-by-phase basis***." Dkt. 143 (emphasis added). Defendants now refuse to do so.

Defendants' call for in-person testimony to establish whether "any single Work" includes the compositional elements "as pleaded in the SCAC" is absurd on its face and a waste of time. Since the summary judgment submissions, this Court has had, among other evidence, the sworn expert testimony of Plaintiffs' expert Peter Ashbourne-Firman, who transcribed the entirety of the *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II* sound recordings showing that each includes the composition of the *Dem Bow Riddim*'s selection and arrangement of elements—including, and namely, the measures containing the two-bar timbale pattern. Dkt. 743 ⁋⁋ 7-11 (also cited and in Plaintiffs' MSJ, Dkt. 742 at 2-7). The Court also has had Plaintiff Cleveland Browne's testimony of the creation of that two-bar pattern and its existence in *Fish Market*, *Dem Bow*, and *Pounder Dub Mix II*. Dkt. 750

⁋⁋ 8-12, 16, 18. Defendants have offered (and there is) no new testimony, but merely point to already-considered, non-expert statements about the creation of the *Pounder Dub Mix II* sound recording to attempt to sew confusion.

Defendants' new "gating issue" is an attempt to rewrite the question addressed in Phase 1 and effectively relitigate summary judgment. As quoted above, the originality and protectability phase focused on "whether ***Plaintiffs' claimed works and/or portions thereof*** possess sufficient originality of authorship and are otherwise protectable under copyright law" (emphasis added). Defendants' reference to "any single Work at all as pleaded in the SCAC," their citationless proposition as to what is purportedly a court determination versus a jury determination, and their exclusion of the *Fish Market* and *Pounder Dub Mix II* sound recordings, is stated nowhere in the Case Administration Order.

Defendants cite no case approving their convoluted hearing-then-trial proposal.[2] This is because the authority in this Circuit cuts against it. For example, in *Williams v. Gaye*, 895 F.3d 1106, 1124–25 (9th Cir. 2018), the Ninth Circuit affirmed that "[t]he experts' quarrel over what was in the deposit copy was a factual dispute for the jury to decide" and that "the jury [] ma[de] a factual determination of what was in the deposit copy" based on, *inter alia*, "testimony from one or more witnesses from each side about what each thinks is shown on the deposit copy for each composition" as well as "recorded versions of each work that each side has prepared based on what each side contends is shown in the deposit copy"; and further affirmed the jury then determining whether "to consider them as protectable elements for purposes of the substantial similarity analysis."

---

[2] The two cases cited in support of Defendants' purported reservation to move for a "special master" or "advisor" provide them no support. The decision in *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091, 1096 (9th Cir. 2002) is factually inapt, the Ninth Circuit merely affirmed the district court's use of a "technical advisor to assist in evaluating Napster's compliance" with a "preliminary injunction." And Defendants' reliance on *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1213 (9th Cir. 2004), is misplaced, as Defendants' proposed role of a "technical advisor" to "advise the Court on whether such a single Work exists" would impermissibly influence and impinge upon the Court's role and ultimate findings under their own proposal, the very reason the Ninth Circuit vacated and remanded in that case.

Even in *Cisco Sys. Inc v. Arista Networks, Inc.*, 2016 WL 4440239, at *2-4 (N.D. Cal. Aug. 23, 2016), which Defendants have previously cited, the court denied all parties' summary judgment motions and the case proceeded on all elements of liability—i.e., "ownership of the copyright" and "cop[ying] protected elements of the plaintiff's work"—including the disputed issue of "whether the Cisco CLI, as one compilation, existed" where, factually unlike this case, "Cisco does not have a single copyright registration covering the compilation it calls the Cisco CLI. Rather, the Cisco CLI is composed of pieces drawn from 26 different copyright registrations covering Cisco's IOS." In line with this authority, in its order denying summary judgment, this Court held that "the governing legal standards" for adjudicating originality and protectability "incorporates aspects of both positions," referring to the "originality standard" going to the first element of Plaintiffs' copyright infringement claim (i.e., ownership of the copyright) and the "protectability & filtration doctrine" going to the "extrinsic test" prong of the second element of the claim (i.e., copying of original expression). Dkt. 841 at 4-8.

