Kenneth D. Freundlich (SBN 119806)
Jonah A. Grossbardt (SBN 283584)
Hugh H. Rosenberg (SBN 360544)
FREUNDLICH LAW, APC
16133 Ventura Boulevard, Suite 645
Encino, CA 91436
P: (310) 275-5350
F: (310) 275-5351
E-Mail: ken@freundlichlaw.com
jonah@freundlichlaw.com

Attorneys for Defendants RIMAS ENTERTAINMENT, LLC erroneously sued as RIMAS MUSIC, LLC and BENITO ANTONIO MARTINEZ OCASIO P/K/A BAD BUNNY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CLEVELAND CONSTANTINE BROWNE, an individual, et al.

Plaintiffs,

v.

RODNEY SEBASTIAN CLARK DONALDS, an individual, et al.,

Defendants.

**CASE NO. 2:21-cv-02840-AB-AJR**

***Assigned To: Hon. Andre Birotte Jr.***

**RIMAS DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR CLARIFICATION [ECF NO. 867]**

**Date:** **October 23, 2026**
**Time:** **10:00 a.m.**
**Courtroom:** **7B, 7th Floor**

## Table of Contents

**I. Preliminary Statement** ........ 4

**II. Legal Standard** ........ 5

**III. Argument** ........ 5

**A. The Motion Is Procedurally Barred Because It Repeats Arguments the Court Already Considered and Rejected.** ........ 5

**B. Even on the Merits, Plaintiffs Misapprehend the Order, Which Turned on a Threshold Question of Law.** ........ 8

**i. The deposit copy does not cure the identification defect.** ........ 8

**ii. “Law of the case” does not bar reconsideration.** ........ 10

**iii. Plaintiffs’ expert submissions confirm, rather than cure, the defect.** ........ 10

**iv. Plaintiffs' fallback, that Fish Market "indisputably" contains the combination, fails.** ........ 12

**v. Whether Plaintiffs’ “combined works” is the merits question the Court already decided.** ........ 13

**vi. Defense counsel's description of Plaintiffs' claim was not a concession that the combination exists in Fish Market.** ........ 14

**vii. Identifying the work is not a “jury question”.** ........ 15

**C. The Alternative Request for “Clarification” Is Reconsideration Relabeled.** ........ 15

**IV. Conclusion** ........ 16

# TABLE OF AUTHORITIES

**Cases**

*Arizona v. California*, 460 U.S. 605 (1983) ......10

*Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035 (9th Cir. 2018)......10

*Browne v. Clark*, 2026 WL 2243201 (C.D. Cal. July 1, 2026) ......7

*Browne v. Donalds*, 2024 WL 3468898 (C.D. Cal. May 28, 2024) ......12

*Carney v. Adams*, 592 U.S. 53 (2020)......16

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001)......10

*DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015)......14

*Emsurgcare v. Hager*, 2024 WL 4403380 (C.D. Cal. Sep. 23, 2024)......16

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ......9

*Hanagami v. Epic Games, Inc.*, 85 F.4th 931 (9th Cir. 2023)......15

*Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877 (9th Cir. 2000)......4, 5

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873 (9th Cir. 2009)......5

*Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581 (D. Ariz. 2003) ......14

*Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004) ......9

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968 (C.D. Cal. 2004)......6

*Skidmore as Tr. For Randy Craig Wolfe Tr. V. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020)......9, 11, 13

*VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871 (9th Cir. 2016)......9

*Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018)......9, 15

**Statutes**

17 U.S.C. § 106 ......14

17 U.S.C. § 114(b)......9

**Rules**

Fed. R. Civ. P. 12(b)(6) ......10

Fed. R. Civ. P. 54(b)......10

C.D. Cal. L.R. 7-18......*passim*

## I. <u>Preliminary Statement</u>

Plaintiffs ask the Court to reconsider its reconsideration, yet across twenty-five pages they never do the one thing the Order required: identify the single copyrighted work that embodies the selection and arrangement they claim to own. Dkt. No. 866 (the "Recons. Order"). That failure is why the Court granted reconsideration, and nothing in the motion cures it. Plaintiffs identify no newly discovered evidence, no change in controlling law, and no material fact the Court overlooked which are the only grounds Local Rule 7-18 allows. They instead recycle the arguments the Court already weighed and rejected: that the deposit copy "controls," that the 2024 pleading ruling is law of the case, that the experts "confirmed" the combination, and that identifying the work is a "classic jury question."