Here, Defendants' summary judgment motion was denied because, *inter alia*, Plaintiffs presented evidence that the composition embodied in the *Fish Market* sound recording embodies the same selection and arrangement of elements identified in the SCAC. *See* Dkt. 841 at 39-42. Defendants may wish to ignore that evidence and for this Court to not look at the experts' testimony, but those wishes do not justify giving them a second and third bite at the Phase 1 apple.[3] Liability "in this case—copyright infringement on a single [musical composition]" and two sound recordings owned by Plaintiffs—is "best resolved" in one fell swoop. *See Cranston Print Works Co. v. J. Mason Prod.*, 1998 WL

[3] Defendants cannot even keep their own position straight. On August 14, 2026, defense counsel told the Court that the dispute over what is contained in the deposit copy is purportedly "an objective fact" that expert testimony "has nothing to do with." 8/14/26 Hr'g Tr. 15:6–9. Yet Defendants now propose some amorphous, live-witness hearing and the appointment of a music-reading "Special Master" to "transcribe from a recording" and "advise the Court" (*see* Defendants' Proposal, below). That contradiction reveals what Defendants actually seek: another crack at litigating a disputed issue on the same evidence already in the record, just relabeled a "gating" bench proceeding to keep it from the jury.

799171, at *3 (S.D.N.Y. Nov. 13, 1998). And that is precisely Plaintiffs' proposal: complete discovery, motion practice, and trial on the remaining elements of liability.

As a result, Defendants' proposal is improper. Their "hearing" finds no basis in the Case Administration Order, the Federal Rules of Civil Procedure, or copyright law in this Circuit, and is a plain attempt to relitigate summary judgment in a different form. Defendants' proposed "hearing" would trench on Plaintiffs' right to a jury trial, and their proposed "trial" would necessitate successive liability trials in this case. There is no need for any of that suspect procedural maneuvering just because this case, like many (if not all) others, "raises successive, potentially dispositive issues." *See Ultimatepointer, L.L.C. v. Nintendo Co.*, 2014 WL 12304975, at *2 (W.D. Wash. Nov. 19, 2014).

***Second***, Defendants' proposal "would not streamline the issues for the second phase," it would needlessly multiply proceedings. *See Classical Silk, Inc. v. Dolan Grp., Inc.*, 2016 WL 7638112, at *3 (C.D. Cal. Mar. 21, 2016). As set forth above, (1) there is admissible expert testimony that the compositional elements comprising the *Dem Bow Riddim*'s selection and arrangement are in *Fish Market*, and (2) disputes over that fact are properly reserved for the jury. Defendants "hearing-then-trial" proposal to address what this Court already found to present a question of fact is not properly revisited merely because Defendants contend they have a strong chance of defeating Plaintiffs' compositional infringement claim (they do not). *See Title Cap. Mgmt., LLC v. Albertelli*, 2017 WL 5956841, at *2–3 (S.D. Fla. Oct. 18, 2017) ("While [defendant] contends it has a strong chance of defeating the copyright claim because the bid sheets are not valid copyrightable works, it could be mistaken. If this were the case, and the Court construed the copyright as valid and enforceable, discovery would effectively begin anew . . . . [S]uch a plan would lead to unnecessary delay.").

Under Defendants' proposal, if the hearing and trial result in findings and a verdict in favor of Plaintiffs, "the case will return to this Court in the same position in which it stands today" (*see Carroll Shelby Licensing, Inc. v. Halicki*, 2023 WL 2347391, at *4 (C.D. Cal. Jan. 30, 2023)), only significantly delayed: heading into discovery and a substantial

similarity analysis[4] on, at least with respect to Plaintiffs' infringement claims over the composition of the *Dem Bow Riddim*, how many elements were copied and in what selection and arrangement in Defendants' Works, and whether that copying constitutes copying of original expression. And because Plaintiffs' sound recording claims are proceeding no matter what, discovery and motion practice on substantial similarity comparing Plaintiffs' Works to Defendants' Works (i.e., at the very least, to confirm which contain samples) will be done no matter what. Therefore, Defendants' proposal will not "result in a significantly more efficient proceeding," it will just "lead to significant additional costs[.]" *See Gravity Defyer Corp. v. Under Armour, Inc.*, 2013 WL 12138987, at *3 (C.D. Cal. July 23, 2013).