Plaintiffs do not hide the repetition. They describe these as arguments "briefed extensively and directly addressed at the oral arguments," Mot. at 4, and fault Defendants for having "thrice made" the deposit-copy argument, Mot. at 10. An argument made and answered three times is one the Court has already considered, not a fact it overlooked. Reconsideration is "an extraordinary remedy, to be used sparingly," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), and Rule 7-18 forbids a motion that "in any manner repeat[s] any oral or written argument made in support of, or in opposition to, the original motion," C.D. Cal. L.R. 7-18. Because Plaintiffs neither identify a qualifying ground nor engage the Order's actual holding, the motion should be denied.

Equally important, the motion should be denied because the claimed selection and arrangement exists in no single work Plaintiffs own. It is not in Fish Market: as Plaintiff Browne admitted under oath, the two-bar timbale figure at the heart of the claimed combination is "a composite of two bars not connected in 'Fish Market,'" drawn from Bar 1 and Bar 22, some twenty-one bars apart. Browne Dep. (Dkt. 706-13), quoted at Aug. 14, 2026 Hr'g Tr. at 10. It is not in Pounder (Dub

Mix II), which Plaintiffs own only as a sound recording and which omits the tambourine, one of the seven elements they claim. And it is not in Dem Bow. Having failed to identify that single work in the years of litigation and across this twenty-five page motion, Plaintiffs cannot manufacture one now.

## II. Legal Standard

Local Rule 7-18 permits reconsideration only on one of three grounds: “(a) a material difference in fact or law … that, in the exercise of reasonable diligence, could not have been known … at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.” C.D. Cal. L.R. 7-18. The Rule also bars a motion that “in any manner repeat[s] any oral or written argument made in support of, or in opposition to, the original motion.” *Id.* Reconsideration is thus "an extraordinary remedy, to be used sparingly," *Kona Enters.,* 229 F.3d at 890*,* and "may not be used to reargue the motion," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Above all, a movant "must show more than a disagreement with the Court's decision, and recapitulation of that which was already considered." Recons. Order at 4.

## III. Argument

### A. The Motion Is Procedurally Barred Because It Repeats Arguments the Court Already Considered and Rejected.

Local Rule 7-18 bars repeating prior argument, and Plaintiffs’ motion is built entirely from arguments already before the Court. Plaintiffs do not dispute this. They describe their motion as concerning arguments briefed extensively and directly addressed at the oral arguments for the summary judgment motion. Mot. at 4. Each point repeats what the Court already heard:

1. The deposit copy "controls" and sets the contours of the work at issue, Mot. § III.A, an argument Plaintiffs say they “argued then, without any

competent response," at the December 2025 hearing, Mot. at 7, and that Defendants "thrice made and now prevailed on," Mot. at 10;

2. Law of the case, Mot § III.B, resting on the 2024 pleading ruling, and already litigated at summary judgment. Mot. at 11;
3. The pleadings and experts "confirmed the Fish Market elemental combination," Mot. §§ III.C–D, the same reports and testimony from the summary judgment briefing and December 2025 oral arguments." Mot. at 16;
4. "Defense counsel conceded their knowledge of the combination," Mot § III.F, quoting the December 2025 hearing transcript. Mot. at 23; and
5. Identifying the combination "presents a classic jury question," Mot. § III.G, the same originality-goes-to-the-jury theory Plaintiffs advanced in their summary judgment opposition and repeated at the August 14 hearing, Aug. 14, 2026 Hr'g Tr. at 21.