***Third and finally***, Defendants cannot sweep under the rug the undue prejudice their proposal would cause Plaintiffs. This case has already been pending for five years and Plaintiffs' claims of infringement of the *Fish Market* and *Pounder Dub Mix II* sound recordings will proceed regardless of (and are excluded from) Defendants' improper hearing-then-trial proposal, which will result in successive liability trials. "[H]olding two trials, as opposed to one, will inevitably cause delay in resolution of the instant case" and thus prejudice Plaintiffs. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992) (denying request to separate patent validity and infringement because "prejudice may simply amount to unfair delay to the final disposition of the matter"); *Energy Intel. Grp., Inc. v. Plains All Am. Pipeline, L.P.*, 2012 WL 12893992, at *2 (C.D. Cal. July 30, 2012) (denying requested separation on copyright claim because it would "not guarantee a complete resolution of the conflict"). And under Defendants' proposal, while the hearing, trial, and post-trial motion practice is conducted, Plaintiffs' infringement claims over the *Fish Market* and *Pounder Dub Mix II* sound recordings sit idle. "[D]elay in a case's resolution amounts to prejudice" to Plaintiffs on its own (*Laitram Corp. v.*

---

[4] Defendants contend, with no cited authority, that "Identity or virtual identity [is] the standard for infringement in a selection-and-arrangement case." Wrong. "A selection and arrangement copyright is not always thin." *Sound & Color, LLC v. Smith*, 2025 WL 1232639, at *2 (9th Cir. Apr. 29, 2025) (citation omitted).

*Hewlett-Packard Co.*, 791 F. Supp. 113, 116 (E.D. La. 1992)); and Defendants' proposal will cause "significant delay in the litigation" (*see Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *7 (C.D. Cal. Apr. 20, 2017)) by locking Plaintiffs' infringement claims over the *Fish Market* and *Pounder Dub Mix II* sound recordings in purgatory.

Defendants' preferences for belatedly rewriting the scope of the originality and protectability phase, relitigating summary judgment and in doing so taking it out of the Court's hands in favor of some "special advisor," and conducting successive liability trials do not justify the actual prejudice that their proposal will cause Plaintiffs.

* * *

Ultimately, there is simply no necessity for Defendants' proposal. Originality and protectability is no more "at the heart of the case" or "dispositive" than any other element of Plaintiffs' copyright infringement claim, and Defendants' proposal "elides the likely inefficiencies and redundancies of the sort of sequential" process "they have proposed." *See Gregorini v. Apple, Inc.*, 2022 WL 4597419, at *4 (C.D. Cal. Aug. 26, 2022). It is improper, unnecessary and inefficient, and unduly prejudicial to Plaintiffs.

## II. DEFENDANTS' PROPOSAL

Defendants' motion for reconsideration or certification to the Ninth Circuit is currently *sub judice* (the "Motion"), and the Court has advised that deciding it would likely take several weeks. Proposing a schedule for the next phases of this case before the Court rules is wasteful, because any schedule may be affected by that decision and its reasoning. Defendants therefore asked Plaintiffs' counsel to stipulate to adjourn the submission of a proposed schedule until after the Court issues its decision on the Motion. Plaintiffs refused to so stipulate, insisting that scheduling proposals be submitted now.

To comply with the present date for the submission of a proposed scheduling plan, Defendants are submitting their proposal, which is subject to contingencies based on how the Court might rule. However, Defendants submit that the interests of all Parties and the Court would be furthered by the Court reserving any scheduling decision, pending its

determination of the Motion, and instead setting a hearing on case management after it rules on the Motion.

1. If the Court **grants** the Motion on reconsideration, **reverses its decision**, and dismisses the composition copyright infringement claims, then, the Parties should be ordered to further meet and confer on a schedule to address the sound recording claims that remain in the case by no later than 30 days following the issuance of the Court's decision and shall submit either a joint proposal or separate proposals no later than 15 days thereafter.

2. If the Court **grants** the Motion and **certifies a question for appeal**, then the case should be stayed pending the determination of the appeal. The Parties should then be ordered within 30 days after the appeal has been determined, depending on the decision of the Court of Appeals, to meet and confer on a schedule to address whatever claims remain in the case, compositional and/or sound recording claims, and shall submit either a joint proposal or separate proposals no later than 15 days thereafter.