These are not grounds for reconsideration. A movant who identifies no new fact or law but simply disagrees with the Court's reasoning states no ground for relief: "a motion for reconsideration may not be made on the grounds that a party disagrees with the Court's application of legal precedent." *Pegasus Satellite Television, Inc. v. DirecTV, Inc.*, 318 F. Supp. 2d 968, 981 (C.D. Cal. 2004). Reconsideration "is not the place to 'do-over' things that should have been done better in the original briefing." Recons. Order at 4. A party that disagrees may raise it on appeal; it may not re-present the same arguments the Court has already rejected. Plaintiffs' refrain that Defendants themselves obtained reconsideration "on no new evidence or change in the law," Mot. at 6, does not help them: that line is Plaintiffs' criticism of the Court, not the governing standard, and it cuts against them. Defendants invoked Local Rule 7-18(c) to correct a specific legal error the Court had left unresolved which is the antecedent question of whether any single

copyrighted work embodies the claimed selection and arrangement, while Plaintiffs identify no overlooked fact and no error of law, and simply disagree with the result.

Plaintiffs' reliance on Rule 7-18(c) fails on its own terms. That subpart reaches only "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." C.D. Cal. L.R. 7-18. Every fact Plaintiffs now recite was before the Court, and the Court considered each:

*First, SCAC ¶ 180 and the two-bar transcription at ¶ 188.* The Order quotes Paragraph 180's list of elements and reproduces the Paragraph 188 transcription under the heading "Fish Market." Recons. Order at 7.

*Second, the Ashbourne-Firman transcription (Dkt. 743-1, 743-2).* It was part of the summary judgment record, and the Court's summary judgment Order expressly credited Ashbourne-Firman's use of "transcriptions and audio recordings to isolate instrumental components and analyze the Fish Market Elements." *Browne v. Clark*, 2026 WL 2243201, at *11 (C.D. Cal. July 1, 2026); *see* Recons. Order at 1 (assuming familiarity with that record).

*Third, the Browne Declaration (Dkt. 750).* Browne's description of the elements, and his time markers for where the timbale figure occurs, were in the same summary judgment record the Court reconsidered.

*Fourth, the interrogatory response (Dkt. 790-10).* Plaintiffs attached it to their summary judgment briefing and rely on it again now. Mot. at 18.

*Fifth, the December 19, 2025 hearing transcript (Dkt. 839).* The Order cites it directly, including at 57:8-61:21 and 28:21-31:12. Recons. Order at 8.

*Sixth, the Fish Market deposit copy (Ex. 1 to Pls.' MSJ, Dkt. 750-1).* Plaintiffs submitted the deposit copy with their summary judgment motion and pressed its supposedly controlling effect at the December 2025 hearing. The deposit copy was therefore squarely before the Court. Plaintiffs' assertion that the Order "does not address" it (Mot. § III.A) is not a failure to consider; the Court had the

argument and did not adopt it, which is a disagreement with the outcome that Rule 7-18 does not reach.

The Court did not overlook any of this. It weighed the entire record and reached the legal conclusion that none of these materials identifies a single copyrighted work embodying the *complete* claimed selection and arrangement. Recons. Order at 8-10. Re-presenting the same materials is not a Rule 7-18(c) ground, because "recapitulation of that which was already considered" is the opposite of a failure to consider. Recons. Order at 4.

**B. Even on the Merits, Plaintiffs Misapprehend the Order, Which Turned on a Threshold Question of Law.**

The merits arguments also fail. They attack a holding the Court never made and ignore the one it did. The Court did **not** hold that Defendants lacked notice of the asserted elements, that the Fish Market Elements are unoriginal, or that a protectable arrangement must be a continuous two-bar phrase. It expressly declined to decide each of those questions. Recons. Order at 9–10. What the Court held is narrow and antecedent: Plaintiffs "have failed to identify the copyrighted work embodying the specific selection and arrangement they seek to enforce," and "[w]ithout first identifying that work, the Court cannot determine the scope of the claimed copyright or meaningfully conduct the protectability and infringement analyses required by the Copyright Act." Recons. Order at 10. That defect "is one of law" and cannot "depend upon whichever combination of musical elements a jury ultimately finds persuasive," because "the scope of the claimed work cannot remain fluid throughout litigation." Recons. Order at 9. Each of Plaintiffs' merits points misses that holding.