3. If the Court **denies the Motion on any basis**, it should set a hearing before the Court with live witnesses at which the Parties may present evidence on whether Plaintiffs' claimed selection and arrangement subsists in a single copyright-registered Work. Defendants submit that this is not a jury issue but a gating issue for the Court. Defendants reserve the right to move under either FRCP 53 to appoint a Special Master, ideally an expert who can read and write music and transcribe from a recording of music, to advise the Court on whether such a single Work exists, or for the appointment of an advisor to the Court to aid the Court in determining the same. *See Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204 (9th Cir. 2004) (holding that "[w]hen outside technical expertise can be helpful to a district court, the court may appoint a technical advisor" who serves as "a tutor who aids the court in understanding the 'jargon and theory' relevant to the technical aspects of the evidence," and who may not supply new evidence or make findings of fact or conclusions of law); *see also A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002) (holding district court's use of a court-appointed technical advisor was proper in a copyright infringement action, where "[a]t no time did the technical advisor displace the district court's

judicial role" and the advisor "never unilaterally issued findings of fact or conclusions of law").

4. If, after such hearing, the Court determines that a single Work embodying Plaintiffs' claimed selection and arrangement exists as pleaded in the SCAC, ***the next phase should be a jury trial*** limited to whether Plaintiffs' claimed selection and arrangement consists of sufficiently numerous elements and is original and protectable under copyright law.

This proposal rests on four straightforward propositions.

- First, it has been long agreed that two threshold issues should be addressed at the outset: (1) by the Court, whether Plaintiffs' alleged "selection and arrangement" exists in any single Work at all as pleaded in the SCAC, and (2) if it does, by a jury, whether that selection and arrangement is sufficiently original to warrant copyright protection;

- Second, the Court's summary judgment Order resolved neither issue: it did not address the first issue, and as to the second, without deciding whether any selection and arrangement even existed, the Order held that originality and protectability were disputed by the experts and therefore remain for the trier of fact;

- Third, advancing the case beyond these two threshold issues would disregard the phased structure the Parties proposed and the Court adopted; and

- Fourth, going beyond these threshold issues before they are determined would require the Parties and the Court to expend what would likely be years of both expert and fact discovery, and would require experts to closely examine at least 1,800 separate works to determine whether each is identical or virtually identical to whatever Plaintiffs' alleged selection and arrangement is. Identity or virtual identity—the standard for infringement in a selection-and-arrangement case—can be addressed only once Plaintiffs' alleged selection and arrangement is actually identified, and is just one of many fact questions that would have to be reached in later phases if, and only if, Plaintiffs were found to have an existing and protectable selection and arrangement.

Other fact issues include access, laches, waiver, estoppel (given that Plaintiff Browne admitted at his deposition that he had been aware of reggaeton works supposedly using his now claimed drum pattern for years before his counsel undertook to register the works and file this case), and the statute of limitations, each requiring work-by-work and defendant-by-defendant analysis, plus the scope and timing of any damages proceedings.

The existing gating issue could be resolved by the Court within months (subject to the Court's availability), as discovery has been completed. If the Court finds no such Work exists, that would eliminate the compositional copyright claims entirely, and the Parties could then meet and confer as to the scheduling for a case limited to a sound recording copyright claim. If instead the Court determines that such a Work existed, it could, within months thereafter, convene a jury on the selection-and-arrangement gating question, as, again, discovery on that issue has been completed.

Completing this initial gating phase is warranted because the need to address these complex fact issues is conditioned on Plaintiffs first meeting their burden to establish ownership of a protectable selection and arrangement (which pulls musical elements from three works, and the law requires that the alleged selection and arrangement exists in a single work), rather than the Parties undertaking individualized analyses across the 160 defendants and 1,800 compositions at issue (not even including the sound recording claims, which require actual duplication of Plaintiffs' claimed sound recording copyrights).

### A. The Parties (and the Court) Have Agreed That Originality and Protectability Is a Threshold Issue

The Parties agreed that this consolidated action presents "common threshold questions, including whether the allegedly infringed Works (and/or portion(s) thereof) are original or otherwise protectable under copyright law." (Dkt. No. 142.) They stipulated to a phased plan so that this threshold question—which comprises the two subsidiary questions identified above—could be litigated first, before the case reached individualized issues such as access and identity or virtual identity.

Under that plan, the Parties agreed to conduct only limited fact and expert discovery and to file limited summary judgment motions "solely on these issues," with no other discovery or dispositive motions during that phase. (*Id.*) The Court adopted that structure in its Order Granting Stipulation Re: Case Administration, which limited the first phase to "whether Plaintiffs' claimed Works and/or portions thereof possess sufficient originality of authorship and are otherwise protectable under copyright law," and deferred "standing/chain-of-title, access, substantial similarity, affirmative defenses, and damages" to later phases. (Dkt. No. 143.)