**i. The deposit copy does not cure the identification defect.**

Plaintiffs argue that the Fish Market deposit copy “provides notice” of the work at issue. Mot. § III.A. But the Order did not turn on notice. It turned on which copyrighted work embodies the complete claimed combination. The deposit-copy

rule Plaintiffs invoke presupposes an identified work. It fixes the *scope* of a copyright; not *which* of Plaintiffs' several works, if any (the Fish Market composition, the Fish Market sound recording, the Dem Bow composition, or the Pounder (Dub Mix II) sound recording) contains the *complete* asserted selection and arrangement. Recons. Order at 7.

Indeed, the Court grounded its ruling in the very authority Plaintiffs invoke. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) holds that a plaintiff "cannot 'reconstitut[e] the copyrighted work as a combination of unprotectable elements' and then claim that those elements are substantially similar because they appear in an accused work." Recons. Order at 5. Selection-and-arrangement copyright protects "the particular way in which the artistic elements form a coherent pattern, synthesis, or design," *id.*; *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 358 (1991)) , not an aggregation assembled after the fact. Pointing to a recording does not supply the missing identification.

Worse for Plaintiffs, the only work that arguably contains the claimed two-bar timbale loop is Pounder which Plaintiffs own solely as a sound recording and which omits the tambourine, one of the seven elements Plaintiffs claim. Recons. Order at 7; Aug. 14, 2026 Hr'g Tr. at 12. Plaintiffs' counsel conceded at the hearing that the portion of the claimed arrangement coming from Pounder is "[o]nly the sound recording." Aug. 14, 2026 Hr'g Tr. at 8. A sound-recording copyright does not protect the underlying musical composition; it protects only against duplication of the actual recorded sounds. *Newton v. Diamond*, 388 F.3d 1189, 1193–94 (9th Cir. 2004); *VMG Salsoul, LLC v. Ciccone*, 824 F.3d 871, 880–81 (9th Cir. 2016); 17 U.S.C. § 114(b). Plaintiffs thus cannot borrow the one element unique to Pounder to complete a compositional selection and arrangement that exists in none of the compositions they own. Neither the deposit-copy rule nor *Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018), supplies what is missing. Both presuppose a single,

identified work and ask only what it contains; neither tells the Court *which* of Plaintiffs' works embodies the claimed arrangement in the first place. And Finell's testimony marking where the elements "begin" on the recording (Mot. at 8) shows only where sounds start; not a single owned composition in which the complete selection and arrangement is fixed.

**ii. <u>"Law of the case" does not bar reconsideration</u>.**

Plaintiffs contend the Court's 2024 Rule 12(b)(6) ruling fixed Fish Market as the work embodying the arrangement and became law of the case. Mot. § III.B. Two principles defeat that. First, a plausibility ruling does not bind the Court at summary judgment, where a different standard governs. The law-of-the-case doctrine "does not bar a court from reconsidering its own orders before judgment is entered or the court is otherwise divested of jurisdiction over the order," nor does it "preclude a court from reassessing its own legal rulings in the same case." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042–43 (9th Cir. 2018). The 2024 order held only that Plaintiffs had *plausibly alleged* a protectable combination, not that, on a full summary-judgment record, they had identified the single work embodying it. Second, law of the case is a discretionary doctrine, not a limit on the court's power. *Arizona v. California*, 460 U.S. 605, 618 (1983). A district court retains the inherent power to reconsider, rescind, or modify an interlocutory order, which under Federal Rule of Civil Procedure 54(b) may be "revised at any time before the entry of judgment." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001). That is the power the Court exercised on reconsideration, and the same principle forecloses Plaintiffs' contention that the 2024 ruling locked the issue in.

**iii. <u>Plaintiffs' expert submissions confirm, rather than cure, the defect.</u>**

Plaintiffs cite the operative complaint, the Ashbourne-Firman transcription, and both sides' expert reports to show the parties treated "Fish Market" as central.