**B. The Consequences of Proceeding Without First Resolving The Threshold Issue Cannot Be Overstated**

For the same reason that this case could proceed only in the phased manner the Parties and Court agreed upon, it cannot proceed now until the threshold issue is resolved, for at least two reasons.

First, Plaintiffs bear the burden of showing that what they claim to own actually exists in a single Work and, if so, that it is original and protectable; neither Defendants nor the Court should be forced to proceed if Plaintiffs cannot meet that burden.

Second, this is not an ordinary two-party dispute over a single alleged infringing work, nor a case involving unauthorized use of multiple works on a single service (like Napster). The operative pleading expanded this consolidated action to over 160 named defendants and over 1,800 compositions—more than 3,600 allegedly infringing works when each is broken into its component composition and sound recording.

The Parties adopted a phased structure precisely to avoid, unless and until necessary, the "evidence analyzing each work separately and comparing to Plaintiffs' claimed works" that individualized access and substantial similarity (identity or virtual identity given that this is now a "selection and arrangement" case) issues would require. (Dkt. No. 142.) Opening that discovery now, before the gating questions are answered, would put the cart before the horse, waste the resources of the Parties and the Court, and defeat the purpose of the phased plan.

Respectfully submitted,

Dated: August 21, 2026 By: */s/ Shamar Toms-Anthony*
Benjamin S. Akley
Donald S. Zakarin
Frank P. Scibilia
James G. Sammataro
Shamar Toms-Anthony
PRYOR CASHMAN LLP
*Attorneys for the Pryor Cashman-Represented Defendants*

Dated: August 21, 2026 By: */s/ Jean G. Vidal-Font*
Jean G. Vidal-Font, Esq.
FERRAIUOLI LLC
*Attorney for Defendants Vladimir Felix p/k/a DJ Blass & Camilo Echeverria p/k/a Camilo*

Dated: August 21, 2026 By: */s/ Richard C. Wolfe*
Mark B. Chassman, Esq.
Ana Vasquez, Esq.
CHASSMAN & SEELIG, LLP

Richard C. Wolfe, Esq.
WOLFE LAW MIAMI, P.A.
*Attorneys for Chassman & Seelig Represented Defendants*

Dated: August 21, 2026 By: */s/ David M. Given*
David M. Given, Esq.
Brian S. Conlon, Esq.
Robert Carroll III, Esq.
Nina C. Pouget, Esq.
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
*Attorneys for Defendants Empire Distribution, Inc. and William Sami Etienne Grigahcine p/k/a DJ Snake*

///
///

Dated: August 21, 2026 By: */s/ David W. Affeld*
David W. Affeld, Esq.
AFFELD ENGLAND & JOHNSON LLP
*Attorney for Defendants Cinq Music Group, LLC & Cinq Music Publishing*

Dated: August 21, 2026 By: */s/ Bradley J. Mullins*
Bradley J. Mullins, Esq.
Mark C. Humphrey, Esq.
MITCHELL SILBERBERG & KNUPP
*Attorneys for Defendants Aubrey Drake Graham & Sound 1.0 Catalogue LP, improperly named as OVO Sound LLC*

Dated: August 21, 2026 By: */s/ Douglas L. Johnson*
Neville L. Johnson, Esq.
Douglas L. Johnson, Esq.
JOHNSON & JOHNSON LLP
*Attorneys for Defendant Rich Music, Inc.*

Dated: August 21, 2026 By: */s/ Michael A. Trauben*
Michael A. Trauben, Esq.
Thomas K. Richards, Esq.
SINGH, SINGH & TRAUBEN
*Attorneys for Defendants Nelson Diaz Martinez and Jose Angel Lopez Martinez*

Dated: August 21, 2026 By: */s/ Kenneth D. Freundlich*
Kenneth D. Freundlich, Esq.
Jonah A. Grossbardt, Esq.
FREUNDLICH LAW
*Attorneys for Defendants Benito Antonio Martinez Ocasio p/k/a Bad Bunny and Rimas Music, LLC*

Dated: August 21, 2026 By: */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Scott Alan Burroughs, Esq.
Benjamin F. Tookey, Esq.
DONIGER / BURROUGHS

///

Garth A. Clarke
LAW OFFICES OF GARTH CLARKE

*Attorneys for Plaintiffs*

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.