Mot. §§ III.C–D. The Court did not doubt that Plaintiffs described a combination or that the experts analyzed Fish Market; it assumed both. Recons. Order at 7. The defect is different; the record does not establish that the complete selection and arrangement Plaintiffs seek to protect exists in any one of those copyrighted works, because as the Court put it Plaintiffs "have repeatedly described the asserted protected expression by reference to multiple works collectively as the Claimed Works." Recons. Order at 8.

Plaintiffs' own submissions make the point. Their motion concedes that the seven elements appear together in Fish Market "repeatedly, though not continuously." Mot. at 21. And Browne testified under oath that the two-bar timbale figure charted at Paragraph 188 is "a composite of two bars not connected in 'Fish Market'", "the first bar is taken from Bar 1" and the "second bar from Bar 22," some twenty-one bars apart. Browne Dep. (Dkt. 706-13), quoted at Aug. 14, 2026 Hr'g Tr. at 10. That is precisely the after-the-fact reconstruction *Skidmore, supra* forbids: "a plaintiff cannot establish a selection and arrangement copyright merely by identifying individual elements that appear in different places and then aggregating those elements into a purported combination." Recons. Order at 5. The Court also noted that only "at the August 14, 2026 hearing" did Plaintiffs "for the first time more definitively represent[]" that the complete two-bar pattern exists in Fish Market, a shift that "underscore[s] that the parties … have disputed what the asserted copyrighted work actually is." Recons. Order at 8. Plaintiffs protest that they named Fish Market well before August 14. Even granting that, it misses the Court's point: what changed was not whether Fish Market was mentioned, but whether the *complete* two-bar combination was said to reside there rather than being pieced together through Dem Bow and Pounder. The Order faulted that shift in the claimed work, not the first utterance of the title. Recons. Order at 8.

Plaintiffs' own expert underscores the same difficulty. In his summary judgment declaration, Ashbourne-Firman transcribed Fish Market, Dem Bow, and

Pounder Dub Mix II separately and he located the claimed timbale figure by reference to all three. Decl. of Peter Ashbourne-Firman in Supp. of Pls.' Mot. for Summ. Adjudication ("Ashbourne-Firman Decl.") ¶ ¶ 7-11 & Ex. 1, ECF No. 743. He acknowledged that "the entirety of the timbale pattern in Fish Market is not the same as the entirety of the timbale pattern in Pounder Dub Mix II," and offered his originality opinion "notwithstanding the lack of total congruence between the entirety of the timbale patterns in Fish Market and Pounder Dub Mix II (since the relevant portions of the timbale pattern is captured across the three works)." Id. ¶ 11.

That is the very difficulty the Order identified: locating "the relevant portions" across three works mirrors the Court's finding that Plaintiffs described the protected expression by reference to the Claimed Works collectively, not by identifying a single work containing the complete combination. Recons. Order at 8. It also cannot be reconciled with Plaintiffs' new insistence that the complete, consecutive two-bar pattern resides in Fish Market alone: on the expert's own account, the Fish Market and Pounder timbale patterns are "not the same," and Pounder's looping figure is a "quantized (and thus simplified) recreation of portions of the timbale pattern." Ashbourne-Firman Decl. ¶ 10.

**iv. <u>Plaintiffs' fallback, that Fish Market "indisputably" contains the combination, fails.</u>**

Plaintiffs' fallback is that even if the two-bar transcription is wrong, Fish Market "indisputably" contains all seven elements concurrently, with only a "slightly different two-bar timbale pattern," and that the Court "already found" that combination original. Mot. at 5–6. The argument fails three times over.

First, the Court found nothing original at the pleading stage. It held only that Plaintiffs had *plausibly alleged* a protectable combination. *Browne v. Donalds*, 2024 WL 3468898, at *20–21 (C.D. Cal. May 28, 2024). And the Reconsideration

Order expressly declined to decide originality. Recons. Order at 9–10. There is no prior finding of originality to reinstate.

Second, the SCAC, Browne's declaration, and the Ashbourne-Firman transcription all define the claimed timbale element as a *specific* two-bar figure; the one charted at Paragraph 188. See Dkt. 750, ¶ 11 (Browne describing the "relevant portion of the timbale pattern" as a defined two-measure figure). Substituting "whatever Fish Market actually contains" for that defined figure is a new definition of the claimed work, offered for the first time on a motion to reconsider a reconsideration. That is precisely the fluidity the Order condemned: "the scope of the claimed work [cannot] remain fluid throughout litigation." Recons. Order at 9.

Finally, the fallback contradicts Plaintiffs' own record. Their motion asserts that the two relevant bars are "next to each other" in Fish Market and that "no expert has ever testified otherwise," Mot. at 5; yet Browne testified they are "not connected" at all, drawn from Bar 1 and Bar 22 (supra § II.B.iii). The motion likewise calls the combination "contiguous" and says it "plays throughout" Fish Market, Mot. at 16, while conceding five pages later that it appears only "repeatedly, though not continuously," Mot. at 21. A claimed work whose contours shift from page to page within a single brief is the antithesis of the identified, fixed work the Copyright Act requires. Recons. Order at 8–10.

**v. <u>Whether Plaintiffs' "combined works" is the merits question the Court already decided.</u>**

Plaintiffs argue that all elements exist together in Fish Market and were not stitched from separate works. Mot. § III.E. That is the question the Court decided against them as a matter of law. Under *Skidmore*, a plaintiff may not "take elements from a single work, isolate them from their original context, and rearrange or reconstitute them into a new combination that becomes the claimed selection and arrangement." Recons. Order at 9. The record forecloses Plaintiffs' contrary assertion. Plaintiffs' own counsel acknowledged at the hearing that the looping

timbale figure is not in Fish Market. Asked "[i]s that looping timbale in 'Fish Market'?," counsel answered: "It's not. It's not." Aug. 14, 2026 Hr'g Tr. at 26. Re-arguing that the combination nonetheless exists as pleaded is not a ground for reconsideration; it is a request to relitigate. *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003).

Plaintiffs' related contentions get the analysis backwards. They argue that the "other works must be found original as they were not challenged," Mot. at 22, and that the bifurcation stipulation's reference to "works and/or portions thereof" resolves the problem, Mot. at 17 n.1. But Plaintiffs moved for summary judgment on the *combination*, defined the Claimed Works collectively, and named that combination the "Dem Bow Riddim" in their own motion. Dkt. 742 at 3. The plural in the stipulation is the difficulty, not the answer: it does not tell the Court *which* work and *which* portion embodies the claimed selection and arrangement. Recons. Order at 8. Plaintiffs' own authority confirms the point. *DC Comics v. Towle* holds that copying a derivative work "infringes the original copyright owner's copyright in the underlying work *to the extent* the unauthorized copy of the derivative work also copies the underlying work." 802 F.3d 1012, 1023 (9th Cir. 2015); *see* 17 U.S.C. § 106(2). That "to the extent" limitation presupposes an identified underlying work whose protected scope is fixed, the very thing Plaintiffs have not supplied.

**vi. <u>Defense counsel's description of Plaintiffs' claim was not a concession that the combination exists in Fish Market.</u>**

Plaintiffs contend (Mot. § III.F) that defense counsel "conceded their knowledge of the combination at issue." Counsel did no such thing. Describing what Plaintiffs *claim* is not conceding that the claim is true. When counsel stated that Plaintiffs "own seven instrument sounds playing these exact patterns over a two-measure contiguous portion of a song," Dec. 19, 2025 Hr'g Tr. at 35, he was characterizing Plaintiffs' pleaded theory, the theory the record later showed the two-

measure figure does not bear out. A lawyer's summary of the opposing claim is an aid to the Court, not an admission of the claim's merit. If anything, counsel's other statements are Defendants' facts, not Plaintiffs': counsel explained, without contradiction, that "Pounder doesn't include the tambourine" and that "the timbale part in Pounder is looped." Dec. 19, 2025 Hr'g Tr. at 37–38. Those are the very features that keep the complete combination out of any single work Plaintiffs own.

**vii. <u>Identifying the work is not a "jury question".</u>**

Plaintiffs say "[d]etermining the specific elemental combination at issue presents a classic jury question." Mot. § III.G. The Order holds otherwise, and Plaintiffs pressed, and the Court rejected, this exact argument at the August 14 hearing, where their counsel agreed the jury should "decide what is a work" and called it "a classic dispute of fact, not law." Aug. 14, 2026 Hr'g Tr. at 21. A jury may resolve disputed facts about a work's contents, but "those factual determinations presuppose an identified copyrighted work," and "[t]he jury cannot determine which collection of elements, drawn from one or multiple works and rearranged, constitutes the copyrighted work in the first place." Recons. Order at 9. To hold otherwise "would invert the copyright analysis by allowing the factfinder to define the subject matter of the copyright before determining whether that subject matter is protected." Recons. Order at 9. Plaintiffs' reliance on *Williams v. Gaye* and *Hanagami v. Epic Games, Inc.* changes nothing: both presuppose an identified work and address how a factfinder evaluates that work's contents, not the antecedent legal question of which work defines the copyright. *See Gaye*, 895 F.3d at 1124–26; *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 943 (9th Cir. 2023). Disagreeing with that allocation of roles is not a basis for reconsideration.

**C. <u>The Alternative Request for "Clarification" Is Reconsideration Relabeled.</u>**

Plaintiffs' fallback asks the Court to clarify that the Claimed Works present a triable issue of fact as to originality. Mot. at 25. That is not clarification; it is the

same relief the Order denied. The Order already held that Plaintiffs cannot reach originality until they identify the copyrighted work embodying the claimed arrangement. Recons. Order at 10. Nor is the Order unclear: Plaintiffs "cannot, as a matter of law, proceed on the theory presently pleaded." Recons. Order at 10. Plaintiffs' own papers concede they will identify "at some point in the future … which portions they contend have been infringed." Aug. 14, 2026 Hr'g Tr. at 11. That is exactly the fluid, work-in-progress definition of the asserted work that the Order forbids: "the scope of the claimed work [cannot] remain fluid throughout litigation." Recons. Order at 9. Relabeling a motion to reverse that holding as a motion to "clarify" it does not make it proper. This Court has already rejected the same maneuver: it denied a Rule 7-18 motion styled as one for "reconsideration or clarification," explaining that a request for "clarification" cannot be used to extract relief the court would not otherwise give and that federal courts "do not render advisory opinions." *Emsurgcare v. Hager*, 2024 WL 4403880, at *3 (C.D. Cal. Sept. 23, 2024) (Birotte, J.); *see also Carney v. Adams*, 592 U.S. 53 (2020) (Article III limits the federal judicial power to actual cases and controversies).

## IV. <u>Conclusion</u>

The motion fails twice over. On the merits, Plaintiffs still have not identified the single copyrighted work that embodies their claimed selection and arrangement, the antecedent question the Order resolved as a matter of law, and the question the motion never answers. Procedurally, Plaintiffs identify no new evidence, no change

in controlling law, and no fact the Court overlooked; they simply reargue what the Court already considered and rejected. Either defect defeats the motion; together they leave nothing to reconsider. The Court should deny the motion in its entirety.

Dated: October 2, 2026

FREUNDLICH LAW

BY:/s/ Kenneth D. Freundlich
Kenneth D. Freundlich
Jonah A. Grossbardt
Hugh H. Rosenberg
Attorneys for Defendants
RIMAS ENTERTAINMENT LLC
erroneously sued as RIMAS MUSIC, LLC
and BENITO ANTONIO MARTINEZ
OCASIO P/K/A BAD BUNNY

The undersigned counsel of record for Defendants RIMAS ENTERTAINMENT LLC erroneously sued as RIMAS MUSIC, LLC and BENITO ANTONIO MARTINEZ OCASIO P/K/A BAD BUNNY, certifies that this brief contains 14 pages, which complies with Judge Birotte's Local rule.

Dated: October 2, 2026 By: */s/ Kenneth D. Freundlich*
Kenneth D. Freundlich